UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 4:14-CR-023-Y (1) |
| | § | |
| CHRISTOPHER ROBERT WEAST | § | |

**MOTION FOR RECONSIDERATION OF DETENTION ORDER**

COMES NOW the defendant, CHRISTOPHER ROBERT WEAST, by and through his attorney, Angela R. Saad, Assistant Federal Public Defender, who respectfully requests the court to reconsider its order of detention entered March 3, 2014 detaining Mr. Weast following the detention hearing.

This motion is based on new information and asserts there are clear and exceptional reasons why his detention is not appropriate under 18 U.S.C. § 3145. Mr. Weast has been in custody since February 21, 2014, charged with possession of a visual depiction of a minor engaged in sexually explicit conduct. Mr. Weast respectfully requests the court reconsider the detention order entered March 3, 2014.

**I.    BACKGROUND**

On March 3, 2014, a detention hearing occurred before the Honorable Jeffrey L. Cureton. The Court proceeded with the hearing with the understanding the presumption applies. The Government called Federal Bureau of Investigation Special Agent Womble. The Defense then called two witnesses, Melanie Weast and Prentice Mayhall.

1

The Court issued a detention order on March 3, 2014. The Court held that there is a serious risk that the defendant will not appear and there is a serious risk that the defendant will endanger the safety of another person or the community. The Court included a statement of reasons that states:

> The nature and circumstances of the instant offense and the nature and seriousness of the danger to the community along with extraneous conduct described at the hearing and some criminal history make him a risk of flight or nonappearance and danger to the community unless detained.

The Court relied on the fact that Mr. Weast is facing an offense with a statutory maximum of twenty years and that a presumption applies. However, this is not the case. Because Mr. Weast's conduct occurred in 2012, the statutory maximum of ten years applies. Lastly, the rebuttable presumption does not apply in this case.

Based on this new information, Mr. Weast respectfully requests a review of the detention order and a hearing on this matter.

## II.     ARGUMENT

Pursuant to the Bail Reform Act, the Court must determine whether there are "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." Mr. Weast asserts there are conditions of release that can be set that will assure his appearance in court and the safety of the community.

The presumption and the twenty year mandatory minimum in this case does not apply. Pursuant to 18 U.S.C. § 3142(f)(1)(E), a judicial officer shall hold a detention hearing upon a motion from the government when "any felony not otherwise a crime of violence that involves a minor victim." This does not trigger the presumption. Only when a person has 1) criminal history that qualifies under 18 U.S.C. § 3142(e)(2) or 2) there is probable cause that the defendant committed the listed offenses. 18 U.S.C. § 3142(e)(3). In this case, Mr. Weast was indicted under 18 U.S.C.

2252(a)(4) which is not listed under 18 U.S.C. § 3142(e)(3). Therefore, the presumption does not apply. Lastly, based on the date the offense is alleged to have occurred in 2012, there is only a ten year statutory maximum in this case.

The defendant presented credible evidence showing defendant is not a flight risk or a danger to the community. Evidence was provided by Mr. Weast through the cross examination of Agent Womble, and direct examination of Melanie Weast and Prentice Mayhall. The evidence from these witnesses confirmed that Mr. Weast has been on release since July 10, 2012. During the last nineteen months, he reported to his bail officer, did not flee the jurisdiction, and maintained his ties to the community. Under the Bail Reform Act, there must be a preponderance of evidence supporting the finding that Mr. Weast presents a risk of nonappearance. 18 U.S.C. § 3142(f). Given the new information before the Court, Mr. Weast requests a new detention hearing.

The Court held Mr. Weast presented a danger to a person or the community. This standard requires clear and convincing evidence that Mr. Weast actually poses a danger, not that defendant in theory poses a danger. 18 U.S.C. § 3142(f); *United States v. Fortna,* 769 F.2d 243 (5th Cir. 1985); *United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991). Without proof of future dangerousness, general allegations of dangerousness and presumption are insufficient to support a finding of dangerousness. *United States v. Jackson*, 845 F.2d 1262 (5th Cir. 1988); *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986). With the understanding that a rebuttable presumption and twenty year maximum applied, the Court relied on hearsay testimony from the Agent and Mr. Weast's criminal history from 1992 to find Mr. Weast was a danger to the community. Given the new information before the Court, defense counsel requests a new detention hearing.

In review of this motion, defense counsel respectfully urges the Court consider alternatives to incarceration including but not limited to home confinement, electronic monitoring, refraining use of all electronic devices, curfew, and employment. In setting conditions of release, the Court need not guarantee the safety or presence of the defendant, but need only reasonably assure both factors. *United States v. Fortna*, 769 F.2d 243(5th Cir. 1985). Accordingly, Mr. Weast requests he be released in subject to conditions.

WHEREFORE, Mr. Weast respectfully requests the Court set a hearing pursuant to 18 U.S.C. § 3143 to determine if there are any conditions that can be set which would allow the Mr. Weast to be released from custody.

Respectfully submitted,

JASON HAWKINS
Federal Public Defender


BY: s/Angela Saad
Angela R. Saad
Assistant Federal Public Defender
TX State Bar No. 24059016
819 Taylor Street, Room 9A10
Fort Worth, TX  76102-4612
817/978-2753

## CERTIFICATE OF CONFERENCE

I, hereby certify that I, Angela Saad, was unable to confer with Aisha Saleem, the Assistant United States Attorney assigned to this matter, to ascertain her position on this motion.

                                                  s/Angela Saad
                                                  Angela Saad

## CERTIFICATE OF SERVICE

I, Angela Saad, hereby certify that on March 27, 2014, a copy of the foregoing motion was delivered to the United States Attorney's office at 801 Cherry St., Suite 1700, Fort Worth, Texas 76102.

                                                  s/Angela Saad
                                                  Angela Saad