IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 4:14-CR-023-Y <br> ECF |
| CHRISTOPHER ROBERT WEAST (01) | |

GOVERNMENT'S RESPONSE TO WEAST'S MOTION
FOR RECONSIDERATION OF DETENTION ORDER
(Relates to Motion Referred to Magistrate Judge Cureton)

TO THE HONORABLE JEFFREY L. CURETON, UNITED STATES MAGISTRATE JUDGE:

The United States, acting by and through the undersigned Assistant United States Attorney for the Northern District of Texas, hereby submits this response to Weast's Motion for Reconsideration of Detention Order:

The government opposes Weast's request for release and submits no further hearing on detention is necessary. This Court properly found Weast is a danger to the community and a flight risk, and there is no evidence to suggest that this Court thought Weast faced a statutory maximum penalty of 20 years, or that such increase of penalty would trigger a rebuttable presumption.

**Summary of Relevant Facts**

Christopher Robert Weast was indicted on February 12, 2014, and arrested on February 21, 2014. On March 3, 2014, this Court held a detention hearing.

At the hearing, FBI Special Agent Matthew Womble testified about a file-sharing investigation conducted by Fort Worth Police Officer Randy Watkins. During the course of his investigation, Watkins downloaded images of child pornography and, after identifying the location of the computer that was sharing the images, Watkins obtained a search warrant for Weast's home. Watkins spoke briefly to Weast's mother, who said that Weast had computers in his room, which others did not use. Weast refused to speak to Watkins.

SA Womble also testified that a forensic analysis of an external hard drive found in Weast's bedroom revealed a number of images and videos of child pornography. The hard drive also contained disturbing videos of a relative of Weast's, who lives with Weast's family. SA Womble testified that he spoke with this relative and Weast's mother after Weast was arrested. He described the relative as visibly distressed, crying, and saying that she wanted Weast out of the house. That individual also provided further information about several other minor females who had uncomfortable experiences with Weast, some of which Womble described during the hearing.

**Argument and Authority**

A detention hearing may be reopened any time prior to trial if the judicial officer finds (1) that information exists that was not known to the movant at the time of the hearing, and (2) that information has a material bearing on the issue of whether

conditions of release exist that will reasonably assure the appearance of the defendant and the safety of any other person and the community.[1]

Weast's motion fails to assert any new or material facts warranting re-consideration of detention.

1. **Lack of new information**

Weast asserts that the Court incorrectly assumed he faced a 20-year maximum punishment and thus wrongly relied on the existence of a rebuttable presumption to detain. The evidence supports no such allegation.

First, the government's motion to detain expressly stated that it would not rely on a rebuttable presumption, and the government did not ask for detention based on the existence of a rebuttable presumption.[2]

Second, the Court's written Findings of Fact indicates that the Court did *not* rely on a rebuttable presumption. Rather than entering a finding that Weast had failed to rebut a presumption of detention; the Court relied on "Alternative Findings" to support the need to detain, which were then articulated in the Court's written statement of reasons for detention.[3]

---

[1] 18 U.S.C. § 3142(f); *see also*, *United States v. Simpson*, 408 Fed.Appx. 830, 831 (5th Cir. 2011) (unpublished opinion, attached as Exhibit 1).
[2] Gov't Motion for Pretrial Detention, ECF No.8.
[3] Order of Detention, ECF No.18.

**Response to Motion for Reconsideration of Detention - Page 3**

The Court's written findings conclude that Weast was a serious risk of flight and danger unless detained due to the "nature and circumstances of the offense and the nature and seriousness of the danger to the community along with extraneous conduct…and some criminal history."[4]

Third, this Court has held numerous detention hearings related to child pornography violations; the Court is well aware that possession of child pornography, though a crime of violence under 18 U.S.C. § 3142, does not give rise to a rebuttable presumption of detention, regardless of its statutory range.  Indeed, at the conclusion of the detention hearing, the Court stated that the evidence presented indicated that Weast's conduct went beyond "simple possession," which suggests that the Court also recognized the lack of a presumption to detain.[5]  Moreover, the Court did not state, as it customarily does in presumption cases where detention is ordered, that it was relying in whole or in part on a rebuttable presumption.

2. **The defendant has failed to present new information that had a material bearing on the issue of release of conditions**

Finally, Weast provides no evidence to support its position that this Court considered his charge to be a 20-year offense.  While the range of punishment a defendant potentially faces may be a factor in assessing flight risk, the Court made no findings suggesting that Weast's statutory punishment range was contemplated by the Court as a basis to detain.  However, even if the Court thought Weast faced a maximum

---

[4] Order of Detention.
[5] The government asks the Court to take judicial notice of the recorded detention hearing, to which both parties have equal access.

**Response to Motion for Reconsideration of Detention - Page 4**

sentence of 20 years, it did not form a basis for detention and as such, it is not a material new fact that supports release on conditions or a new hearing.

In conclusion, because Weast has presented no new evidence to support reconsideration of detention, the government respectfully submits that his motion should be denied.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

 /s/  Aisha Saleem
AISHA SALEEM
Assistant United States Attorney
Texas State Bar No. 00786218
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile:  817-252-5455
Email: aisha.saleem@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of April, 2014, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Angela Saad and Christopher Curtis.

 /s/ Aisha Saleem
AISHA SALEEM
Assistant United States Attorney