# Exhibit 1

Westlaw.

Page 1

408 Fed.Appx. 830, 2011 WL 135816 (C.A.5 (Tex.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 408 Fed.Appx. 830, 2011 WL 135816 (C.A.5 (Tex.)))

H
This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4. (Find CTA5 Rule 28 and Find CTA5 Rule 47)

United States Court of Appeals,
Fifth Circuit.
UNITED STATES of America, Plaintiff–Appellee
v.
Matthew Norman SIMPSON, Defendant–Appellant.

No. 10–11121
Summary Calendar.
Jan. 14, 2011.

**Background:** Defendant charged with conspiracy to exceed authorized access to a protected computer moved for release on conditions. The United States District Court for the Northern District of Texas, Sidney A. Fitzwater, Chief Judge, 2010 WL 3283053, **denied defendant's motion** and, 2010 WL 4340683, **denied** reconsideration. **Defendant** appealed.

**Holdings:** The Court of Appeals held that:
(1) **defendant** did not present **new** and material **evidence** required to reopen **detention** hearing, and
(2) **defendant** was not entitled to automatic review of his pretrial **detention**.

Affirmed.

West Headnotes

[1] Bail 49 ⚙49(5)

49 Bail
   49II In Criminal Prosecutions
      49k49 Proceedings to Admit to Bail
         49k49(5) k. Hearing and determination. Most Cited Cases
The length of pretrial **detention** of **defendant** charged with conspiracy to exceed authorized access to a protected computer, the results of a polygraph examination showing that he had no intent to flee, the conditions of his confinement, and the large amount of discovery in his case were not **new** and material **evidence** required to reopen **defendant's detention** hearing. 18 U.S.C.A. § 3142(f).

[2] Bail 49 ⚙49(2)

49 Bail
   49II In Criminal Prosecutions
      49k49 Proceedings to Admit to Bail
         49k49(2) k. Matters considered. Most Cited Cases
District court's "ends-of-justice" continuance, which was properly excludable under the Speedy Trial Act, resulted in **defendant** not being entitled to automatic review of his pretrial **detention**. 18 U.S.C.A. §§ 3161(h)(7)(A), 3164(c).

*831 Candina S. Heath, Esq., U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Appeal from the United States District Court for the Northern District of Texas, USDC No. 3:09–CR–249–6.

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM: [FN*]

> FN* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

408 Fed.Appx. 830, 2011 WL 135816 (C.A.5 (Tex.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 408 Fed.Appx. 830, 2011 WL 135816 (C.A.5 (Tex.)))

47.5.4.

**\*1** Matthew Norman Simpson appeals the district court's denial of his **motion** to reopen his **detention** hearing under 18 U.S.C. § 3142(f) and its determination that he was not entitled to automatic review of his **detention** under 18 U.S.C. § 3164(c).

Review of questions of statutory interpretation is de novo. *United States v. Kay*, 359 F.3d 738, 742 (5th Cir.2004). This court reviews a district court's ruling on a **motion** to reopen a **detention** hearing under § 3142(f) for an abuse of discretion. *United States v. Hare*, 873 F.2d 796 (5th Cir.1989). A detainee is entitled to reopen his **detention** hearing only if he presents **new** and material **evidence** bearing on the issue whether there are conditions of release that will reasonably assure his appearance at trial. *See id.* at 799.

[1] Simpson contends that he has presented **new** and material **evidence**: the length of his **detention**, the results of a polygraph examination showing that he has no intent to flee, the conditions of his confinement, and the large amount of discovery in his case. Simpson has failed to establish that this information is new and material; therefore, he has not shown that the district court abused its discretion in **denying** his **motion** to reopen under § 3142(f). *See id.* at 798–99.

Simpson also contends that he is entitled to automatic review of his **detention** under § 3164, which pertains to persons **detained** pending trial and which provides, in part, as follows:

(b) The trial of any person described in subsection (a)(1) [a **detained** person who is being held in **detention** solely because he is awaiting trial] ... of this section shall commence not later than ninety days following the beginning of such continuous **detention**.... The periods of **\*832** delay enumerated in [18 U.S.C.] section 3161(h) are excluded in computing the time limitation specified in this section.

(c) Failure to commence trial of a detainee as specified in subsection (b), through no fault of the accused or his counsel ... shall result in the automatic review by the court of the conditions of release. No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial.

In this regard, the district court relied on language contained in § 3164(b) that states that the periods of delay enumerated in 18 U.S.C. § 3161(h) are excluded in computing the time limitations specified in § 3164. The district court determined that, because it granted an "ends-of-justice" continuance under § 3161(h)(7)(A) due to the complexity of the case, the delay was excluded from the 90–day time limitation prescribed by § 3164(b). The district court concluded that, because fewer than 90 days had elapsed between Simpson's arrest and its order designating the case as complex, § 3164(c) did not require Simpson's release or the review of his detention.

[2] This court agrees with the district court that the "ends-of-justice" continuance, which is properly excludable under § 3161(h)(7)(A), resulted in Simpson not being entitled to automatic review of his pretrial detention under § 3164(c). *See* § 3164(b); *see also* § 3161(h)(7)(A). This conclusion is consistent with the holding in two Ninth Circuit opinions. *See United States v. Avila*, Nos. 90–30221, 90–30385, 90–30386, 90–30401, 1992 WL 75236, \*13 (9th Cir. Apr. 16, 1992) (unpublished) (determining that because the district court granted an " 'ends-of-justice' " continuance, which was excludable under § 3161(h)(8), the court's failure to conduct an automatic review of appellants' pretrial detention did not violate § 3164(c)); *see also United States v. Dutkel*, No. 88–5465, 1990 WL 127618, \*2 (9th Cir. Sept. 6, 1990) (unpublished) (determining that because the district court granted an " 'ends-of-justice' " continuance, § 3164(c)'s automatic review provision did not apply).

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

408 Fed.Appx. 830, 2011 WL 135816 (C.A.5 (Tex.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 408 Fed.Appx. 830, 2011 WL 135816 (C.A.5 (Tex.)))

Page 3

**\*\*2** AFFIRMED.

C.A.5 (Tex.),2011.
U.S. v. Simpson
408 Fed.Appx. 830, 2011 WL 135816 (C.A.5 (Tex.))

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.