United State District Court
Northern District of Texas
Fort Worth Division

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 1 2014
CLERK, U.S. DISTRICT COURT
By _____ Deputy

United States of America )
)
v. ) No. 4:14-CR-00023-Y-1
)
Christopher Robert Weast )

On and For The Record

## Objections

1. I object strenuously to the Minute Entry on 2/21/2014 which states that I requested appointed counsel on grounds that never requested counsel nor was I ever given the option to choose.

2. I strenuously object to the alleged Financial Affidavit which was allegedly filled out by me on 2/21/2014 of the docket on grounds that I never completed a Financial Affidavit nor was I ever given the option of filing or not filing one.

3. I object to the order appointing Federal Public Defender on 2/21/2014 on the docket sheet on grounds that I was never given the option to choose not to have an attorney.

4. I strenuously object to the alleged arraignment hearing allegedly held on 2/21/2014 as listed on the docket sheet on grounds I

was under threat and duress as well as the fact that I was never given an option to not have Angela Saad and Christopher A. Curtis speak in my place as alleged counsel. I also informed administrative hearing officer, Jeffery Cureton, that I was under the influence of a Prescribed Painkiller which was affecting my ability to understand.

5. I further object to the alleged arraignment hearing held on 2/21/2014 on grounds that I did not, nor do I now, understand the cause and nature of the alleged code violation.

6. I object to the alleged Unopposed Motion to Continue Detention Hearing filed by Peter Fleury on 2/25/2014 as shown on the docket sheet on grounds I was not consulted first about asking for a continuance.

7. I object to the Notice of Attorney Appearance filed by Angela Saad on 2/28/2014 as noted on the docket sheet on grounds I never requested an attorney.

8. I object to the alleged Detention Hearing held before administrative hearing officer, Jeffery Cureton on grounds that I was not allowed to ask the questions I demanded be asked but the alleged attorney, Angela Saad, who I was forced to allow

in my place, refused to ask the questions I demanded and commanded her to ask.

9. I object to the Order Granting alleged detention since I was not allowed to have adequate counsel at the alleged detention hearing which was allegedly held on 3/3/2014.

10. I object to the "Designation of Experts" filed by Aisha Saleem on grounds that I have criminal charges filed and pending in the Republic of Texas, against Randy Watkins.

11. I object to the designation of experts filed by Angela Saad on 3/11/2014 on grounds she would not have been my counsel had been given the choice to move forward Sui Juris.

12. I object to the Notice of Correction of Signature Omission filed by Angela Saad on grounds she would not have been my counsel had I been given a choice on the matter.

13. I object to the second Notice of Correction of Signature Omission filed by Angela Saad on 3/11/2014 on same grounds as number 12.

14. I strenuously object to the Motion to Continue Trial and Motion to Enlarge Time to File Pretrial Motions filed on 3/17/2014 on grounds

that Angela Saad never consulted me regarding taking and/or requesting continuances.

15. I object to my Objections being removed from the record by Terry Means, in an obvious and blatant attempt to assist Aisha Saleem, which were allegedly removed because I had counsel that this court forced on me.

16. I object to the Motion for Reconsideration filed by Angela Saad on grounds of my standing objection to having counsel forced on me by this court.

17. I object to all administrative rulings.

18. I object to all non-judicial decision making and/or rulings.

19. I object strenuously to the document bearing Peter Fleury's signature which lists many checkboxes which are bearing X's in many of the boxes such as: Date of federal arrest, First Appearance, Advised of rights/charges, Financial Affidavit Executed, and order appointing Federal Public Defender on grounds this was all unlawfully done in some secret Ex Parte Hearing prior to me being "arrested" and/or being forced under threat and duress into Jeffery Cureton's alleged courtroom.

20. I object to the pretrial and Scheduling Order for Criminal Trial on grounds that I was never properly arraigned.

21. I object to the Notice of Designation of Case assignment filed by Angela Saad and dated 2/28/2014 on grounds of my standing objection to being forced into having counsel without option as well as I have not been properly arraigned.

22. I object to Jeffery Cureton's Part 1, Findings of Fact on grounds he merely checked two checkboxes for "Alternative Findings" yet he offers no findings of facts in support of the claim that I am an "Serious risk to not appear" and/or the claim of "Serious risk that I will endanger the safety of another person or the community."

23. I object to Part II of the Order of Detention Pending Trial on grounds there was a lack of evidence offered at this alleged "hearing" to determine there was clear and convincing evidence and/or "extraneous conduct described at hearing" which was all hearsay.

24. I object to Jeffery Cureton's claim and "ruling" of "clear and convincing evidence on grounds that Aisha Saleem only offered Hearsay and "Hearsay may not satisfy clear and convincing evidence."

United States v. Bell, 673 F.Supp. 1429 (E.D. Mich. 1987)

25. I object to the claim of "Clear and convincing evidence" by Jeffery Cureton's "ruling" on grounds that "Clear and convincing evidence means proof that particular [defendant] actually poses a danger, not that [defendant] in theory poses a danger." United States v. Patriarca, 948 F.2d 789 (1st Cir. 1991) and see "Presumption and general allegations of danger are insufficient." United States v. Jackson, 845 F.2d 1262 (5th Cir. 1988)

26. I further object to the "finding" of "Clear and convincing evidence" as well as the claim of being a serious risk I will endanger the safety of another person or the community on grounds that "Can't detain on presumption alone unless there is proof of future dangerousness." United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986) also see "Factual representations of counsel are inadmissible." United States v. Yeaple, 605 F.Supp. 85, 87 (M.D. Pa 1985)

27. I further object to the entire "Order of Detention Pending Trial" filed as Part I and Part II by Jeffery Cureton allegeding "Clear and Conving evidence", Flight risk and alleged extraneous conduct allegedly described at the "hearing" on grounds that "Conditions for release need not guarantee safety or presence, but need only reasonably assure both." United States v. Fortna, 769 F.2d 243 (5th Cir. 1985), see also; United States v. Orta, 760 F.2d 887 (8th Cir. 1985)(en banc); United States v. Dreier, 596 F.Supp.2d 831 (S.D.N.Y. 2009)

28. I object to the "Clear and convincing evidence" claim by Jeffery Cureton on the "Order of Detention Pending Trial" claiming there is a serious risk I will not appear" on grounds that " Ability to flee not sufficient to justify detention." United States v. Himler, 797 F.2d 156 (3d Cir. 1986)

Respectively Submitted by,
Chris Weast U/T/O
Chris Weast - Sui Juris
47797177
FCI Fort Worth
P.O. Box 15330
Fort Worth, Texas [76119]

## Certificate of Service

I, Chris Weast, hereby certify that on April 30, 2014, a copy of the foregoing Objections was sent via Postal Mail to Aisha Saleem at the United States Attorney's office at 801 Cherry Street, Unit 4 Fort Worth, Texas [76102] and addressed to Aisha Saleem.

April 29, 2014
Date

Chris Weast
Sui Juris

4747177
Chris West
FCI Fort Worth
P.O. Box 15330
Fort Worth, Texas 76119

Legal Mail

Clerk of the District Court
501 West Tenth Street, Room 310
Fort Worth, Texas 76102

2014 MAY -1 AM 11:19
CLERK OF COURT