TRULINCS 47797177 - WEAST, CHRISTOPHER ROBERT - Unit: FTW-J-A

---

FROM: 47797177
TO:
SUBJECT: MOTION TO QUASH
DATE: 05/14/2014 07:04:10 PM

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 16 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA )
)
v ) No. 4:14-CR-00023-Y-1
)
Christopher Robert Weast, Sui Juris, Human/Creator. )

ORAL HEARING DEMANDED
MOTION TO QUASH INDICTMENT
FOR IMPROPER GRAND JURY PROCEDURES

To the Honorable Judge of Said Court:

I come, and move this court to QUASH the INDICTMENT in the "case in error" because of improper actions on the part of the Grand Jury and, in support hereof, will show the court the following:

The Grand Jury violated procedures, in that they did not hear all of the testimony which was accessible to them. In fact, no witnesses with PERSONAL FIRSTHAND KNOWLEDGE testified before the Grand Jury and the Grand Jury knew none of the FACTS of the cause. This was a violation of my Sovereign God-given Inherent Human/Creator Rights as a Natural Person as well as my rights under my STATUS as a National Domiciled Abroad. It would also be a violation of the Fifth Amendment of the Constitution of the Union.

2. The Grand Jury in this "case in error" also did not act independently of Aisha Saleem and the "Prosecutor's Office", and thus failed in its essential purpose, denying me my DUE PROCESS rights, as well as my Sovereign God-given Human/Creator Rights as a Natural Person in accordance with God's Law. This court should know, "ALL codes, rules and regulations are applicable to government authorities only, not HUMAN/CREATOR's in accordance with God's law. ALL codes, rules unconstitutional and lacking in due process as applied to Sherwood T. Rodriques." Rodrigues v Ray Donovan, (US Secretary of Labor) 769 F.2d 1344, 1348 (1985)(Emphasis added). My right to an indictment is, "to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." Stirone v. United States, 361 U.S. 212, 218 (1960). Voting on an indictment without hearing any testimony from witnesses with firsthand knowledge is a violation of this principle, as well as the Constitution of the Union and a violation of my God-given Inherent Human/Creator Rights. Neither Aisha Saleem nor her alleged client, "UNITED STATES OF AMERICA", have standing in this "case in error" since neither have claimed an injury to a Natural Person. The "UNITED STATES OF AMERICA" is not a HUMAN/CREATOR nor a
Natural Person and therefore cannot claim to have sustained an Injury. No injury was presented to the Grand Jury which would be a necessity in order to claim a "Lawful Crime" to have occurred.

3. I take exception to and move for an order QUASHING this Indictment because this Indictment violates my right to receive fair and particularized notice of the alleged "charges" against me, a violation of the Constitution of the Union. While the Indictment does track part of a "statute", it fails to allege a concrete injury which has been suffered by Aisha Saleem and/or her alleged client, "UNITED STATES OF AMERICA, Inc.".

4. The Speedy Trial Act requires that Aisha Saleem had to take me to trial within 70 days after the date of the Indictment. The alleged Indictment was issued on February 21, 2014 and I have been held in Detention since February 21, 2014 and as of May 13, 2014, I have been held in Pretrial Detention for 83 days, a direct violation of the Speedy Trial Act. Any continuances taken by Angela Saad have been objected to since she did not confer with me before asking for those continuances and I never signed a Waiver of Speedy Trial Act.

5. With respect to my rights under the United States Constitution, the United States Supreme Court has consistently held that one of "the criteria by which the sufficiency of an indictment is to be measured" is whether it " sufficiently apprises the

TRULINCS 47797177 - WEAST, CHRISTOPHER ROBERT - Unit: FTW-J-A

---

defendant of what he must be prepared to meet." Russell v. United States, 369 U.S. 749, 763, 82 S.Ct. 1038, 1047 (1962) (quoting Cochran v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 630 (1895). As the Supreme Court has held, a mere recitation of the elements of a crime or the tracking of statutory language may not sufficiently apprise a defendant of the charges against him. Accordingly, "it is an elementary principle of criminal pleading, that where the definition of an offence [sic], whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence [sic] in the same generic terms as the definition; but it must descend to the particulars." Russell, 369 U.S. at 765, 82 S.Ct. at 1047 (quoting United States v. Cruikshank, 92 U.S. 542, 558 (1895). Thus, in addition to statutory language and generic terms, an indictment "must be accompanied by such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Russell, 369 U.S. at 765, 82 S.Ct. at 1048 quoting United States v. Hess, 124 U.S. 483, (1888). An indictment that fails to apprise the defendant of the charge against him "with reasonable certainty" is constitutionally "defective." Russell, 369 U.S. at 765, 82 S.Ct at 1047 (quoting United States v. Simmons, 96 U.S. 360, 362 (1977).

6. The indictment in this "case in error" is deficient under the United States of America Constitution for each of the reasons set forth above in section (5), and in particular, because of the failure to identify the alleged Natural Person that I am presumed to have injured. Federal courts have consistently held that indictments such as this do not provide adequate notice to the accused.

In Russell, for example, the Supreme Court reversed convictions in circumstances similar to these. Russell involved prosecutions for refusal to answer questions before a congressional subcommittee. The relevant statute, 2 U.S.C. 192, criminalized a refusal to answer a question that was "pertinent to the subject under inquiry" by the subcommittee. The indictments identified the particular questions asked. They also tracked the statutory language and averred that the questions were "pertinent to the subject matter under inquiry." The indictments failed, however, to "identify the subject which was under inquiry at the time of the defendant's alleged default refusal to answer." Russell, 369 U.S. at 754, 82 S.Ct. at 1041 (emphasis added). The Supreme Court held that the failure to identify or describe the subject matter under inquiry rendered the indictments fatally defective because they did not sufficiently apprise defendants of the charges against them. See i.d. at 768-69, 82 S.Ct. at 1049-1050.

To allow Aisha Saleem, or the court, to make a subsequent guess as to what was in the minds of the Grand Jury at the time they returned the indictment would deprive me of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For I could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted me.

Other appellate decisions have reached similar results and dismissed indictments that failed to provide an adequate description of the core allegation against the defendant. See, e.g., United States v. Murphy, 762 F.2d 1151, 1154 (1st Cir. 1985) (reversing conviction and dismissing indictment that did not adequately inform defendants of which proceeding they allegedly attempted to influence); United States v. Salisbury, 983 F.2d 1369, 1375-76 (6th Cir. 1993) (indictment was invalid because it failed adequately to specify the activities that allegedly constituted voting more than once).

/s/ Christopher Robert Weast
Christopher Robert Weast, sui juris, National
Natural Flesh and Blood Person with Inherent God-given Rights

CERTIFICATE OF SERVICE

I, Christopher Robert Weast, sui juris, National Natural Flesh and Blood Person, certify that a true and correct copy of the foregoing MOTION TO QUASH INDICTMENT FOR IMPROPER GRAND JURY PROCEEDINGS was sent via first class mail to Aisha Saleem at her office, located at 801 Cherry Street, Unit 4, Fort Worth, Texas 76102 on this 14th day of May, 2014.

/s/ Christopher Robert Weast
Christopher Robert Weast, sui juris, Nation
FCI Fort Worth
P.O. Box 15330
Fort Worth, Texas 76119