TRULINCS 47797177 - WEAST, CHRISTOPHER ROBERT - Unit: FTW-J-A

---

FROM: 47797177
TO:
SUBJECT: Motion for the Production of Exculpatory and Mitig
DATE: 05/14/2014 06:07:46 PM



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA )
)
v ) No. 4:14-CR-023-Y-1
)
Christopher Robert Weast, sui juris, National )

ORAL HEARING DEMANDED

MOTION TO COMPEL LAW ENFORCEMENT OFFICIALS TO TURN
OVER AND ADVISE THE PROSECUTING ATTORNEY OF ALL INFORMATION
ACQUIRED DURING THE COURSE OF INVESTIGATION

I, Christopher Robert Weast, sui juris, National and Sovereign Natural Person, move this court to order all law enforcement officials involved in the investigation of this case to turn over and advise the prosecuting attorney of all information obtained during the course of this investigation.

MEMORANDUM IN SUPPORT

I request that this court order II law enforcement officials to turn over any and all information they have pertaining to the above-captioned "case in error". I use the term "law enforcement official" broadly to include at least all those persons and positions referenced in O.R.C. 2901.01(A)(11)(a)-(m). They should also be directed to refrain from excersing any independent editorial control or censorship over what should be turned over to the prosecuting attorney. In short, they must turn over ALL information to the prosecuting attorney. This motion is a necessary corollary to my other discovery motions.

The knowledge of the prosecuting attorney's agents will be imputed to the prosecutor. See Youngblood v. West Virginia, 547 U.S. 867, 870; Giglio v. United States, 405 U.S. 150, 154 (1972). "The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." Kyles v. Whitley, 514 U.S. 419, 438 (1995). A constitutional violation of the duty to disclose favorable evidence "occurs when the government fails to turn over even evidence that is 'known only to police investigators and not to the prosecutor.'" Youngblood, 547 U.S. at 508 (footnote omitted)

As a practical matter, however, I will not get proper discovery if the prosecuting attorney has only constructive, not actual knowledge of discoverable information. I desire proper discovery, not a post-conviction issue built upon the post-trial discovery of undisclosed favorable evidence. By compelling law enforcement officials to pass along all information related to this "case-in-error", the parties can be assured that all discoverable information will come to the attention of the prosecuting attorney. The prosecuting attorney will then be in a position to disclose this information and avoid the legal ramifications of the failure to disclose information that the police wittingly or unwittingly failed to give the prosecutor.

Appellate case law reveals the all-too-common situation in a criminal case where counsel for both parties were surprised to learn during trial that police officers harbored information that they never disclosed. This is a risk that cannot be countnanced in this case, and can be guarded against if this Court grants this motion. This cautious step is constitutionally mandated in this case in order to vindicate my God-given Inherent Rights which are supposed to be protected by the Constitution of the Union, mainly the right to Due Process of Law, Equal Protection of the Law, confrontation of the alleged "Plaintiff's" evidence, and freedom from cruel and unusual punishment. U.S. Const. amends. V, VI, VIII, and X.

For these reasons, this Court should issue an order compelling all law enforcement officials to turn over and advise the prosecuting attorney of ALL information acquired during the course of investigation.

TRULINCS 47797177 - WEAST, CHRISTOPHER ROBERT - Unit: FTW-J-A

--------------------------------------------------------------------------------

/s/ *Christopher Robert Weast*
Christopher Robert Weast, sui juris, National
Natural Flesh and Blood Person with God-given
Inherent Rights

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION TO COMPEL LAW ENFORCEMENT OFFICIALS TO TURN OVER AND ADVISE THE PROSECUTING ATTORNEY OF ALL INFORMATION ACQUIRED DURING THE COURSE OF INVESTIGATION to Aisha Saleem at her office, located at 801 Cherry Street, Unit 4, Fort Worth, Texas 76102 on this 14th day of May, 2014.

/s/ *Christopher Robert Weast*
Christopher Robert Weast, sui juris, National
FCI Fort Worth
P.O. Box 15330
Fort Worth, Texas 76119

RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION

2014 MAY 16  AM 11: 20

CLERK OF COURT

⇔47797-177⇔
Christophe Weast
PO BOX 15330
FCI Fort Worth
FORT Worth, TX 76119
United States

⇔47797-177⇔
Eldon B Mahon
Judge Means
501 W 10TH ST
Room 310
FORT Worth, TX 76102
United States

Mail Intake

Legal Mail
Federal Correctional Institution
[address illegible]
5-15-14

This enclosed letter was processed through special handling procedures for forwarding to you. This letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address.