

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 JUN 12 PM 3: 50

CLERK OF COURT

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 4:14-CR-023-A |
| CHRISTOPHER ROBERT WEAST (01) | |

### GOVERNMENT'S RESPONSE TO MOTION FOR PRODUCTION OF GRAND JURY MINUTES

The United States of America, by and through the United States Attorney, files this Response to Weast's Motion for Production of Grand Jury Minutes and would show the Court as follows:

Weast requests the production, prior to trial, of transcripts of every witness who testified before the grand jury in his case. The Government opposes Weast's motion.

**A.  Defendant has failed to demonstrate a particularized need for such evidence**

This Court has discretion to disclose grand jury minutes. *Posey v. United States*, 416 F.2d 545, 557 (5th Cir. 1969). However, grand jury minutes should be made available "only where, on the facts of a particular case, the interest of justice requires disclosure." *Id.* This requires a defendant to first make a "particularized showing of need" before disclosure should be granted. *Id.* (citing *Dennis v. United States*, 384 U.S. 855 (1966) (additional citations omitted)); *see also*, *United States v. Tucker*, 526 F.2d 279, 282 (5th Cir. 1976) ("A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury") (internal citations omitted).

Response to Motion for Production of Grand Jury Minutes - Page 1

Here, Weast states only that he is "contemplating" that he will be able to show a particularized need once he has received information to which he is not otherwise entitled. (Def. Mot. Produc. Grand Jury Mins. 1, ECF No. 81.) Thus, Weast has failed to demonstrate to this Court that the interest of justice requires disclosure of grand jury minutes.

## B. Disclosure of testimony pursuant to the Jencks Act

The Government told Weast that to the extent that Grand Jury testimony constituted Jencks Act material, it would turn those statements over; otherwise, the Government opposed his motion.

However, the Jencks Act does not require the Government to turn over statements or reports in its possession that were made by a Government witness or prospective Government witness until *after* that witness has testified on direct examination at trial. 18 U.S.C. § 3500. Also, only grand jury statements that relate to the subject matter of the witness's trial testimony must be turned over. *United States v. Ferreira*, 625 F.2d 1030, 1034 (1st Cir. 1980). Thus, if a witness testifies at trial on matters unrelated to the grand jury proceedings, the defendant is not entitled to production of grand jury testimony.

Although the Government may choose to disclose Jencks Act material prior to a witness testifying, the Government objects to Weast asking the Court to order early, global production of such material without first making a particularized showing of need.

Therefore, the Government respectfully submits that Weast's motion should be denied.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

/s/ Aisha Saleem

AISHA SALEEM
Assistant United States Attorney
State Bar of Texas No. 00786218
801 Cherry Street
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile: 817-252-5455
E-mail: Aisha.Saleem@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2014, the foregoing Government's Motion was served via overnight mail to Christopher Weast, Register No. 47797-177, c/o case manager K. Goldsby, Federal Correction Institute, 3150 Horton Road, Fort Worth, Texas 76119.

/s/ Aisha Saleem

AISHA SALEEM
Assistant United States Attorney