ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § | 4:14-CR-023 A |
| CHRISTOPHER ROBERT WEAST | § § § | |
| Defendant. | § § | |

## MOTION FOR RECONSIDERATION OF APPOINTMENT OF COUNSEL

COMES NOW, Angela Saad, Assistant Federal Public Defender, attorney of record for defendant Christopher Robert Weast, and respectfully requests the Court reconsider the appointment of the Federal Public Defender's Office, in lieu of Mr. Weast proceeding *pro se*.

On July 8, 2014, the Court appointed the Federal Public Defender's Office to represent the defendant during a competency hearing. The defendant was not found incompetent. He was allowed to represent himself during the arraignment hearing and question the witness during the competency hearing. Albeit, he conducted his representation via video conferencing from a conference room on the third floor. With the audio and visual capabilities, the defendant was able to represent himself. Nevertheless, the Court appointed the Federal Public Defender's Office to continue representation.

Defense counsel respectfully requests reconsideration of this appointment because the defendant has made it inordinately clear that he wants to proceed *pro se* and he does not want the

assistance of the Federal Public Defender's Office. Pursuant to *Faretta v. California*, [t]he Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Faretta v. California*, 422 U.S. 806, 819 (1975). The Supreme Court continues to state that "it is the accused, not counsel, who must be 'informed of the nature and cause of the accusation,' who must be 'confronted with the witnesses against him,' and who must be accorded 'compulsory process for obtaining witnesses in his favor.'" *Id.* This is Mr. Weast's constitutional right and this must be preserved.

During the competency hearing, the Court removed the defendant from the courtroom after the defendant would not refrain from speaking in the courtroom. The Court indicated to the defendant he could return to the courtroom if he were to conduct himself properly. The Court relied on the Supreme Court decision, *Illinois v. Allen*, in making this determination. *Illinois v. Allen*, 397 U.S. 337 (1970). While the Supreme Court has stated "the trial judge may terminate self representation by a defendant who deliberately engages in serious and obstructionist misconduct," the Supreme Court also stated "the right of self representation has been recognized from our beginnings by federal law." The Supreme Court was clear that the right of self-representation is the core of our constitution and should not be undermined.

In the Fifth Circuit, a *pro se* defendant was only disallowed his right to self-representation after he boasted that he wanted to "go out in a bloody confrontation, disrupt the trial, and make the news" and attempted escape from the jail. *United States v. Vernier*, 381 Fed.Appx. 325 (5th Cir. 2010). In this case, the Fifth Circuit upheld the disallowance of self-representation. *Id.* The facts in Mr. Weast case do not rise to that level. He disagrees with the jurisdiction of the Court; however, his conduct has far from risen to this level. Given the Court was able to conduct the arraignment with Mr. Weast representing himself via video

conferencing, defense counsel requests the Court continue to allow Mr. Weast reconsider the appointment of counsel because alternate means have been successful. The decision to prevent someone from represent themselves is discretionary. While the Court needs to ensure control of the Courtroom, disallowing Mr. Weast from self-representation is not the only method. Based on Mr. Weast's statements, he seemingly values his right to self-representation over the right of confrontation. Continuing with video conferencing without the Federal Public Defender's Office representation would ensure that Mr. Weast's constitutional rights are protected while ensuring the dignity of the courtroom.

Respectfully submitted,

JASON HAWKINS
Federal Public Defender
Northern District of Texas

BY: /s/ 
ANGELA SAAD
Asst. Federal Public Defender
TX State Bar No. 24059016
819 Taylor Street, Room 9A10
Fort Worth, TX 76102
(817) 978-2753

Attorney for Defendant
CHRISTOPHER ROBERT WEAST

## CERTIFICATE OF CONFERENCE

I hereby certify that I, Angela Saad, attorney for defendant, did confer with Aisha Saleem, the Assistant United States Attorney assigned to this matter, and she does oppose this motion.

ANGELA SAAD

## CERTIFICATE OF SERVICE

I, Angela Saad, hereby certify that on this the 9th day of July 2014, a copy of the foregoing motion was hand delivered to the Court and Aisha Saleem, Assistant United States Attorney, 801 Cherry Street, Suite 1700, Fort Worth, Texas 76102.

ANGELA SAAD