UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 4-14-CR-023 A |
| | § | |
| CHRISTOPHER ROBERT WEAST | § | |

## MOTION IN LIMINE AND BRIEF: PRIOR CONVICTION

Defendant CHRISTOPHER ROBERT WEAST files this motion in limine to prohibit the government from presenting evidence concerning any prior convictions.

Rule 609(a)(1) explicitly states that evidence of a prior felony conviction is admissible to impeach a witness **"other than the accused,"** but **"evidence that an <u>accused</u> has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused. . ."** Fed. R. Evid. 609(a)(1) (emphasis added). Rule 609(b) states that

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Fed R. Evid. 609(b).

Mr. Weast has a conviction from 1992 for delivery of marijuana and a 2003 charge for theft

of services that is unrelated to the current charge.

Both of the prior convictions occurred over ten years ago. Pursuant to Federal Rules of Evidence 609(b), these convictions can only be used if its "probative value, supported by facts and circumstances, substantially outweighs its prejudicial effect; and the proponent gives...reasonable notice of its intent to use it." Fed. R. Evid. 609(b). In this case, the government has not provided any notice. Defense counsel states that there are no facts or circumstances that could be alleged by the government that would ensure that the probative value would outweigh the prejudicial effect.

The convictions are not crimes involving "some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully dishonesty or false statement." Fed. R. Evid. 609(a)(2). Cf. United States v. Ashley, 569 F.2d 975, 979 (5th Cir. 1978) (shoplifting not a crime of dishonesty within meaning of Fed. R. Evid. 609). Accordingly, the conviction is admissible for impeachment purposes only if its probative value outweighs its prejudicial effect to the defendant. See Fed. R. Evid. 609(a)(1). The Court must balance these factors on the record. United States v. Preston, 608 F.2d 626, 638 (5th Cir. 1979).

The government bears the burden to prove the probative value of the prior convictions for impeaching the defendant's credibility outweighs its prejudicial effect to the accused. See United States v. Grove, 844 F.Supp. 1495, 1496 (C.D. Utah, Feb. 2, 1994) (quoting from Advisory Committee notes).

WHEREFORE, defendant requests this Court to prohibit the government from impeaching the defendant with his any prior convictions. In the alternative, the defendant prays that the jury be told only that the defendant has been convicted of a felony, without describing the nature of the conviction.

Respectfully submitted,

JASON HAWKINS
Federal Public Defender
Northern District of Texas

BY: _____
ANGELA SAAD
819 Taylor St., Room 9A10
Fort Worth, TX 76102
(817) 978-2753
Texas State Bar No. 24059016

### CERTIFICATE OF CONFERENCE

I hereby certify that I, Angela Saad, attorney for defendant, did confer with Aisha Saleem, the Assistant United States Attorney assigned to this matter, and she is opposed.

_____
ANGELA SAAD

### CERTIFICATE OF SERVICE

I, Angela Saad, hereby certify that on July 13, 2014, I hand-delivered the foregoing motion with the clerk for th U.S. District Court, Northern District of Texas and the AUSA Aisha Saleem.

_____
Angela Saad