UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | Cause No. 4-14-CR-023 A |
| | § § | |
| CHRISTOPHER ROBERT WEAST | § | |

### MOTION IN LIMINE CONCERNING ALLEGED ACTS OF MISCONDUCT OR EXTRANEOUS OFFENSES AND REQUEST FOR NOTICE AND MEMORANDUM

COMES NOW, Christopher Robert Weast, through undersigned counsel, requesting that, with regard to evidence of extraneous offenses or specific acts of misconduct allegedly committed by the defendant, and any prejudicial evidence which lacks sufficient probative value, confuses the jury, causes undue delay, or is cumulative, which the Government may attempt to offer under Rules 403 and 404(b) of the Rules of Evidence, or under any other theory, the Court take the following actions:

1. Instruct the Government's attorney and all of the Government's witnesses not to testify, refer, mention or in any way allude to specific acts of misconduct or extraneous offenses, other than the offense alleged in the indictment, committed by the accused until the Court has ruled upon their admissibility.

2. Require the Government to serve notice to the Court and defendant's counsel of any specific acts of misconduct or evidence of extraneous offenses which the Government seeks to introduce at trial. Notice should be given sufficiently in advance of trial to allow defendant time to investigate the allegations.

3. Hold a hearing outside the presence of the jury at which the Government must show by a preponderance of the evidence:

    a. The defendant committed the acts in the recent past;
    b. There is a disputed material issue to which the evidence is relevant; and,

      c.      That the probative value is not outweighed by the prejudicial effect of the evidence.

4.      Prohibit the Government from introducing evidence of specific acts of misconduct or extraneous offenses for which it has not given proper notice.

5.      Require the Government to state the theory of admissibility for extrinsic conduct evidence it seeks to offer and if admitted, restrict the evidence to its proper scope, and instruct the jury accordingly.

## PRELIMINARY RULING

Rule 104 of the Rules of Evidence required the Court to make preliminary rulings on the admissibility of extrinsic offense evidence outside the presence of the jury. Huddleston v. United States of America, 485 U.S. 681 (1988).

The Government must prove the conduct occurred by a preponderance of the evidence or the jury may not be allowed to consider it. Huddleston, supra.

Additionally, Rule 403 of the Rules of Evidence holds:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Allowing evidence of specific acts of misconduct of extraneous offenses to be introduced before the jury without first determining their admissibility would prejudice the jury and deprive the defendant of a fair trial. U.S. Const. amend. V, VI, and XIV, § 2.

It is beyond question that other crimes, wrongs, or acts are not admissible to prove character or that a person acted in conformity therewith. Fed. R. Evid. 404(b). Thus, 404(b) evidence is inadmissible absent a showing that the other crimes, wrongs, or acts evidence is relevant (sufficiently related to the charged offense) to an issue other than character; necessary (an essential part of the

crimes on trial, or furnished part of the context of the crime); and reliable. United States v. Rawle, 845 F.2d 1244 (4th Cir. 1988). Further, the Government should be precluded from the use of such 404(b) evidence until and unless the defendant's presentation of evidence precipitates the need for that evidence. United States v. Rhodes, 779 F.2d 1019, 1031, n.4 (4th Cir. 1985); United States v. Manganellis, 864 F.2d 528 (7th Cir. 1988).

## NOTICE

Notice of the specific acts of misconduct or extraneous offenses is required by due process and Rule 404(b) and is necessary in order that defendant's counsel may effectively prepare to challenge their admissibility, confront witnesses, and select an impartial jury. U.S. Const. amend. V, VI and XIV, § 2, United States v. Baum, 482 F.2d 1325 (2nd Cir. 1973); United States v. King, 121 F.R.D. 277 (E.D.N.G. 1988); see, United States v. Foskey, 636 F.2d 517, 526 n.8 (D.C. cir. 1980) (Government should give adequate notice of Rule 404(b) evidence); see also, United States v. Shackleford, 738 F.2d 776 (7th Cir. 1984); United States v. Mahone, 537 F.2d 922 (7th Cir.) cert. denied, 429 U.S. 1025.

While the government has not provided notice of any specific acts of misconduct or extraneous offenses pursuant to Rule 404(b), it appears, based on the government's exhibit list, that the government intends to admit this type of evidence. Specifically, the government's exhibit list includes: 1) evidence of child pornography file names and descriptions that have not been indicted, 2) videos, images, and file names of other individuals that are not child pornography, and 3) photographs of compact discs. Defense counsel objects to this evidence for lack of notice. Additionally, pursuant to Rule 404(b), defense counsel objects that this evidence is more prejudicial

than probative. Defense counsel requests that the government approach before mentioning or attempting to admit any of this evidence.

## LIMITED USE

A statement of the Government's theory of admissibility with respect to each item of Rule 404(b) evidence should be provided before the court rules. See, Huddleston supra, (trial court must conduct Rule 403 balancing inquiry before introduction of Rule 404(b) evidence; strength of evidence establishing the similar acts is one of the Rule 403 balancing factors).

Rule 105 of the Rules of Evidence requires a court to restrict evidence to its proper scope and instruct the jury accordingly.

WHEREFORE, the accused prays that this Court suppress evidence of extrinsic conduct, order the Government and all witnesses to refrain from mentioning or alluding to such evidence in any way at any stage of the trial unless and until the court has ruled it to be admissible after a hearing outside the presence of the jury, and to require the Government to give ample notice of its intent to offer any extrinsic conduct evidence.

Respectfully submitted,

JASON HAWKINS
Federal Public Defender
Northern District of Texas

BY: _____
ANGELA SAAD
819 Taylor St./Room 9A10
Fort Worth, TX 76102
(817) 978-2753
Texas State Bar No. 24059016

## CERTIFICATE OF CONFERENCE

I hereby certify that I, Angela Saad, attorney for defendant, did confer with Aisha Saleem, the Assistant United States Attorney assigned to this matter, and she is opposed.

_____
ANGELA SAAD

## CERTIFICATE OF SERVICE

I, Angela Saad, hereby certify that on July 14, 2014, I hand-delivered the foregoing motion with the clerk for th U.S. District Court, Northern District of Texas and the AUSA Aisha Saleem.

_____
ANGELA SAAD