

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 JUL 17 PM 12: 39

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                          NO. 4:14-CR-023-A

CHRISTOPHER ROBERT WEAST (01)

## AGREED CHARGE

The parties submit this agreed charge in accordance with the Court's scheduling

order of May 23, 2014. Brackets used herein indicate options for the Court. The

government and defendant respectfully request leave of Court to submit supplemental

proposed jury instructions as may be necessary to conform to the evidence offered at

trial.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

AISHA SALEEM
Assistant United States Attorney
Texas State Bar No. 00786218
801 Cherry Street, Suite 1700
Fort Worth, Texas, 76102
Telephone:   817-252-5200
Facsimile:    817-252-5455

**Proposed Charge Page 1 of 2**

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2014, a true copy of the foregoing Government's Proposed Jury Instructions was served on Angela Saad by hand delivery to 819 Taylor Street, Room 9A10, Fort Worth, Texas 76102, counsel for the defendant.

AISHA SALEEM
Assistant United States Attorney

**Proposed Charge Page 2 of 2**

## PRELIMINARY INSTRUCTIONS

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

It will be your duty to find from the evidence what the facts are.   You and you alone will be the judges of the facts.   You will then have to apply to those facts the law as the court will give it to you.   You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you.   I will list them for you now.

1.   Statements, arguments, and questions by lawyers are not evidence.

2.   Objections to questions are not evidence.   Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.   You should not be influenced by the objection or by the court's ruling on it.   If the objection is sustained, ignore the question.   If it is overruled, treat the answer like any other.   If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

**Agreed Charge Page 1 of 19**

3.   Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.   Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded.   You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.   Direct evidence is direct proof of a fact, such as testimony of an eyewitness.   Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.   I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.   I will give you some guidelines for determining the credibility of witnesses at the end of the case.

As you know, this is a criminal case.   There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendant is presumed innocent until proven guilty. The indictment brought by the government is only an accusation, nothing more.   It is not proof of guilt or anything else.   The defendant therefore starts out with a clean slate.

*Second*: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify.   Since the defendant has the right to remain silent, the law prohibits you from

arriving at your verdict by considering that the defendant may not have testified.

*Third*: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

Let me add that during the course of the trial, you will receive all the evidence you properly may consider to decide the case. Please do not try to find out information from any source outside the confines of this courtroom. Do not seek or receive any outside information on your own which you think might be helpful. Do not engage in any outside

reading about this case or the law involved.    Do not attempt to visit any places mentioned in the case, whether in person or via maps or online resources such as Google Earth.    You must not read about it in any publications or watch or listen to television or radio reports of what is happening here.    Do not use the Internet or any other form of electronic communication to obtain or provide information to another, whether on a phone, computer, or other device.    This includes, but is not limited to, the use of websites and search engines, such as Google or Yahoo, or other online resource or publication for the use of sending or receiving information on the case.    Do not attempt to learn about the parties, the witnesses, the lawyers or the judge.    Do not send or receive emails or text messages relating to the case or your involvement.    Do not read or post information on Facebook, or any other blog or social networking site, such as Twitter or MySpace.    The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

The trial will now begin.    First the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted.    Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them.    Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

**Agreed Charge Page 4 of 19**

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

## FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.   I am one of the judges, the jury is the other.   It is my duty to preside over the trial and to decide what evidence is proper for your consideration.   It is also my duty, at the end of the trial, to explain the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.   Next, I will give you some specific rules of law about this particular case, and, finally, I will explain the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts.   But in determining what actually happened-- that is, in reaching your decision as to the facts-- it is your sworn duty to follow all the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.   It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence received during the

**Agreed Charge Page 5 of 19**

trial and the law as given and explained to you by the court, without prejudice or sympathy for or against the defendant. That was the promise you made and the oath you took upon being accepted as jurors, and the court and the parties have the right to expect nothing less.

