ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 JUL 17 PM 3:43

CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 4:14-CR-023-A |
| § | |
| CHRISTOPHER ROBERT WEAST § | |

## MEMORANDUM IN SUPPORT OF OBJECTION TO JURY CHARGE

TO THE HONORABLE JOHN MCBRYDE, UNITED STATES DISTRICT JUDGE:

COMES NOW, Christopher Robert Weast, defendant, through counsel Assistant Federal Public Defender Angela R. Saad, and hereby submits this memorandum in support of the defendant's objection to the jury charge.

The government in their Third Superseding Indictment alleged Mr. Weast was in violation of 18 US.C. §§ 2252A(a)(5)(B) and 2252A(a)(2)(A). In the indictment for both counts, the government defines child pornography pursuant to 18 U.S.C. § 2256(8)(A). This definition of child pornography states "...the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A). The subsection (A) specifically requires an actual child, as opposed to a virtual or morphed image of a chlid. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 241 (2002). The government did not allege the definition of child pornography to include a morphed image, specifically "such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(C). Therefore, defense asserts that is the government's burden beyond a reasonable doubt to prove that the child pornography in this case was of an actual minor, as opposed to a morphed image.

During the charge conference, the government asserted that it is not the government's burden to prove an actual child; rather, it is the burden of the defendant to assert an affirmative defense pursuant to §2252A(c). However, the affirmative defense set forth in §2252A(c), when applied to prosecutions alleging possession or receipt of child pornography involving real children, is unconstitutional because it relieves the government of its burden of proving each element of the offense beyond a reasonable doubt. Supreme Court cases *Ferber* and *Ashcroft* emphasize that the distinction between lawful and unlawful conduct with respect to materials depicting what appear to be children engaged in sexually explicit conduct is whether, in fact, the persons depicted actually are minors. *Ashcroft*, 535 U.S. 234; *New York v. Ferber*, 458 U.S. 747 (1982). If the person engaged in sexually explicit conduct actually is an adult, then the possession of such material is lawful so long as the material is not obscene. Accordingly, possession of pornographic material is not a crime unless the government can prove that it was produced using an actual minor. The affirmative defense impermissibly shifts the burden to the defendant to prove that the visual depictions are of adults or that the material was produced without using minors. The statute thus violates the constitution by requiring the defendant to disprove an element that the government is constitutionally obliged to prove. *E.g., In Re: Winship*, 397 U.S. 358 (1970); *Mullaney v. Wilbur*, 421 U.S. 684 (1975).

This issue was addressed by a District Court in Wisconsin where a defendant was similarly charged in the indictment under 18 U.S.C. § 2256(8)(A). *United States v. Schmitt*, 2005 WL 2449627 (E.D. Wisconsin 2005). The Court stated:

> Thus, from the face of the indictment alone, it is abundantly clear that the government must prove use of an actual child. [The defendant's] concerns that the government might rely on a definition of child pornography that does not involve use of an actual child or that he might need to rely on the affirmative defense of § 2252A(c) has no basis in the indictment.

*See United States v. Hilton*, 386 F.3d 13, 17 (1st Cir. 2004) ("That the children in the images are real amounts to an element of the crime which the government must prove, the burden of which should not be displaced to the defendant as an affirmative defense.").

Defense counsel argues that a definition of minor that does not state "any person under the age of eighteen years that is an actual minor" would relieve the government of their burden of proof. Moreover, the government's assertion that it is the defendant's burden to pursue an affirmative defense further relieves the government's burden and unconstitutionally shifts the burden onto the defendant.

Respectfully submitted,

JASON HAWKINS  
Federal Public Defender  
Northern District of Texas

BY: _____  
ANGELA R. SAAD  
Assistant Federal Public Defender  
TX State Bar No. 24059016  
819 Taylor Street, Room 9A10  
Fort Worth, TX  76102-4612  
(817) 978-2753
