

ORIGINAL



FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 JUL 18 PM 2:45

CLERK OF COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | 4:14-CR-0023 - A |
| | § | |
| CHRISTOPHER ROBERT WEAST | § | |

### DEFENDANT'S NOTICE REGARDING TRIAL PROCEDURE

COMES NOW, the Defendant, CHRISTOPHER ROBERT WEAST, by his counsel, Angela Saad, Assistant Federal Public Defender, and hereby files this notice regarding trial procedure.

On July 17, 2014, the Court conducted a telephone conference with defense counsel and the government to address trial procedure questions along with other matters. The Court asked defense counsel to address the following concerns regarding the defendant's absence from the courtroom. Lastly, the Court noted defense counsel's objection to the defendant's absence from the courtroom and ensured defense counsel there was a running objection. In submitting this notice regarding trial procedures, defense counsel maintains those objections and provides these options for trial procedure to the Court with the understanding that this objection is not waived.

**1. Jury Instruction Regarding Defendant's Absence**

Below is the jury instruction requested by defense counsel concerning Mr. Christopher Robert Weast's absence from the Courtroom.

> Members of the jury, you will have noticed that the defendant was not present in the courtroom. Because the defendant's absence has nothing to do with whether the government has satisfied each element beyond a reasonable doubt, you may not consider for any way–either for or against the defendant–during your deliberations.

1

Defense counsel and the government were unable to agree on this instruction.

## 2. Communication with the Client

Defense counsel proposes that two internet-connected computers be utilized to allow defense counsel to communicate with Mr. Weast. Specifically, at defense counsel's table in the courtroom an internet-connected computer will be setup. This computer will be connected via the internet to another internet-connected computer in the video conference room on the third floor, where Mr. Weast will be present. A representative from the Federal Public Defender's Office will be with Mr. Weast to convey information or questions from Mr. Weast to defense counsel.

The Federal Public Defender's Office has communicated with Edmund Dieth, the Information Technology Manager for the United States Courts to ensure this is a viable proposal. On July 21, 2014, this setup will be tested in attempt to alleviate unforeseen technical difficulties. If there are any problems, defense counsel will notify the court immediately and propose an alternative option. The government does not oppose this setup.

## 3. Videoconferencing

During the conference call on July 17, 2014 with the Court, defense counsel suggested utilizing video conferencing to ensure Mr. Weast has the opportunity to view the Court and witnesses, but prevent the jurors from seeing or realizing that the video conference was occurring. The government had no objection to the video conferencing; however, they objected to the jurors and witnesses not seeing Mr. Weast in the courtroom via video conferencing for identification purposes. The Court presented the possibility that Mr. Weast could be videotaped in plain clothes next week, assuming Mr. Weast cooperated. Defense counsel attempted to visit with Mr. Weast on July 17, 2014, but he did not meet with us.

At this time, defense counsel proposes that the witnesses identify Mr. Weast with a photograph of Mr. Weast in plain clothes. The trial courts have "discretion to meet the circumstances of each case" when addressing a disruptive defendant. *Illinois v. Allen*, 397 U.S. 337, 343 (1970). Furthermore, this form of identification has been utilized in other court proceedings. *See Sanchez v. State*, 842 S.W.2d 732, 734 (Tex. App. 1992); *State v. Hartfield*, 676 P.2d 141, 144 (Kan. Ct. App. 1984). Specifically, in *State v. Hartfield*, the "[d]efendant was identified by prosecution witnesses as the man apprehended in the Target East store from a photograph; he was not present in the courtroom while the testimony of those witnesses was presented, and thus no face-to-face in-court confrontation occurred." *Id.* The use of a photograph was sufficient in this case. *Id.*

Defense counsel has consulted with the government regarding this proposal. While the government would prefer identifying the defendant with his presence in the courtroom or utilizing video conferencing, the government has no opposition to using a photograph for the witnesses to identify the defendant. In addition, defense counsel and the government agree to utilize Government's Exhibit No. 79, a picture of the defendant, to allow the witnesses to identify Mr. Weast.

>Respectfully submitted,
>JASON HAWKINS
>Federal Public Defender
>
>BY: _____
>Angela Saad
>TX Bar No. 24059016
>Asst. Federal Public Defender
>819 Taylor Street, Room 9A10
>Fort Worth, TX 76102-6114
>817-978-2753
>Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Angela Saad, hereby certify that on July 18, 2014, a copy of the foregoing motion was hand delivered to Assistant United States Attorney Aisha Saleem at 801 Cherry St., Suite 1700, Fort Worth, Texas 76102-6897.

Angela Saad