ORIGINAL
C.T.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 JUL 21 AM 10:54

CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:14-CR-023-A |
| CHRISTOPHER ROBERT WEAST (01) | |

### DEFENDANT'S RESPONSE TO GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO JURY CHARGE.

TO THE HONORABLE JOHN MCBRYDE, UNITED STATES DISTRICT JUDGE:

COMES NOW, Christopher Robert Weast, defendant, through counsel Assistant Federal Public Defender Angela R. Saad, and hereby submits this response to government's response to Defendant's memorandum in support of the defendant's objection to the jury charge.

The government agrees that it is their burden to prove that "the defendant had knowledge that the image involved the actual use of a minor." CM/ECF Filing No. 140. The government further states that the government holds the "burden of proof to knowledge of 'real' minors" *Id.*

In light of the government's response, defense counsel concedes that the definition of a minor should track the statutory language. Defense counsel concedes this with the understanding that the definition of actual minor is best suited under the "child pornography" definition pursuant to 18 U.S.C. § 2256(8)(A). Specifically, defense counsel requests the following jury instruction for child pornography:

> The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct. For any visual depiction to be child pornography, the government must prove beyond a reasonable doubt that the visual depiction is a actual child and not a morphed image.

By including this language, the jury is aware of what the government must prove and what is considered child pornography as defined pursuant to 18 U.S.C. § 2256(8)(A). *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 241 (2002); *United States v. Schmitt*, 2005 WL 2449627 (E.D. Wisconsin 2005); *United States v. Hilton*, 386 F.3d 13, 17 (1st Cir. 2004).

Respectfully submitted,

JASON HAWKINS
Federal Public Defender
Northern District of Texas

BY: _____
ANGELA R. SAAD
Assistant Federal Public Defender
TX State Bar No. 24059016
819 Taylor Street, Room 9A10
Fort Worth, TX 76102-4612
(817) 978-2753

## CERTIFICATE OF SERVICE

I, Angela Saad, hereby certify that on July 21, 2014, the above motion was had delivered to Aisha Saleem at the Office of The United States Attorney 801 Cherry Street, Suite 1700, Fort Worth, TX 76102.

_____
ANGEL R. SAAD