ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 JUL 23 PM 2:46

CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | 4:14-CR-0023 - A |
| § | |
| CHRISTOPHER ROBERT WEAST § | |

### DEFENDANT CHRISTOPHER ROBERT WEAST'S SECOND SUPPLEMENTAL MOTION FOR LEAVE FOR SUPPLEMENTAL DESIGNATION OF EXPERT WITNESS

COMES NOW, the Defendant, CHRISTOPHER ROBERT WEAST, by his counsel, Angela Saad, Assistant Federal Public Defender, and hereby files this second supplemental motion for leave for filing a supplemental designation of expert in the above styled case, and shows the Court the following:

The government has charged Mr. Weast with a crime that requires that the jury find beyond a reasonable doubt that Mr. Weast knew that he possessed an image of an actual child and that the visual depiction was of an actual child. The government did not allege a morphed image as defined under 18 U.S.C. 2256(8)(C), which is the only remaining subsection that is constitutional. The testimony of Bill McGregor will identify the images and video alleged in the indictment are visual depictions that could be altered or morphed.

Mr. McGregor has knowledge about information systems and digital forensics that allow him to further review an image to determine if, for example, this image is of a photograph taken from a camera or a visual depiction that has been altered or morphed. This information is relevant and reliable to the Court. This is a theory or technique that can be tested. This is a generally accepted theory in the scientific and expert community. In the same way that the Government's witness is relying on hash values to identify the same image on the internet as known child pornography, Mr.

McGregor will testify that it takes reviewing the metadata to know if the images are real or morphed. More importantly, Mr. McGregor will testify that at face value it is inconclusive to determine if a visual depiction is real or morphed.

Furthermore, the opinion regarding remote access or hacking is relevant because the government must prove that Mr. Weast beyond a reasonable doubt was the individual who knowingly possessed child pornography. Currently, the government has proof of a username "Chris" and references to the laptop and external hard drive located in what is believed to be Mr. Weast's bedroom. However, the government has no direct proof that the child pornography was knowingly possessed by Mr. Weast, as opposed to an internet hacker or another individual using the computer. The expert's testimony is based on techniques that can be tested and general acceptance of the theory in the scientific and expert community will be that it is possible that another individual used the computer, that it was accessed remotely, or hacked into via the internet or another device.

The Government relies on case law, specifically *United States v. Slanina*, 359 F.3d 356 (5th Cir. 2005), which does not relate to our current scenario. This case states that jurors can determine if an image is a real child as opposed to a virtual child without the use of an expert. To be clear, a virtual child is a digital image, computer image, or computer generated image that is indistinguishable from that of a minor. 18 U.S.C. 2256(B). This section of the law has been held to be unconstitutional and is not relevant to this case. Therefore, that standard is misplaced in this case.

The current question before the jury is whether the visual depiction is of an actual child, not an image of a person that has been altered to appear like a minor. Furthermore, the jury must also determine whether Mr. Weast knew that he possessed a visual depiction of an actual child. None

of the cases forbid or prevent a defendant from calling an expert witness to rebut the government's proof.

Based on defense counsel's review, the sufficiency of evidence for an actual minor versus a morphed child has not been addressed by the Courts. The cases cited by the government only relate to proof with regard to actual versus virtual minors.

The Government will presumably attempt to meet their burden by showing the images to prove it is an actual child. However, the government in unable to meet this burden. There remains the possibility that these images were altered or morphed. This possibility undermines the government's burden of proving that the visual depictions are of an actual child and that Mr. Weast knew that they were of an actual child. Therefore this evidence is relevant and should not be excluded pursuant to the Federal Rules of Evidence 401 and 403.

Respectfully submitted,
JASON HAWKINS
Federal Public Defender

BY: _____
Angela Saad
TX Bar No. 24059016
Asst. Federal Public Defender
819 Taylor Street, Room 9A10
Fort Worth, TX 76102-6114
817-978-2753
Attorney for Defendant

### CERTIFICATE OF SERVICE

I, Angela Saad, hereby certify that on July 23, 2014, a copy of the foregoing supplemental motion was hand delivered to Assistant United States Attorney Aisha Saleem at 801 Cherry St., Suite 1700, Fort Worth, Texas 76102-6897.

_____
Angela Saad