NORTHERN DISTRICT OF TEXAS
FILED
JUL 23 2014
CLERK, U.S. DISTRICT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:14-CR-023-A |
| | § | |
| CHRISTOPHER ROBERT WEAST | § | |

ORDER

On July 22, 2014, the court attempted to conduct a hearing in the above-captioned case for the purposes of further evaluating whether defendant, **CHRISTOPHER ROBERT WEAST**, should be kept outside the courtroom during his trial and the self-representation issue and of discussing procedures that would be followed if the court found no reason to change the ruling the court thus far has made that defendant should not be permitted to be in the courtroom during his trial.

Defendant's conduct was so disruptive that the court was unable to conduct the intended hearing. Doc. 158. He would not even identify himself by his real name, instead giving the fictitious name "James Joseph Smith" when the court asked him to state his name for the record. Id. at 3. When the court asked defendant why he did not use his real name, defendant responded "[b]ecause that is not my real name. You're looking for some fiction, sir, and I am not your fiction[,]" id. at 4, following up a few moments later with the statement "I am not the

defendant, sir. I am me, and the defendant is some fictitious entity that you all have created[,]" id. at 6, and:

> I am not the defendant, sir. I would like for this Court to prove on and for the record that I am the fictitious entity that this Court is pursuing because I am not that fictitious entity. I am not that fictitious person. I am not a fictitious corporate soul. I am a living, breathing human being, sir. I am the voice of God as far as this Court is concerned because the people are the voice of God, and you know what I'm talking about, box day (phonetic) sir, Maxim of Law, box day. The voice of the people is the voice of God.

Id. at 7. He then informed the court that the court was not addressing him lawfully because his name was not "Mr. Weast[,]" but "[i]t's Mr. Joseph Smith, and you cannot address me by any other name than my lawful name." Id. When the court realized that defendant was not going to permit the court to proceed with the hearing, the court remanded him to custody. As he was being taken from the courtroom by deputy marshals, he was combative both physically and verbally with the deputies.

Defendant's courtroom conduct on July 22 "was clearly of such an extreme and aggravated nature as to justify either his removal from the courtroom or his total physical restraint." Illinois v. Allen, 397 U.S. 337, 346 (1970). When his courtroom conduct on July 22 is considered together with the history outlined on pages 3-36 of the court's July 15, 2014 order, doc. 125, the court is persuaded, and finds, that there is no

possibility that any phase of a meaningful and orderly trial can be conducted if defendant is present in the courtroom.

The court has considered the possibility of allowing defendant to remain in the courtroom during his trial in a bound and gagged condition, but the court has rejected that possibility because it would be disruptive of the trial and likely would cause the defendant more harm in the eyes of the jury than would his absence from the courtroom.  The court also has considered the possibility of trying to cause defendant to conduct himself properly with threats, or orders, of contempt of court, but the behavior displayed by defendant with knowledge of the penalties to which he is subject if he is found guilty of the offenses charged by the superseding indictment, has caused the court to conclude that nothing would be accomplished by contempt threats or rulings against defendant.

In addition to continuing his disruptive courtroom behavior, defendant has continued to harass the court by bizarre filings with the clerk.  Since issuance of the court's July 15, 2014 order, defendant has made the following additional filings:

> 1.  On July 16, 2014, he filed a document titled "Letter to Public Trustee," doc. 127, that had attached to it copies of the original indictment and each of the three superseding indictments with the signature of either

3

"Christopher Robert Weast" or "Chris Weast Christopher Robert Weast" over the words either "indorsement without Recourse Authorized Representative" or "indorsement without Recourse Authorized Representative without Recourse" handwritten at the end of each.  The document lists the original and each of the superseding indictments over the signature of "Christopher Robert Weast" placed on a line above the words "without Recourse/Private Trustee Authorized Representative," and has the words above that listing "[t]he private trustee requests the public trustee to please settle and discharge the following bills attached and listed below as follows."  Id.

    2.   On July 18, 2014, he filed three documents, one, titled "Plea to Jurisdiction," was signed "James Joseph Smith" on a signature line over the words "Authorized Representative Without Recourse."  Doc. 137 at 2.  The other two, one titled "Affidavit of Fact," doc. 135, and the other titled "Affidavit of Fact Declaration of Nationality Ex Rel Superseding Information," doc. 136, were also signed with the name "James Joseph Smith."  In one of those documents, he recited "I am the Authorized Representative for CHRISTOPHER ROBERT WEAST as it, as a corporate fictional person, cannot speak for itself."  Id. at 2.

4

3. He filed two more on July 21, 2014, each signed "James Joseph Smith" and each titled "Affidavit of Fact." Docs. 147 & 148. In one of those, he said "I am refusing to consent to this court, this court erroneous orders, and/or anything this court tries to do to me." Doc. 148 at 2d page, ¶ 3.

4. He filed another on July 22, 2014, that was equally bizarre, which he signed "James" on a line over the words "Authorized Representative Without Prejudice." Doc. 153.

As the court discussed with counsel during a telephone conference conducted July 21, 2014, and at the July 22, 2014 hearing after defendant was removed from the courtroom, the court has in mind the following trial procedures:

Throughout the trial defendant will be placed in a conference room with a deputy marshal or marshals and a member of the staff of the Federal Public Defender's Office. The staff member in the conference room will be able to communicate with defense counsel in the courtroom by internet-connected computers so that if defendant wishes to communicate to his counsel in the courtroom a question to be posed to a witness or concerning matters related to jury selection, he will be able promptly to do so with the assistance of the staff member.

5

A closed circuit television arrangement will be utilized that will enable defendant to observe the panel from which the jury will be selected and the witnesses as they testify, and defendant will have audio availability that will enable him to hear the things that are being said in the courtroom. There will not be a monitor in the courtroom that will permit those in the courtroom to see defendant.

The court will give an appropriate instruction to the jury explaining that defendant will not be in the courtroom during his trial and that the jury should not treat defendant's absence from the courtroom as being any indication as to defendant's guilt or innocence. The court anticipates conferring with counsel about whatever instruction is given to the jury before it is given.

Counsel for both sides have agreed to the procedures outlined above if defendant is not permitted to be in the courtroom during the trial.

An area of initial disagreement had to do with the method by which witnesses would be able to identify defendant as the person about whom they are testifying. The parties ultimately agreed that witnesses could identify defendant by use of a photograph of defendant. The court's understanding is that the parties have agreed on a specific photograph that the government has included in its book of exhibits as a potential trial exhibit.

If the court finds that refinements in the procedures described above must be made during the course of the trial, the court will, after consultation with counsel, make appropriate refinements.

The court remains open to reconsideration of the court's ruling that defendant will be outside the courtroom during his trial if the court receives what the court interprets to be a genuine and sincere assurance by defendant that he will conduct himself properly in future court proceedings if he is allowed to be in the courtroom and of the court's self-representation ruling if the court receives such an assurance and is able to find that defendant has knowingly and voluntarily waived his right to counsel for a trial on the two counts of the third superseding indictment.

Counsel for defendant are directed to promptly deliver a copy of this order to defendant so that he will be aware of the procedures that will be followed during his trial and will be reminded of his options.

THE COURT SO ORDERS.

SIGNED July 23, 2014.

_____
JOHN McBRYDE
United States District Judge

7