ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 JUL 24  AM 8: 34

CLERK OF COURT

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | No. 4:14-CR-023-A |
| | § | |
| CHRISTOPHER ROBERT WEAST | § | |

## MEMORANDUM IN SUPPORT OF DEFENSE COUNSEL'S OPPOSITION TO GOVERNMENT'S MOTION FOR LEAVE TO FILE ADDITIONAL WITNESS AND EXHIBIT

TO THE HONORABLE JOHN MCBRYDE, UNITED STATES DISTRICT JUDGE:

COMES NOW, Christopher Robert Weast, defendant, through counsel Assistant Federal Public Defender Angela R. Saad, and hereby submits this memorandum in support of the defendant's opposition to the jury charge.

The superseding, the second superceding and the third superseding indictment all alleged that Mr. Weast was in possession of child pornography defined pursuant to 18 U.S.C. § 2256(8)(A). This definition of child pornography requires proof of an actual child and states "...the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A).

The government brought these charges and must prove these charges beyond a reasonable doubt. Defense counsel, during the charge conference memorandum in support of the jury charge objection, pointed out the standard of proof the government carries. At this time, defense counsel opposes and objects to the request by the government to add to their witness list and exhibit list three days before trial.

Furthermore, defense counsel objects to the anticipated additions to the witness list and exhibit list because this evidence does not satisfy the rules of evidence, much less constitutional

muster. The government intends to call FBI Special Agent James Wines who will testify about an interview he had with someone who was purportedly the alleged minor in the first three images of the first count of the indictment. SA Wines testimony is objectionable because it is hearsay and violates the Sixth Amendment of the United States Constitution. FED. R. EVID. 801; *Crawford v. Washington*, 541 U.S. 36 (2004). The testimony of SA Wines is hearsay because it is offered for the truth of the matter asserted. Furthermore, this testimony should be excluded because it denies Mr. West his opportunity to cross examine the witness.

The government, in addition, intends to admit a birth certificate of the alleged minor in the first three images of the first indictment. Defense counsel objects to this testimony as not properly authenticated and any attempt to authenticate the exhibit will be based on the foregoing hearsay testimony that simultaneously violates the Constitution.

Respectfully submitted,

JASON HAWKINS
Federal Public Defender
Northern District of Texas

BY: _____
ANGELA R. SAAD
Assistant Federal Public Defender
TX State Bar No. 24059016
819 Taylor Street, Room 9A10
Fort Worth, TX 76102-4612
(817) 978-2753