IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 24 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:14-CR-023-A |
| CHRISTOPHER ROBERT WEAST (01) | |

### GOVERNMENT'S BRIEF IN SUPPORT OF TESTIMONY OF AGENT, BIRTH CERTIFICATE

TO THE HONORABLE JOHN McBRYDE, UNITED STATES DISTRICT JUDGE:

The United States Attorney for the Northern District of Texas, by and through the undersigned Assistant United States Attorney, files this brief in support of the introduction of evidence regarding a minor.

At issue before the Court is whether the government should be permitted to introduce evidence by an FBI agent who can identify a minor who appears in three of the images charged in Count One. Additionally, the government seeks to introduce a copy of that minor's birth certificate, which would be relevant evidence regarding the age of the minor at the time the images were taken.

**Argument and Authorities**

    1.    **Witness identification of a real child**

The government seeks to introduce testimony from a fact witness who has met one of the victims depicted in several images of child pornography charged in Count One. The witness is an FBI agent who assisted with the prosecution of the producer of the images.

During the course of the prosecution, the agent had an opportunity to interact with the victim on more than one occasion while she was still under the age of 18.

Such testimony is admissible pursuant to Rule 401 as relevant because it has "any tendency to make a fact more or less probable than without the evidence," and it relates to an essential element that the government must prove. FED R. EVID. 401. The fact that a witness can testify that he has met the person who appears in child pornography images is some evidence that the image depicts an actual minor.

Such factual testimony is neither novel nor new. In *United States v. Salcido*, a detective testified that he had identified a victim seen in a child pornography video and that he had interviewed her on several occasions. 506 F.3d 729, 734-35 (9th Cir. 2007). The Ninth Circuit stated, "Based on this information, the jury could have concluded that the girl in the video was an actual person." *Id*. Similarly, in *United States v. Marchand*, the government introduced direct witness identification of real children through the testimony of an officer. 308 F.Supp.2d 498, 504-05 (D.N.J. 2004). In that case, a police officer positively identified a child appearing in an exhibit containing child pornography. *Id*. at 505. He testified that the child was between nine and 10 years of age when her father took the pictures and distributed them over the internet. *Id*. He also testified that she was 15-years-old when he met the victim and that she looked nearly the same at that age as she had looked at the time the child pornography images were taken. *Id*.

The government submits that the testimony of FBI Special Agent James Wines will be similar to that of the officer in *Marchand*.

In procuring this witness's testimony for the hearing scheduled July 25, 2014, the government briefly conversed with the subject matter at issue. The government anticipates that this witness can testify that the images of the victim were likely taken 2004 to 2006, which made the victim approximately nine to 11 years old in the images, and that the victim was 15 years old when he met her. He will also testify that she looked nearly the same as she appears in the pictures. And because he has met the person who is depicted in the images, he can testify that she is an actual minor. The agent should also be able to testify that she was a minor at the time that he met her and at the time the depictions were created because when he met her, the producer was being prosecuted and thus the depictions were taken prior to his initial contact with her.

### 2.   Admissibility of birth certificate

The government also seeks to introduce a birth certificate of a minor who appears in three of the images charged in Count One of the Third Superseding Indictment. This exhibit is also relevant evidence offered to show the person depicted in the images was in fact a minor when she was photographed.

A birth certificate is a record of vital statistics and therefore an exception to the hearsay rule. FED. R. EVID. 803(9). Although the defense has raised an authentication objection, the document is admissible because it bears evidence that is self-authenticating under the Rules of Evidence. FED. R. EVID. 902(1). As a domestic public document from Connecticut, the birth certificate contains a seal purporting to be that of the state of Connecticut and contains a signature from the assistant registrar certifying that the document is a true copy of the certificate received for record. (a redacted copy of the

**Brief in support of Testimony, Exhibit - Page 3 of 5**

birth certificate is attached)

Moreover, no confrontation clause is implicated by testimonial evidence. "Routine, objective, cataloging of an unambiguous factual matter such as a birth certificate is not testimonial." *United States v. Luna-Rodriguez*, 202 Fed. Appx. 224 (9th Cir. 2006) (citing *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005) (internal quotations omitted))(copy of opinion attached).

## Conclusion

In conclusion, the government submits that the testimony the government intends to offer as well as the minor's birth certificate are both relevant and admissible. Although the defense may oppose admission of both testimony and the government's exhibit, it is some evidence in support of the fact that the images possessed by the defendant depicted actual minors.

The government initially intended to rely on the images themselves to establish that they depict minors engaged in sexually explicit conduct, as permitted by the Fifth Circuit and other jurisdictions.

The government filed its motion for leave with amended witness and exhibit lists after the defense sought to introduce evidence through an expert witness to challenge whether the images are of actual minors after the government confirmed that this witness could be available for trial.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

AISHA SALEEM
Assistant United States Attorney
Texas State Bar No. 00786218
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile: 817-252-5455
Email: aisha.saleem@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2014, the foregoing Government's Brief in Support of Testimony and Exhibit was served by hand delivery to Angela Saad at 819 Taylor Street, Room 9A10, Fort Worth, Texas 76102.

