ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 JUL 25  AM 8: 48

CLERK OF COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 4:14-CR-023-A |
| | § | |
| CHRISTOPHER ROBERT WEAST | § | |

## DEFEDNAT'S RESPONSE TO GOVERNMENT'S BRIEF IN SUPPORT OF TESTIMONY OF AGENT, BIRTH CERTIFICATE

The government has filed for leave to amend their exhibit and witness list to call FBI Special Agent James Wines. He is a putative "fact witness." It is anticipated that he will testify that he has spoken with people he believes can or did identify as real persons a person depicted in an image alleged to have been possessed by the defendant. It is anticipated that with this inadmissible testimony he will lay the foundation to the birth certificate.

**1.     The testimony of SA Wines is inadmissible hearsay and violates the Confrontation Clause.**

The government relies on two cases to state that this evidence is not novel or new; however, neither case states that this type of testimony does not violate the confrontation clause and is not hearsay. Both the *Salcido* and *Marchand* cases address a sufficiency of the evidence claim on appeal. *United States v. Salcido*, 506 F.3d 729, 734–35 (9th Cir. 2007); *United States v. Marchand*, 308 F.Supp.2d 498, 504-05 (D.N.J. 2004). There is no indication from the cases that this evidence survived a hearsay and confrontation clause objection. In fact, *Marchand* was decided on March 5, 2004, three days before *Crawford v. Washington* was decided. *Marchand*, 308 F.Supp.2d 498;

1

*Crawford*, 514 U.S. 36 (2004).

The government is attempting to admit identification testimony from Special Agent James Wines ("SA Wines"). However, SA Wines is not presenting eyewitness identification testimony. SA Wines was not an eyewitness to a crime. SA Wines was not present when these images were captured of the victim. The images were purportedly taken from 2004 to 2006 when the victim was 9 to 11 years old. SA Wines did not interview the victim until the victim was 15 years old, which could have been in 2008, 2009, or 2010. The only connection SA Wines has to these images and the victim was his work as an investigator for an offense that occurred four to six years prior.

The testimony the government wants to admit is similar to the progeny of cases that address the unreliability of eyewitness identifications when they occur under suggestive circumstances. *See e.g. Neil v. Biggers*, 409 U.S. 188 (1972) ("[i]t is the likelihood of misidentification which violates a defendant's right to Due Process . . . . Suggestive confrontations are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous."); *Manson v. Braithwaite*, 432 U.S. 98 (1977) (when police subject an eyewitness to an unduly suggestive identification procedure resulting in a very substantial likelihood of irreparable misidentification, the Due Process Clause of the Fourteenth Amendment may require exclusion of the witness's identification at trial). The suggestive nature of these identifications were considered unreliable based on the totality of circumstances that undermined the identification procedure. While SA Wines was not subjected to the same type of suggestive lineup, his identification relies on the details and facts of the investigation to formulate or suggest an identification.

Without the facts of the investigation and the hearsay statements of the victim, SA Wines

would not be able to make this identification. SA Wines identification testimony cannot be dissociated from his knowledge of the investigation and statements made by other declarants, particularly the victim. Defense counsel speculates that if SA Wines saw this victim walking down the street he would not be able to identify this person as the same minor in the image. The statements of the victim are the backbone of SA Wines's testimony. To admit his testimony would be a violation of confrontation clause and the evidentiary rules.

Furthermore, because SA Wines was not present when the photographs were taken, he cannot say that the person in the image was the actual minor doing sexually explicit conduct. SA Wines does not have personal knowledge that the image was real or that it actually occurred. There remains the possibility that the images were morphed. The possibility that the face of the victim portrayed in these images could have been transposed onto a photograph of an adult doing sexually explicit conduct remains. To allow SA Wines testimony, would not be reliable, but for the hearsay statements that substantiate his identification. To allow this hearsay would violate the confrontation clause.

### A. SA Wines statements, which are based on the statements from the victim, are testimonial and Mr. Weast has the right to cross-examine the victim.

Out of court testimonial statements where the defendant has no opportunity to cross-examine "make out a violation of the Sixth Amendment" regardless of the declarant's unavailability because "the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford v. Washington*, 541 U.S. 36, 59, 68-69 (U.S. 2004).

As the Supreme Court stated in *Crawford*: "the principal evil at which the Confrontation

Clause was directed was the . . . use of ex parte examinations as evidence against the accused." Id. at 50. This appears to be exactly the type of evidence the government seeks to introduce through Special Agent Wines. Whereas, "ex parte examinations might sometimes be admissible under modern hearsay rules, . . . the Framers certainly would not have condoned them." Id.

Testimonial statements include "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial" and "[s]tatements taken by police officers in the course of interrogations . . . ." Id. at 51- 52. The Supreme Court noted that it used "the term 'interrogation' in its colloquial, rather than any technical legal, sense." Id. at 53, n.4. The normal non-technical definition of interrogation is simply "[t]he action of interrogating or asking questions; a questioning." Oxford English Dictionary, 2d ed. (internet site: http://dictionary.oed.com). In this case, the testimony is clearly testimonial. SA Wines spoke with this victim "during the course of prosecution" and "assisted with the prosecution of the producer of the images," according to the government's motion. Therefore, these statements are testimonial because they were made under circumstances which would be available for use at a later trial.

> **B.    SA Wines testimony is hearsay because it is based on oral and written statements, including but not limited to reports of investigations and discussions with the victim and other law enforcement agents.**

Weast's objection is that this evidence is hearsay in violation of Federal Rules of Evidence 801. The testimony of SA Wines is being offered for the truth of the matter asserted. His testimony is based on the statements of the victim, which establish and substantiate his identification of the victim in this case. The government stated that SA Wines spoke with this victim "during the course of prosecution" and "assisted with the prosecution of the producer of the images." These

conversations and investigations formulated his identification testimony.

Lastly, the government has not identified an exception under the rules of evidence that would allow this evidence.

**2.     The birth certificate cannot be properly entered into evidence because it is substantiated by SA Wines testimony which remains inadmissible hearsay and violates the Confrontation Clause regardless of Fed. R. Evid. 803(9).**

Lastly, based on the foregoing hearsay and confrontation objection, defense counsel objects to the admission of the birth certificate. While defense counsel agrees that Fed. R. Evid. 803(9) provides an exception to the hearsay rule, the testimony that is required to authenticate it and admit the birth certificate is based on hearsay, which in turn violates the confrontation clause.

Based on the foregoing, defense counsel requests the Court not grant the government leave to amending their witness and exhibit list to include evidence that is inadmissible.

Respectfully submitted,

JASON HAWKINS
Federal Public Defender
Northern District of Texas

BY:_____
ANGELA R. SAAD
Asst. Federal Public Defender
TX State Bar No. 24059016
819 Taylor Street, Room 9A10
Fort Worth, TX  76102
(817) 978-2753

## CERTIFICATE OF SERVICE

I, Angela Saad, hereby certify that on July 25, 2014, a copy of the foregoing memorandum was hand delivered to the United States Attorney's Office at 801 Cherry Street, Suite 1700, Fort Worth, Texas 76102-6897.

_____
ANGELA R. SAAD