ORIGINAL   U.S. Court of Appeals

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 JUL 28  AM 9:07

CLERK OF COURT

UNITED STATES OF AMERICA   )
)
)
V.                         ) No 4:14-CR-00023-A
)
)
CHRISTOPHER ROBERT WEAST, ex rel )

## PLEA TO JURISDICTION
~~Writ of Habeas Corpus~~
## MOTION TO DISMISS

Comes Now James Joseph Smith, the one being held as the accused, who hereby demands of this legislative tribunal and judicial assembly the release of James Joseph Smith because of the lack of exclusive jurisdictional authority over the exact geographical location where the alleged criminal activity mentioned in the indictment took place; and hereby files this Writ of Habeas Corpus.

A recent Supreme Court decision, decided April 26, 1995, addresses the issues of exclusive legislative jurisdiction of the Congress, the powers of the Federal government, and the subsequent subject matter of a Federal District Court. Supreme Court Justice Thomas in the concurring majority opinion in the case of United States v. Lopez, No. 93-1260, 115 S. Ct. 1624, 131 L. Ed. 2d 626, states very clearly:

Indeed, on this crucial point, the majority and Justice Breyer [the Justice writing the dissenting opinion] agree in principle: the Federal Government has nothing approaching a police power."

Then Justice Thomas went on to discuss a regulation of police (pg. 86), wherein he stated:

United States v. Dewitt, 76 US 41 9 Wall 4, 19 L. Ed. 593 (870), marked the first time the court struck down as exeeding the power conveyed by the commerce clause. In a 2 page opinion, the court invalidated a nation-wide law prohibiting all sales of ~~naptha~~ naphtha, and illuminating oils. In so doing, the court remarked that the commerce clause has always been understood as limited by its terms; and as a virtual denial of any power to interfere with the internal trade and business of the separate states."

Further support for this understanding is readily available from the courts:

Special provision is made in the Constitution for the cession of jurisdiction from the states over places where

the federal government shall establish forts or other military works. And it is only in these places, or in territories of the United States, where it can exercise a general jurisdiction. [New Orleans v. United States, 35 U.S. (10 Pet.) 662 (1836)]

All legislation is prima facie territorial [American Banana Co. v. U.S. Fruit, 213 U.S. 347 at 357-358]

There is a canon of legislative construction which teaches Congress that, unless a contrary intent appears [legislation] is meant to apply only within territorial jurisdiction of the United States. [U.S. v. Spelar, 338 U.S. 217 at 222]

the United States never held any municipal sovereignty, jurisdiction, or right of soil in Texas or any of the new states which were formed... The United States has no Constitutional capacity to exercise municipal jurisdiction, sovereignty or eminent domain, within the limits of a state or elsewhere, except in the cases in which it is expressly granted... [Pollard v. Hagan, 44 U.S.C. 213, 221, 223]

capacity to exercise municipal jurisdiction, sovereignty or eminent domain, within the limits of a state or elsewhere, except in the cases in which it is expressly granted... [Pollard v. Hagan, 44 U.S.C. 213, 221, 223]

... the states are separate sovereigns with respect to the federal government. [Heath v. Alabama, 474 U.S. 187]

No sanction can be imposed absent proof of jurisdiction [Stanard v. Olesen, 74 S. Ct. 768]

Once challenged, jurisdiction cannot be 'assumed', it must be proved to exist. [Stuck v. Medical Examiners, 94 Ca2d 751. 211 P2s 389]

Jurisdiction, once challenged, cannot be assumed and must be decided. [Maine v. Thiboutot, 100 S. Ct. 250]

... Federal jurisdiction cannot be assumed, but must be clearly shown. [Brooks v. Yawkey, 200 F. 2d 633]

The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings. [Hagans v. Lavine, 415 U.S. 533]

If any tribunal finds absence of proof of jurisdiction over human being and subject matter, the case must be dismissed. [Louisville R.R. v. Motley, 211 U.S. 149, 29 S. Ct. 42]

Other cases also such as McNutt v. G.M., 56 S. Ct. 789, 80 L. Ed. 1135, Griffin v. Mathews, 310 Supp. 341, 423 F. 2d 272, Basso v. U.P.L., 495 F. 2d. 906, Thompson v. Gaskiel, 62 S. Ct. 673, 83 L. Ed. 111, and Albrecht v. U.S., 273 U.S. 1, also all confirm, that, when challenged, jurisdiction must be documented, shown, and proven, to lawfully exist before a cause may lawfully proceed in the courts...

Title 18 U.S.C. 7 specifies that the territorial jurisdiction of the United States extends only outside the boundaries of lands belonging to any of the 50 states, and Title 40 U.S.C. 255 specifies the legal conditions that must be fulfilled for the United States government to have exclusive or shared jurisdiction within the area of lands belonging to the States of the Union.

Therefore, the one being held as the accused, under someone elses name, having asked and expressed his wish to have the court of John McBryde, establish the required exclusive Federal jurisdiction that has been merely assumed in this matter, consisting of:

1. Documentation showing ownership of each and every geographical location mentioned in the instant indictment wherein the alleged criminal activity took place and;

2. Documentation from the legislature of the Republic of Texas surrendering jurisdiction to the Federal government over the same geographical location as in #1.

3. Documentation pursuant to Title 40 U.S.C. 255, wherein the United States accepted jurisdiction to the same geographical location as specified in #1, OR, documentation showing concurrent jurisdiction with the Republic of Texas over the geographical location in #1;

repeatedly, without response from the government prosecutor and/or John McBryde regarding my multiple Pleas to jurisdiction which the court refuses to act on and yet continues to proceed unlawfully against one of the people who isn't the named Defendant, the one being held as the accused, has come to the conclusion that I am being held, detained and confined, contrary to the law, just as Yick Wo v. Hopkins, 118 US 356, 370, states that "the people are "not subject" to the law" which is called code. "Sovereignty itself is, of course, not subject to law; but, in our system, while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts." Justice Matthews in Yick Wo v. Hopkins, supra at pg 370 (1886)