# ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 OCT -3  PM 3: 34

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO.  4:14-CR-00023-A |
| v. | |
| CHRISTOPHER ROBERT WEAST | |

## GOVERNMENT'S MOTION AND BRIEF FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE

The United States of America ("the government") requests a preliminary order of forfeiture. In support, the government states as follows:

## I. BACKGROUND

1.      Counts one and two of the third superseding indictment charge Christopher Robert Weast ("the defendant") with violating 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2) and 18 U.S.C. § 2252A(a)(2)(A) and 2252A(b)(1).  (Dkt. No. 103.)  The third superseding indictment also gave the defendant notice that the government would seek forfeiture of property from him based on his conviction of the offenses alleged in counts one and two and pursuant to 18 U.S.C. § 2253, specifically the following: one HP laptop computer SN# CNF8234HX7 and one Western Digital external drive SN# WCAV5C309672 ("the property").

2.      A jury trial was held in this case on July 28 and 29, 2014.  The jury found the defendant guilty on counts one and two of the third superseding indictment, as well as the property was used or intended to be used to commit or to promote the commission of those offenses.  (Dkt. No. 211, 213.)

## II. AUTHORITIES

3.     The Court's jurisdiction is based on 18 U.S.C. § 2253(a) and Rule 32.2 of

the Federal Rules of Criminal Procedure.

4.     18 U.S.C. § 2253(a) provides that any person convicted of a violation of 18

§ 2252A shall forfeit property, real and personal, to the government which was used or

intended to be used to commit or to promote the commission of the violation.

## III. ARGUMENT

5.     Based upon the jury's verdict and the evidence presented at trial concerning counts

one and two, the government has established the requisite nexus between the property

and the offenses alleged in counts one and two of the third superseding indictment.

Accordingly, the property is subject to forfeiture to the government.

6.     In accordance with Fed. R. Crim. P. 32.2(b), if there is a finding property is

subject to forfeiture, a preliminary order of forfeiture directing the forfeiture of that

property shall be promptly entered.  This order is entered without regard to any third

party's interest in all or part of the forfeited property; a third party's interest is

adjudicated in the ancillary proceeding under Rule 32.2(c).

7.     Upon the issuance of a preliminary order of forfeiture and pursuant to 21 U.S.C.

§ 853(n)[1] and Fed. R. Crim. P. 32.2(b)(6), the Attorney General (or a designee) will

post on an official internet government forfeiture site (www.forfeiture.gov) for at least 30

consecutive days, which notice describes the property with reasonable particularity; states

---

[1]     Section 2253(b) of Title 18 U.S.C. incorporates all the provisions of 21 U.S.C. § 853 with the exception of
subsections (a) and (d).

the time under 21 U.S.C. § 853(n) when a petition contesting the forfeiture must be filed [no later than 60 days after the first day of publication on an official internet government forfeiture site]; and names and gives contact information for the government attorney to be served with the petition [Aisha Saleem, assistant United States attorney, and/or Megan Fahey, assistant United States attorney, Burnett Plaza Suite 1700, 801 Cherry Street Unit #4, Fort Worth, Texas 76102]. This notice shall also state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and the relief sought. Further, the government shall send, by means reasonably calculated to reach the person, direct written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the property in the ancillary proceeding.

## IV. RELIEF

8.     Therefore, the government respectfully requests this Court enter a Preliminary

Order of Forfeiture forfeiting to the government the property and ordering the U.S.

Marshals Services (or its designee) to seize and maintain custody and dispose of it in

accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

Megan J. Fahey
Assistant United States Attorney
Texas State Bar No. 24043655
Burnett Plaza Suite 1700
801 Cherry Street Unit 4
Fort Worth, Texas 76102-6882
Telephone: 817-252-5200
Facsimile: 817-252-5455
megan.fahey@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that on October 2, 2014, I sent an electronic mail message to Chris Curtis
(chris_curtis@fd.org), the defendant's attorney, providing him a copy of the proposed
motion and accompanying order and requesting a conference on them and that on
October 3, 2014, he responded that the defendant opposes the relief requested because
the defendant pleaded not guilty and believes the government failed to prove all the
elements of the offense beyond a reasonable doubt.

Megan J. Fahey
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above pleading was this day served upon Chris Curtis, counsel of record for the defendant, in accordance with the provisions of Rule 49 of the Federal Rules of Criminal Procedure.

DATED this 3rd day of October, 2014.

Megan J. Fahey
Assistant United States Attorney