

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | 4:14-CR-023-A |
| CHRISTOPHER ROBERT WEAST (1) | | |

### DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND IN THE ALTERNATIVE REQUEST FOR SENTENCING VARIANCE

TO THE HONORABLE JOHN H. MCBRYDE, UNITED STATES DISTRICT JUDGE:

COMES NOW, CHRISTOPHER ROBERT WEAST, defendant, by and through his attorney of record, CHRISTOPHER A .CURTIS, and hereby submits this motion for downward departure and in the alternative request for sentencing variance, and shows as follows:

I.

The defendant is charged with and has been found guilty by a jury of one count of possession of child pornography, in violation of 18 U.S.C. §2252A(5)(B) and (b)(1), and one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(20(A) and (b)(2). The defendant's advisory guideline imprisonment range is 360 months to life, based upon a total offense level of 42 and a criminal history category I. The defense contends that a downward sentencing variance is appropriate, warranted and reasonable in this case for the reason that the sentencing guidelines for child pornography offenses, specifically U.S.S.G. §2G2.2 and its post-Protect Act amendments, are themselves flawed in that they are not the result of the ususal empirical study, oversight, and review

to which most guideline amendments are subjected; they result in offense levels and imprisonment ranges that vastly and grossly overstate the seriousness of the offense conduct and the background and characteristics of the defendants; they result in severe sentencing disparity, of the kind that the Supreme Court has specifically held a sentencing court may take into consideration in varying from an advisory guideline imprisonment range (*See Kimbrough v. United States*, 552 U.S. 85, 101 (2007)); and the guidelines and resulting advisory imprisonment range fail to take into account relevant sentencing factors pursuant to 18 U.S.C. § 3553(a).

## II.

Post-*Booker*, district court's have considerable discretion when determining the proper sentence for a criminal defendant. *See Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). Sentencing judges are now free to vary from a guideline sentence based solely on policy considerations, including disagreements with the guidelines. *See Kimbrough v. United States*, 552 U.S. 85, 101-102, 128 S. Ct. 558, 570 (2007); and *Rita v. United States*, 551 U.S. 338, 351, 127 S. Ct. 2456, 2465 (2007). District courts must "impose a sentence sufficient, but not greater than necessary," to reflect the factors set forth in 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 552 U.S. at 101.

In *Kimbrough*, the Supreme Court addressed whether disagreement with the crack cocaine guidelines was a proper ground for a post-Booker sentencing variance, applying the factors set forth in 18 U.S.C. 3553(a). *See Kimbrough v. United States*, 552 U.S. at 102. In answering that question in the affirmative, the Court relied heavily on the fact that the crack cocaine guidelines did not "exemplify the Commission's exercise of its characteristic institutional role." *Id.* at 109. "In formulating Guidelines ranges for crack cocaine offenses, as we earlier noted, the Commission

looked to the mandatory minimum sentences set in the 1986 Act, and did not take account of 'empirical data and national experience.'" Id. quoting, United States v. Pruitt, 502 F.3d 1154, 1171 (10th Cir. 2007).

Similar to the crack cocaine guidelines, the guidelines for offenses of possession of child pornography, "diverge significantly from the Sentencing Commissions typical, empirical approach, and produce a sentence greater than necessary to provide just punishment," in cases such as this one. United States v. Hanson, 561 F. Supp.2d at 1008.

"[G]uideline 2G2.2 is not representative of the Commission's typical role or of empirical study." Id. at 1009, citing Troy Stabenow, Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines, available at http://sentencing.typepad.com (June 10, 2008). Guideline 2G2.2 contains several severe offense level enhancements, such as enhancements for use of a computer, images containing children under the age of 12, number of images, trading images, and images containing sadistic or masochistic conduct, that apply in almost every possession case. See id. Since these enhancements have been added to U.S.S.G. §2G2.2 between 1994 and 2007, the mean sentence in child pornography cases has increased from 36 months to 110 months. See id.

As explanation of how this guideline is flawed and fails to reflect the Commission's tradition empirical and studied approach to fashioning a guideline, most of these enhancements are the result of two amendments to the child pornography guidelines, to wit: the Protect Act, Pub. L. No. 108-21 (2003) and the Feeney Amendment in 2004. These two pieces of legislation drastically increased the guidelines for child pornography in the November 2003 and November 2004 editions of the United States Sentencing Guidelines. These Amendments were presented to Congress without the

Sentencing Commission being consulted and over the objection of the Sentencing Commission, the Chairman of the House Committee on the Judiciary, the Judicial Conference of the United States, and the American Bar Association, on the grounds that these changes were being made without adequate review and analysis. See Skye Phillips, Protect Downward Departures: Congress and the Executive's Intrusion Into Judicial Independence, 12 J.L. & Pol'y 947, 991-992, 991, n. 219 (2004).