The indictment or formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The defendant has been charged with violations of federal law. The indictment, or formal charge against the defendant, is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require the defendant to prove his innocence or produce any evidence at all, [and no inference whatever may be drawn from the election of the defendant not to testify.][1] The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

---

[1] Delete bracketed material if defendant testifies.
**Agreed Charge Page 6 of 19**

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence, you are permitted to draw

reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the evidence. You should not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant][2] who testified in this case. [The testimony of the defendant should be weighed and his

---

[2] The language in brackets should be used only if the defendant has testified.
**Agreed Charge Page 8 of 19**

credibility evaluated in the same way as that of any other witness.][3]   You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.    In making that decision, I suggest you ask yourself a few questions:    Did the person impress you as honest?    Did the witness have any particular reason not to tell the truth?    Did the witness have a personal interest in the outcome of the case?    Did the witness have any relationship with either the government or the defense?    Did the witness seem to have a good memory?    Did the witness clearly perceive the things about which the witness testified?    Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?    These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.    In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.    Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.    You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

---

[3] The language in brackets should be used only if the defendant has testified
**Agreed Charge Page 9 of 19**

During the trial, you heard the testimony of witnesses who expressed opinions concerning various scientific, technical, or other matters involving specialized knowledge. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education, may testify and state an opinion concerning such matters. Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

In determining whether any statement, claimed to have been made by the defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Count One of the Third Superseding Indictment alleges that the defendant violated Title 18, United States Code, Section 2252A(a)(5)(B). Title 18, United States Code,

Section 2252A(a)(5)(B), makes it a crime to knowingly possess any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that was produced using materials that have been mailed, or shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:       That the defendant knowingly possessed an item that contains an image of child pornography, as alleged in the indictment;

Second:    That the material was produced using materials that had been mailed, or shipped, or transported, in or affecting interstate or foreign commerce, including by computer; and

Third:      That when the defendant possessed the material, the defendant knew the material contained child pornography.

Count Two of the Third Superseding Indictment alleges that the defendant violated Title 18, United States Code, Section 2252A(a)(2)(A).   Title 18, United States Code, Section 2252A(a)(2)(A) makes it a crime to knowingly receive any child pornography that has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:       That the defendant knowingly received an item of child pornography, as alleged in the indictment;

Second:    That the item of child pornography had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

Third:     That when the defendant received the item, the defendant knew the item was child pornography.

To "receive" something means to knowingly accept or take possession of something.   Receipt does not require proof of ownership.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

**[Government]The term "minor" means any person under the age of eighteen years.   [18 U.S.C. 2256(1); 18 U.S.C. 2252A(c); Fifth Circuit Pattern Jury Instructions 2.82E, 2.82G]**

**[Defendant] The term "minor" means any person under the age of eighteen years that is an actual minor. [Fifth Circuit Pattern Jury Instructions 2.82E, 2.82G; 18 U.S.C. 2256(8)(A);** *Ashcroft v. Free Speech Coalition***, 535 U.S. 234, 241 (2002);** *United States v. Schmitt***, 2005 WL 2449627 (E.D. Wisconsin 2005).]**

The term "visual depiction" includes data stored on computer disk or by electronic means which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

The term "computer" means an electronic, magnetic, optical, electrochemical, or

other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

The word "knowingly," as the term has been used, means that the act was done voluntarily and intentionally, not because of mistake or accident. **[Government]The**

government must show that the defendant had knowledge of the general nature of the contents of the material. Although the defendant need not have specific knowledge as to the actual age of the minor, the Defendant must have had knowledge or reason to know, or an awareness or notice, or a belief or ground for belief warranting further inspection or inquiry, that the material contains a visual depiction of a minor engaging in sexually explicit conduct. [*United States v. Kimbrough*, 69 F.3d 723, 733 (5th Cir. 1995), specific instruction used in *United States v. Fabiano*, 169 F.3d 1299, 1303-04 (10th Cir. 1999)]

[Defendant] The government must show the defendant had knowledge of the sexually explicit nature of the material. The government must also prove that the Defendant had knowledge that the image involved the actual use of a minor. Although the Defendant need not have specific knowledge as to the specific age of the minor, the Defendant must have had knowledge that the material contains a visual depiction of an actual minor engaging in sexually explicit conduct. [*See United States v. Kimbrough*, 69 F.3d 723, 733 (5th Cir. 1995); *X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994); 18 U.S.C. 2256(8)(A); *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 241 (2002); *United States v. Schmitt*, 2005 WL 2449627 (E.D. Wisconsin 2005).]