AISHA SALEEM
Assistant United States Attorney

1

# DEPARTMENT OF PUBLIC HEALTH

**CERTIFICATE OF LIVE BIRTH** amended   1069502I314   STATE OF CONNECTICUT
**DEPARTMENT OF HEALTH SERVICES**
150 Washington Street, Hartford, Connecticut 06106

M 118922 1

**THIS CHILD**
- Weight: 2948 Grams
- Sex: FEMALE
- Hour of Birth: 1110
- Date of Birth: JULY 21, 1995
- Plurality: SINGLE

**PLACE OF BIRTH**
- Town: GREENWICH
- County: FAIRFIELD
- Hospital Name: GREENWICH HOSPITAL ASSN.

**MOTHER**
- Age: 35
- Residence: GREENWICH, CT 06830
- Birthplace of Mother: CT
- Occupation: GRAPHICS/PRODUCTION
- Hispanic Origin: NO
- Race: WHITE

**FATHER**
- Age: 36
- Birthplace of Father: NJ
- Occupation: AUTO PARTS
- Hispanic Origin: NO
- Race: WHITE

**INFORMANT:** JEFFREY & ROPHANDIE RICHARDS — Relationship to Child: PARENTS

**ATTENDANT'S CERTIFICATION**
- Date: 8-6-95
- ROBERT E HARDY, MD
- 4 DEARFIELD DRIVE, GREENWICH, CT 06830

**REGISTRAR Town of Occurrence:** AUG 11 1995 — Barbara Lowden

#30A, 30B 8/11/95

I CERTIFY THAT THIS A TRUE COPY OF THE CERTIFICATE RECEIVED FOR RECORD
ATTEST: Barbara Lowden, ASSISTANT REGISTRAR

THE SEAL OF THE STATE OF CONNECTICUT IS AFFIXED TO CERTIFY THAT THE ABOVE IS A TRUE COPY OF A RECORD FILED WITH THE STATE OF CONNECTICUT DEPARTMENT OF PUBLIC HEALTH PURSUANT TO THE PROVISIONS OF THE GENERAL STATUTES OF CONNECTICUT.

*Julianne Konopka*
JULIANNE KONOPKA
ACTING REGISTRAR OF VITAL RECORDS

MAR 0 3 2010
DATE OF ISSUE

GOVERNMENT'S EXHIBIT
81
4:14-CR-023-A
USA v. Weast (01)

0527387




ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

2

Westlaw.

Page 1

202 Fed.Appx. 224, 2006 WL 2686679 (C.A.9 (Cal.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 202 Fed.Appx. 224, 2006 WL 2686679 (C.A.9 (Cal.)))**

**H**
This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Ninth Circuit Rule 36-3. (Find CTA9 Rule 36-3)

United States Court of Appeals,
Ninth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Enrique LUNA-RODRIGUEZ, Defendant-Appellant.

No. 05-50812.
Submitted Sept. 15, 2006.$^{FN*}$

FN* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed Sept. 20, 2006.

**Background:** Defendant charged with illegal re-entry following deportation moved to dismiss indictment. The United States District Court for the Southern District of California, John A. Houston, J., denied motion, and defendant appealed.

**Holdings:** The Court of Appeals held that:
(1) due process violation in defendant's deportation proceeding did not invalidate deportation order;
(2) defendant's foreign birth certificate and related attestations were not testimonial for purposes of Confrontation Clause analysis; and
(3) defendant was not entitled to jury trial on existence of prior conviction.

Affirmed.

West Headnotes

**[1] Aliens, Immigration, and Citizenship 24 ⇔ 377**

24 Aliens, Immigration, and Citizenship
   24V Denial of Admission and Removal
      24V(F) Order and Warrant; Enforcement
         24k375 Collateral Attack
            24k377 k. Failure to Advise Alien of Rights in General. Most Cited Cases
Due process violation occasioned in deportation proceeding by immigration judge's failure to advise alien of his eligibility for discretionary waiver of deportation did not prejudice alien and did not invalidate deportation order, for purposes of subsequent prosecution for illegal re-entry following deportation, where facts presented did not permit plausible showing that attorney general would have exercised discretion in alien's favor; defendant had prior conviction for possession of cocaine with intent to distribute, an aggravated felony, and had jumped bail. U.S.C.A. Const.Amend. 5.

**[2] Criminal Law 110 ⇔ 662.40**

110 Criminal Law
   110XX Trial
      110XX(C) Reception of Evidence
         110k662 Right of Accused to Confront Witnesses
            110k662.40 k. Use of Documentary Evidence. Most Cited Cases
Defendant's foreign birth certificate and related attestations by United States consular official and Mexican official as to authenticity thereof were not "testimonial" in nature, and their admission in prosecution for illegal re-entry following deportation did not violate defendant's Confrontation Clause rights. U.S.C.A. Const.Amend. 6.