Consequently, the Courts of Appeals in several circuits have found that the advisory imprisonment ranges resulting from U.S.S.G. §2G2.2 create a sentence greater than necessary to address the sentencing factors set forth in 18 U.S.C. § 3553(a). See United States v. Stone, 575 F.3d 83, 97 (1st Cir. 2009) ("[W]e wish to express our view that the [child pornography] sentencing guidelines at issue are in our judgment harsher than necessary."); United States v. Dorvee, 616 F.3d 174, 188 (2d. Cir. 2010) (recognizing that application of child pornography guidelines "typically yields a sentence 'greater than necessary' to achieve the goals of § 3553(a)."); United States v. Grober, 623 F.3d 592, 603-609 (3rd Cir. 2010)(Affirming a district court's downward variance from the advisory guideline range of 253-293 months in a child pornography case to the statutory minimum sentence of five years.); See also United States v. Grossman, 513 F.3d 592, 597-98 (6th Cir. 2008) United States v. McNerney, 636 F.3d 772, 775-78 (6th Cir. 2011); United States v. Huffstatler, 571 F.3d 620, 622-23 (7th Cir. 2009); United States v. Henderson 649 F.3d 955, 960-62 (9th Cir. 2011).

Likewise, district courts across the country have also routinely rejected the advisory guideline imprisonment ranges set by U.S.S.G. § 2G2.2 in favor of sentences that more appropriately reflect consideration of 3553(a) factors. See, e.g., United States v. Abraham, 2013 U.S. Dist. LEXIS 69151 (D. Neb. May 15, 2013) (downwardly varying from range of 210-240 months [also Walsh's range]

to six years imprisonment); *United States v. Stern*, 590 F. Supp. 2d 945 (N.D. Ohio 2008); *United States v. Johnson*, 588 F. Supp. 2d 997 (S.D. Iowa 2008); *United States v. Baird*, 580 F. Supp. 2d 889 (D. Neb. 2008); *United States v. Hanson*, 561 F. Supp. 2d 1004 (E.D. Wis. 2008); *United States v. Diaz*, 720 F. Supp. 2d 1039 (E.D. Wis. 2010); *United States v. Riley*, 655 F. Supp. 2d 1298 (S.D. Fla. 2009); *United States v. McElheney*, 630 F. Supp. 2d 886 (E.D. Tenn. 2009); *United States v. Beiermann*, 599 F. Supp. 2d 1087 (N.D. Iowa 2009); *United States v. Phinney*, 599 F. Supp. 2d 1037 (E. D. Wis. 2009).

Accordingly, a downward variance is appropriate and warranted under these circumstances pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a)(1) (the nature and circumstance of the offense and the history and characteristics of the defendant) as well as 18 U.S.C. §3553(a)(2)(A)(to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense); (B) (to afford adequate deterrence to criminal conduct); and (C) (to protect the public from further crimes of the defendant).

Wherefore, the defense prays the Court impose a sentence that would be either a downward departure or downward variance from the advisory guideline range of 360 months to life. The defense objects to a sentence either within or above the advisory guideline range as both procedurally and substantively unreasonable.

Respectfully submitted,

RICHARD A. ANDERSON
Federal Public Defender
Northern District of Texas

BY: /s/
CHRISTOPHER A. CURTIS
Asst. Federal Public Defender
TX State Bar No. 05270900
819 Taylor Street, Room 9A10
Fort Worth, TX 76102-4612
(817) 978-2753

## CERTIFICATE OF SERVICE

I, CHRISTOPHER CURTIS, hereby certify that on this the 21st day of October 2014, a copy of the original of this motion for downward departure/sentencing variance were hand delivered to the office of Aisha Saleem, Assistant United States Attorney, and hand delivered to the office of Staci Bradford, United States Probation Officer.

/s/
CHRISTOPHER CURTIS

## CERTIFICATE OF CONFERENCE

I, CHRISTOPHER CURTIS, hereby certify that on this the 20th day of October, 2014, I conferred with Aisha Saleem, Assistant United States Attorney, concerning her position on this motion for downward departure or sentencing variance, and she is opposed to this motion.

/s/
CHRISTOPHER CURTIS