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other

country, including its territorial waters.   Commerce includes travel, trade, transportation and communication.

You will note that the indictment charges that the offense was committed on or about a specified date.   The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous.   The following instruction applies to the unanimity requirement as to Count One.

**[Government] Count One of the indictment accuses the defendant of committing the crime of knowing possession of material that contains an image of child pornography.   Count One of the indictment accuses the defendant of possessing material that contains six images of child pornography.   You are again instructed that the government is only required to prove that the defendant possessed material containing a single image of child pornography for Count One. The government does not have to prove all of these images are child pornography for you to return a guilty verdict on this charge.   Proof beyond a reasonable doubt on one is enough.   But in order to return a guilty verdict, all of you must agree that the same one or ones have been proved. [18 U.S.C. 2252A(a)(5)(B) for term "image of child pornography" and Fifth Circuit Pattern Jury Instructions 1.25]**

Agreed Charge Page 15 of 19

[Defendant] Count One of the indictment accuses the defendant of committing the crime of knowing possession of a visual depiction of an actual minor in six different images.   The government does not have to prove the knowing possession of a visual depiction of a minor for all six images for you to return a guilty verdict on this charge.   Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved.   All of you must agree that the government proved beyond a reasonable doubt that the defendant knowingly possessed a visual depiction of an actual minor of the same image.   [Fifth Circuit Pattern Jury Instructions 1.25, 2.82E, 2.82G; 18 U.S.C. § 2256(8)(A); *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 241 (2002); *United States v. Schmitt*, 2005 WL 2449627 (E.D. Wisconsin 2005).]

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.   The defendant is not on trial for any act, conduct or offense not alleged in the indictment.   Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

During this trial, you have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment.   However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine: whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or whether the defendant had a motive or the opportunity to commit the acts charged in the indictment; or whether the defendant committed the acts for which he is on trial by accident or mistake. These are the limited purposes for which any evidence of other similar acts may be considered.

A separate crime is charged against the defendant in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately as to the defendant. The fact that you may find the defendant guilty or not guilty of one of the counts should not control your verdict as to another count.

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous as to each count of the indictment. Other than the possibility that the court could make an inquiry into whether deliberations were conducted properly, your deliberations will be secret, and you will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach

agreement if you can do so.   You must individually decide the case for yourselves, but only after an impartial consideration of the evidence with your fellow jurors.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.   But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts.   Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.   I remind you that during your deliberations, you must not communicate with or provide any information to anyone by any means about this case.   You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet device, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

**Agreed Charge Page 18 of 19**

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.   At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.   I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on the count in the indictment, until after you have reached a unanimous verdict.

SIGNED July ____, 2014.


_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

**Agreed Charge Page 19 of 19**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                           NO. 4:14-CR-023-A

CHRISTOPHER ROBERT WEAST (01)

## VERDICT

We the jury find the defendant, **CHRISTOPHER ROBERT WEAST**,

_____ as to Count One of the Third Superseding Indictment.

We the jury find the defendant, **CHRISTOPHER ROBERT WEAST**,

_____ as to Count Two of the Third Superseding Indictment.


Date: _____        Presiding Juror: _____

## FORFEITURE INSTRUCTIONS

Members of the Jury:

Now that you have decided that the defendant is guilty of the crimes charged in Counts One and Two of the Indictment, you must determine whether he must forfeit certain property to the Government.

The Indictment includes notice that certain property is subject to forfeiture to the Government because of the defendant's commission of the crimes charged in Count One (a violation of 18 U.S.C. § 2252A(a)(5) – Possession of Child Pornography) and Count Two (a violation of 18 U.S.C. § 2252A(a)(2) – Receipt of Child Pornography).

18 U.S.C. § 2253(a) provides that any person convicted of a violation of 18 U.S.C. § 2252A shall forfeit to the United States of America and any property, real or personal, used or intended to be used to commit or to promote the commission of the offense and any property traceable to such property.