**[3] Jury 230 ⇔ 34(7)**

230 Jury
   230II Right to Trial by Jury
      230k30 Denial or Infringement of Right

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

202 Fed.Appx. 224, 2006 WL 2686679 (C.A.9 (Cal.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 202 Fed.Appx. 224, 2006 WL 2686679 (C.A.9 (Cal.)))

        230k34 Restriction or Invasion of Functions of Jury
           230k34(5) Sentencing Matters
              230k34(7) k. Particular Cases in General. Most Cited Cases

Defendant was not entitled to jury trial on existence of prior conviction relied upon as basis for charge of illegal re-entry following deportation. U.S.C.A. Const.Amend. 6; Immigration and Nationality Act, § 276(b), 8 U.S.C.A. § 1326(b).

*224 AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant-Appellant.

Appeal from the United States District Court for the Southern District of California, John A. Houston, District Judge, Presiding. D.C. No. CR-04-02963-JAH.

*225 Before: WALLACE, O'SCANNLAIN, and WARDLAW, Circuit Judges.

MEMORANDUM [FN**]

    FN** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**1 Luna-Rodriguez appeals from the district court's denial of his motion to dismiss the indictment for violation of 8 U.S.C. § 1326, based on defects in his underlying deportation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's refusal to dismiss the indictment de novo. *United States v. Ubaldo-Figueroa,* 364 F.3d 1042, 1047 (9th Cir.2004). To sustain a collateral attack on the validity of a deportation order under section 1326(d), the defendant must show that (1) his "due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of those defects." *Id.* at 1048, quoting *United States v. Zarate-Martinez,* 133 F.3d 1194, 1197 (9th Cir.1998).

[1] The government concedes that Luna-Rodriguez's due process rights were violated at the underlying proceeding by the immigration judge's failure to advise him of his eligibility for discretionary waiver of deportation by the Attorney General under former section 212(c) of the Immigration and Nationality Act. At issue is whether Luna-Rodriguez was prejudiced by this violation.

To show prejudice in this context, Luna-Rodriguez "must make a 'plausible' showing that the facts presented would cause the Attorney General to *exercise discretion* in his favor." *United States v. Arce-Hernandez,* 163 F.3d 559, 563 (9th Cir.1998) (emphasis added); *see also United States v. Corrales-Beltran,* 192 F.3d 1311, 1316 (9th Cir.1999).

Luna-Rodriguez had a prior conviction for possession of cocaine with intent to distribute, an aggravated felony, and had jumped bail. He points to his business and family ties in the United States in arguing that waiver was "plausible." In light of his criminal record, however, he has not made a "plausible" showing that these facts "would cause the Attorney General to exercise discretion in his favor." Thus, we affirm the district court's denial of Luna-Rodriguez's motion to dismiss the indictment.

[2] Luna-Rodriguez also argues that the Confrontation Clause was violated by the district court's admission of (1) his foreign birth certificate and (2) the related attestations by a U.S. consular official and a Mexican official as to the birth certificate's authenticity. We review this argument de novo. *United States v. Weiland,* 420 F.3d 1062, 1076 n. 11 (9th Cir.2005).

The Confrontation Clause is implicated only by testimonial evidence. *See Crawford v. Washington,*

202 Fed.Appx. 224, 2006 WL 2686679 (C.A.9 (Cal.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 202 Fed.Appx. 224, 2006 WL 2686679 (C.A.9 (Cal.)))

541 U.S. 36, 51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *United States v. Bahena-Cardenas,* we held that the "routine, objective, cataloging of an unambiguous factual matter" such as a birth certificate is not testimonial. 411 F.3d 1067, 1075 (9th Cir.2005). Similarly, in *Weiland,* we held that the Confrontation Clause was not implicated by "a routine attestation to authority and signature, such as that provided by the Secretary of State." 420 F.3d at 1077. Therefore, the district court correctly determined that the Confrontation Clause is not implicated by either the admission of Luna-Rodriguez's Mexican birth certificate or its attached attestations.

**2 [3] Finally, Luna-Rodriguez unpersuasively argues that 8 U.S.C. § 1326(b) is *226 unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and that *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) is no longer good law. We review violations of *Apprendi* de novo. *United States v. Smith,* 282 F.3d 758, 771 (9th Cir.2002). In contrast to Luna-Rodriguez's assertions, in *United States v. Ochoa-Gaytan,* we held that *Apprendi* "unmistakably carved out an exception for 'prior convictions' that specifically preserved the holding of *Almendarez-Torres.*" 265 F.3d 837, 845-46 (9th Cir.2001), quoting *United States v. Pacheco-Zepeda,* 234 F.3d 411, 414 (9th Cir.2000). Moreover, in *Weiland,* 420 F.3d at 1080 n. 16, we stated that we are bound to follow a controlling Supreme Court precedent such as *Almendarez-Torres* "until it is explicitly overruled by that Court."

**AFFIRMED.**

C.A.9 (Cal.),2006.
U.S. v. Luna-Rodriguez
202 Fed.Appx. 224, 2006 WL 2686679 (C.A.9 (Cal.))

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.