Forfeiture means to be divested or deprived of ownership of something as a penalty for the commission of a crime.   To be entitled to forfeiture of property as a result of the defendant's conviction on Count One, the Government must prove by a preponderance of the evidence that the property sought to be forfeited was used or intended to be used to commit or to promote the commission of that offense and any property traceable to such property.

To be entitled to forfeiture of property as a result of the defendant's conviction on Count Two, the Government must prove by a preponderance of the evidence that the

property sought to be forfeited was used or intended to be used to commit or to promote the commission of that offense and any property traceable to such property.

While deliberating, you may consider any evidence offered by the parties at any time during the trial, including testimony offered by the Government or the defendant before or after your previous deliberations. However, you must not reexamine your previous verdict regarding guilt of the defendant in question. Your previous findings that the defendant is guilty of the offenses charged in Counts One and Two are final, conclusive, and binding. Because you are bound by your previous findings that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of the crimes charged in Counts One and Two.

With an exception that I will explain to you in a moment, all of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdict regarding forfeiture.

My previous instructions concerning the Government's burden of proving the defendant's guilt beyond a reasonable doubt do not apply, however, to your deliberations and verdict regarding forfeiture. In the forfeiture portion of this trial, the Government must prove, by a preponderance of the evidence, that the property is subject to forfeiture. The Government is not required to prove beyond a reasonable doubt that the property is subject to forfeiture.

A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a

**Forfeiture Instructions Page 2 of 4**

belief that what is sought to be proved is more likely true than not true. In other words, "preponderance of the evidence" means that the Government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that the property was used or intended to be used to commit or to promote the commission of the offenses charged in Counts One and Two. A preponderance of the evidence is a lower standard of proof, that is, a less strict standard, than is proof beyond a reasonable doubt.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

You are instructed that what happens to any property that is declared forfeited is exclusively a matter the court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture. You must disregard any claims that other persons may have to the property. The interest that other persons may have in the property will be taken into account by the court at a later time.

Additionally, you must reach a unanimous verdict as to each question on the verdict form. Every juror must agree that the Government has proved by a preponderance of the evidence that the property to be forfeited was used or intended to be used to commit or to promote the commission of the crimes charged in Counts One and Two.

**Forfeiture Instructions Page 3 of 4**

A verdict form has been prepared for your use. The form lists the property that the Indictment states was used or intended to be used to commit or to promote the commission of the crimes charged in Counts One and Two.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                    NO. 4:14-CR-023-A

CHRISTOPHER ROBERT WEAST (01)

## SPECIAL VERDICT FORM

We, the jury in the above-entitled case, find as follows concerning the forfeiture of

property in this case:

Instruction:   Answer "Yes" or "No" in the spaces below.   If the Government has

met its burden of proof, answer "Yes"; otherwise, answer "No".

Question 1:

Did the Government prove by a preponderance of the evidence that the HP laptop

computer, serial number CNF8234HX7, seized from the defendant's residence in White

Settlement, Texas on July 10, 2012 was used or intended to be used to commit or to

promote the offense charged in Count One of the Indictment?

ANSWER   _____

Question 2:

Did the Government prove by a preponderance of the evidence that the Western Digital external drive, serial number WCAV5C309672, seized from the defendant's residence in White Settlement, Texas on July 10, 2012, was used or intended to be used to commit or to promote the offense charged in Count One of the Indictment?

ANSWER    _____

Question 3:

Did the Government prove by a preponderance of the evidence that the HP laptop computer, serial number CNF8234HX7, seized from the defendant's residence in White Settlement, Texas on July 10, 2012 was used or intended to be used to commit or to promote the offense charged in Count Two of the Indictment?

ANSWER    _____

Question 4:

Did the Government prove by a preponderance of the evidence that the Western Digital external drive, serial number WCAV5C309672, seized from the defendant's residence in White Settlement, Texas on July 10, 2012 was used or intended to be used to commit or to promote the offense charged in Count Two of the Indictment?

ANSWER    _____


DATE:    _____            _____
                                   PRESIDING JUROR

**Special Verdict Form Page 2 of 2**