District Court of the United States
Northern District of Texas

☐ ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 3 1 2014          1:35 pm
                          cb

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

UNITED STATES OF AMERICA )
Corporation )
)
)
v. ) No. 4:14-CR-00023-A
)
)
CHRISTOPHER ROBERT WEAST )
Social Security Trustee ) Special Appearance Only

Challenge to Article IV Subject Matter Jurisdiction
Demand for Article III Court and Judge
Judicial Notice Rule 201(d)
Rules of Presumption and Statutory Interpretation

I, the living soul manifest, known as Man, Estate
Hæres, and Dignitary, who acknowledges all that is the
complete Will and Testament of the Estate named, or
known as, CHRISTOPHER ROBERT WEAST-created, birthed,
or delivered on January 31, 1974, through the hand or
water of my natural born mother or her person

I AM temporarily occupying but do not, nor have I
ever, maintained a "domicile" or "residence" and from

without the UNITED STATES defined in 28 U.S.C. 1603(c), 26 USC 7408(d), and 26 USC 7701(a)(9) and (10) and only when litigated under the following conditions that facts, exhibits, and statements made by me in this and the attached are true, correct, and complete to the best of my knowledge, and ability in accordance with 28 USC 1746 (1).

## FACTS

1. This court is running these proceedings as if this is a state-sponsored religion or church, where:

    5.1 Presumption serves as a substitute for religious faith.

    5.2 The government becomes the superior being to be worshipped, because the presumptions made by the government/court and omission in dealing with violations of law by government convey supernatural powers to the government not possessed by either me or any other Man or Woman, thus destroying equal protection and making government on the same footing as God.

    5.3 The "judge" becomes the "priest" of a "civil religion".

5.4 The court becomes a "church".

5.5 The jury becomes the 12 disciples of the priest instead of the law, because they are forbidden from reading or hearing or seeing the law by the "priest", not unlike the early Catholic church before the printing press in 1550.

All of the foregoing and more, is attached as Exhibit E1, Rules of Presumption and Statutory Interpretation as evidence this court has been unlawfully using presumptions which are repugnant to the Constitution for the united states of America and is being used to the detriment, and injury of the wrongfully accused innocent third party... I AM

I, a living soul manifest, now bear witness with my own eyes and attest through my own hand, this Notice and Free will writing by Christopher Robert on this 29th Day of October in the Year Two Thousand and Fourteen.

House of
Christopher Robert
SEAL
House of Weast
Estate Ministry - Member -
Weast

# *RULES OF PRESUMPTION AND STATUTORY INTERPRETATION*

Last revised:  6/1/2008

LIST OF TABLES ........................................................................................................................... 1
TABLE OF AUTHORITIES ........................................................................................................... 1
1   **Introduction** ........................................................................................................................... 5
2   **Rules of Statutory Construction and Interpretation** .................................................... 8
3   **Presumptions about the Meaning of Terms** ................................................................. 14
    3.1   Geographical and political terms ................................................................................ 14
    3.2   The Three Definitions of "United States" ................................................................... 19
    3.3   Citizenship and nationality ......................................................................................... 21
4   **Resources for Further Study and Rebuttal** ................................................................. 23

## LIST OF TABLES

Table 1: Summary of meaning of various terms and the contexts in which they are used ..................................................... 15
Table 2:  Meanings assigned to "United States" by the U.S. Supreme Court in Hooven &  Allison v. Evatt ....................... 19

## TABLE OF AUTHORITIES

### Constitutional Provisions

Article 1, Section 8, Clause 17 ................................................................................................ 18, 22
Federalist Paper No. 62, James Madison.......................................................................................... 8
Federalist Paper No. 78, Alexander Hamilton.................................................................................. 7
First Amendment............................................................................................................................. 17
Fourteenth Amendment.................................................................................................................... 21
United States Constitution............................................................................................................... 21

### Statutes

1 U.S.C. §204 ................................................................................................................................... 5
26 U.S.C. §7408(d) ....................................................................................................................... 22
26 U.S.C. §7701(a)(39) ................................................................................................................. 22
26 U.S.C. §7701(c)................................................................................................................... 10, 12
26 U.S.C. §911 .............................................................................................................................. 21
28 U.S.C. §3002(15)(A) ................................................................................................................ 19
8 U.S.C. §1101(a)(21) .................................................................................................................... 21
8 U.S.C. §1101(a)(22)(B)............................................................................................................... 21
8 U.S.C. §1401 ............................................................................................................................... 21
8 U.S.C. §1408 ............................................................................................................................... 21
8 U.S.C. §1452 ............................................................................................................................... 21
Foreign Sovereign Immunities Act, 28 U.S.C. Chapt. 97 ............................................................. 22
Internal Revenue Code ................................................................................................................... 15
Title 48 of the U.S. Code................................................................................................................ 15

### Regulations

26 C.F.R. §1.1-1(c)............................................................................................................................ 21
26 C.F.R. §31.3121(e)-1................................................................................................................... 16

## Rules

Federal Rule of Civil Procedure 8(b)(6)............................................................................................ 16

## Cases

A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d. 1020, 1037 (Fed.Cir.1992) ...................... 5
Abood v. Detroit Bd. of Ed., 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d. 261, 95 L.R.R.M. (BNA) 2411, 81 Lab.Cas. (CCH)
  ¶ 55041 (1977) .............................................................................................................................. 17
Barney v. Baltimore, 6 Wall. 280, 18 L.Ed. 825 .......................................................................... 18, 19
Becker v. United States, 451 U.S. 1306 (1981)................................................................................. 11
Bell v. United States, 349 U.S. 81 (1955) ........................................................................................ 13
Burgin v. Forbes, 293 Ky. 456, 169 S.W.2d. 321, 325 .................................................................. 11, 18
Burnet v. Niagra Falls Brewing Co., 282 U.S. 648, 654 (1931)......................................................... 12
Campbell v. Board of Dental Examiners, 53 Cal.App.3d. 283, 125 Cal.Rptr. 694, 696 .................... 12
Carter v. Carter Coal Co., 298 U.S. 238, 295, 56 S.Ct. 855, 865 .................................................... 22
Chisholm v. Georgia, 2 Dall. (U.S.) 419, 1 L.Ed. 440 (1793)............................................................ 20
Circuit City Stores v. Adams, 532 U.S. 105, 114-115 (2001) .......................................................... 12
Cleveland Bed. of Ed. v. LaFleur, 414 U.S. 632, 639-640, 94 S.Ct. 1208, 1215  (1974).................... 5
Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681 (1927)............................................................ 11
Colautti v. Franklin, 439 U.S. 379, 392, and n. 10 (1979) ............................................................ 11, 18
Colautti v. Franklin, 439 U.S. at 392-393, n. 10 .......................................................................... 10, 18
Commissioner of Internal Revenue v. Glenshaw Glass Co., 348 U.S. 426, 431, 75 S.Ct. 473, 476, 99 L.Ed. 483 ........... 8
Commissioner v. Soliman, 506 U.S. 168, 174 (1993) ...................................................................... 13
Connally v. General Construction Co., 269 U.S. 385 (1926) ............................................................ 11
Cook v. Hudson, 511 F.2d. 744, 9 Empl.Prac.Dec. (CCH) ¶ 10134 (5th Cir. 1975)........................... 16
Crane v. Commissioner of Internal Revenue, 331 U.S. 1, 6 (1947) .................................................. 13
Crooks v. Harrelson, 282 U.S. 55 (1930) ....................................................................................... 12
Del Vecchio v. Bowers, 296 U.S. 280, 286, 56 S.Ct. 190, 193, 80 L.Ed. 229 (1935).......................... 5
Downes v. Bidwell, 182 U.S. 244 (1901)..................................................................... 14, 18, 19, 21
Fischer v. United States, 529 U.S. 667 (2000) ............................................................................... 12
Foster v. U.S., 303 U.S. 118 (1938) ................................................................................................ 8
Fox v. Standard Oil Co. of N.J., 294 U.S. 87, 95-96 (1935) .......................................................... 10, 18
Gould v. Gould, 245 U.S. 151, at 153 (1917)................................................................................... 12
Grayned v. City of Rockford, 408 U.S. 104, 108 (1972) .................................................................... 9
Gregory v. Ashcroft, 501 U.S. 452, 458 (1991) ............................................................................... 22
Gregory v. Helvering, 293 U.S. 465, 469 (1935) ............................................................................. 12
Hassett v. Welch, 303 U.S. 303, 314 (1938) ................................................................................... 12
Heiner v. Donnan, 285 U.S. 312 (1932)......................................................................................... 10
Helvering v. Horst, 311 U.S. 112, 118 (1940).................................................................................. 13
Hepburn v. Ellzey, 2 Cranch, 445, 2 L.Ed. 332............................................................................... 17
Hooe v. Jamieson, 166 U.S. 395, 41 L.Ed. 1049, 17 Sup.Ct.Rep. 596............................................. 18, 19
Hooven & Allison Co. v. Evatt, 324 U.S. 652 (1945)......................................................................... 19
Jensen v. Brown, 19 F.3d. 1413, 1415 (Fed.Cir.1994)....................................................................... 5
Koshland v. Helvering, 298 U.S. 441, 446-447, 56 S.Ct. 767, 769-770, 80 L.Ed. 1268 ..................... 8
Lathrop v. Donohue, 367 U.S. 820, 81 S.Ct. 1826, 6 L.Ed.2d. 1191 (1961) ...................................... 16
Lucas v. Alexander, 279 U.S. 573, 577 (1929) ............................................................................... 12
Malat v. Riddell, 383 U.S. 569, 571 (1966) .................................................................................... 13
Mattox v. U.S., 156 U.S. 237 (1938)................................................................................................ 8
McCloud v. Testa, 97 F.3d. 1536, 12 I.E.R. Cas. (BNA) 1833, 1996 Fed.App. 335P (6th Cir. 1996) ...... 17
Meese v. Keene, 481 U.S. 465, 484 (1987)..................................................................................... 18
Meese v. Keene, 481 U.S. 465, 484-485 (1987)............................................................................ 10, 18

Miller v. Standard Nut Margarine Co., 284 U.S. 498, 508 (1932) .................................................... 12
Miners' Bank v. Iowa ex rel. District Prosecuting Attorney, 12 How. 1, 13 L.Ed. 867 ................... 18, 19
Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U.S. 35, 43 , 31 S.Ct. 136, 32 L. R. A. (N. S.) 226, Ann.Cas. 1912A, 463 ... 10
Morissette v. United States, 342 U.S. 246, 263 (1952) ...................................................................... 9
New York Life Ins. Co. v. Gamer, 303 U.S. 161, 171, 58 S.Ct. 500, 503, 82 L.Ed. 726 (1938) ........... 5
Newblock v. Bowles, 170 Okl. 487, 40 P.2d. 1097, 1100 ............................................................... 11, 18
Newman-Green v. Alfonso Larrain, 490 U.S. 826 (1989) .................................................................. 22
Norfolk & Western R. Co. v. Train Dispatchers, 499 U.S. 117 (1991) ................................................ 12
O'Donoghue v. United States, 289 U.S. 516, 53 S.Ct. 740 (1933) .................................................. 18, 20
Old Colony R. Co. v. Commissioner of Internal Revenue, 248 U.S. 552, 560 (1932) .......................... 13
Ortiz-Pinero v. Rivera-Arroyo, 84 F.3d. 7 (1st Cir. 1996) ................................................................ 17
Papachristou v. City of Jacksonville, 405 U.S. 156 (1972) .............................................................. 11
Parrish v. Nikolits, 86 F.3d. 1088 (11th Cir. 1996) ......................................................................... 17
Piqua Branch Bank v. Knoup, 6 Ohio.St. 393 ................................................................................. 20
Railway Emp. Dept. v. Hanson, 351 U.S. 225, 76 S.Ct. 714, 100 L.Ed. 1112 (1956) ....................... 16
Routen v. West, 142 F.3d. 1434 C.A.Fed.,1998 ................................................................................ 5
Russello v. United States, 464 U.S. 16, 23, 78 L.Ed.2d. 17, 104 S.Ct. 296 (1983) ............................. 8
Rutan v. Republican Party of Illinois, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d. 52, 5 I.E.R. Cas. (BNA) 673 (1990) 16, 17
Scheidler v. National Organization for Women, 537 U.S. 393 (2003) ................................................. 9
Schwartz v. Texas, 344 U.S. 199, 202-203 (1952) ........................................................................... 13
Scott v. Jones, 5 How. 343, 12 L.Ed. 181 .................................................................................... 19
Security Bank of Minnesota v. CIA, 994 F.2d. 432, 436 (CA8 1993) ................................................ 12
Sewell v. Georgia, 435 U.S. 982 (1978) ....................................................................................... 11
Smietanka v. First Trust & Savings Bank, 257 U.S. 602, 606 (1922) ................................................ 12
South Carolina v. United States, 199 U.S. 437, 448 , 26 S.Ct. 110, 4 Ann.Cas. 737 .......................... 22
Spreckles Sugar Refining Co. v. McClain, 192 U.S. 397, 416 (1904) ................................................ 12
Stenberg v. Carhart, 530 U.S. 914 (2000) .......................................................................... 10, 11, 18
Steward Machine Co. v. Davis, 301 U.S. 548 (1937) ....................................................................... 22
Taylor v. United States, 495 U.S. 575, 592 (1990) ........................................................................... 9
U.S. v. Batchelder, 442 U.S. 114, 123 (1978) ............................................................................... 12
U.S. v. Calamaro, 354 U.S. 351, 77 S.Ct. 1138 (U.S. 1957) .............................................................. 9
U.S. v. Cleveland Indians Baseball Co., 532 U.S. 200, 121 S.Ct. 1433 (2001) .................................... 8
U.S. v. LaBrecque, D.C. N.J., 419 F.Supp. 430, 432 ....................................................................... 12
United States ex rel. Toth v. Quarles, 350 U.S. 11, 18 (1955) ............................................................ 9
Vickery v. Jones, 100 F.3d. 1334 (7th Cir. 1996), cert. denied, 117 S.Ct. 1553, 137 L.Ed.2d. 701 (U.S. 1997)................. 17
Vlandis v. Kline (1973) 412 U.S. 441, 449, 93 S.Ct 2230, 2235 ......................................................... 5
Western Union Telegraph Co. v. Lenroot, 323 U.S. 490, 502 (1945) ............................................ 10, 18
Yick Wo v. Hopkins, 118 U.S. 356 (1886) ..................................................................................... 6

## Other Authorities

106 A.L.R. Fed. 396 ................................................................................................................ 17
107 A.L.R. Fed. 21 .................................................................................................................. 17
108 A.L.R. Fed. 117 ................................................................................................................ 17
109 A.L.R. Fed. 9 .................................................................................................................... 17
2A N. Singer, Sutherland on Statutes and Statutory Construction § 47.07, p. 152, and n. 10 (5th ed. 1992) .................. 10, 18
97 L.Ed.2d. 903 ...................................................................................................................... 17
American Jurisprudence 2d, Constitutional law, §546: Forced and Prohibited Associations (1999)........................... 17
Black's Law Dictionary, Revised Fourth Edition, 1968, p. 1176................................................................ 20
Black's Law Dictionary, Revised Fourth Edition, 1968, p. 740................................................................. 20
Black's Law Dictionary, Sixth Edition, p. 1189................................................................................. 5
Black's Law Dictionary, Sixth Edition, p. 422.................................................................................. 10
Black's Law Dictionary, Sixth Edition, p. 423.................................................................................. 10
Black's Law Dictionary, Sixth Edition, p. 517.................................................................................. 12
Black's Law Dictionary, Sixth Edition, p. 581.............................................................................. 11, 18
Black's Law Dictionary, Sixth Edition, p. 647.................................................................................. 22

Black's Law Dictionary, Sixth Edition, p. 648...................................................................................................... 22
Black's Law Dictionary, Sixth Edition, pp. 1606-1607 ........................................................................................ 7
Bouvier's Maxims of Law, 1856 .............................................................................................................................. 7
Citizenship, Domicile, and Tax Status Options, Form #10.003 ........................................................................ 23
Conduct and Belief: Public Employees' First Amendment Rights to Free Expression and Political Affiliation. 59 U Chi LR
   897, Spring, 1992 ............................................................................................................................................. 17
Confucius, 500 B.C. ............................................................................................................................................ 1, 7
Federal Civil Trials and Evidence, Rutter Group, paragraph 8:4993, p. 8K-34 ................................................ 5
Meaning of the Words "includes" and "including", Form #05.014 ................................................................... 23
Presumption: Chief Weapon for Unlawfully Enlarging Federal Jurisdiction, Form #05.017 .......................... 9
Public Employees and the First Amendment Petition Clause: Protecting the Rights of Citizen-Employees Who File
   Legitimate Grievances and Lawsuits Against Their Government Employers. 90 NW U LR 304, Fall, 1995 ................. 17
Rule of Lenity............................................................................................................................................................ 12
Senator Sam Ervin, during Watergate hearing ................................................................................................. 1, 7
Socialism: The New American Civil Religion, Form #05.016........................................................................... 7
Sovereignty Forms and Instructions Online, Form #10.004, Cites by Topic ................................................. 23
Statutes and Statutory Construction, Second edition. Jabez Sutherland, 1904................................................ 23
The Institutes of Biblical Law, Rousas John Rushdoony, 1973, The Craig Press, Library of Congress Catalog Card Number
   72-79485, pp. 4-5 ............................................................................................................................................... 7
Treasury Order 150-02........................................................................................................................................... 22
Websters Ninth New Collegiate Dictionary, 1983, ISBN 0-87779-510-X, p. 1361.......................................... 5
When Freedoms Conflict: Party Discipline and the First Amendment. 11 JL &Pol 751, Fall, 1995 ................... 17
Why You are a "national", "state national", and Constitutional but not Statutory Citizen, Form #05.006 .......... 22

# 1   Introduction

This document is submitted into evidence in good faith into the record of this honorable court:

1. As an act of self-defense intended to prevent injury to myself and the other litigant by abuse of "words of art" by the government as party to this suit.
2. For the purposes of furthering the ends of justice and equity.
3. To prevent either myself or others from violating my religious beliefs. The Bible forbids presumptions of any kind. Implicit in that prohibition is the requirement that believers not encourage, condone, or allow others to engage in presumption:

> *"But __the person who does anything presumptuously, whether he is native-born or a stranger, that one brings reproach on the Lord, and he shall be cut off from among his people.__"*
> *[Numbers 15:30, Bible, NKJV]*

4. To prevent prejudicial presumptions about the meaning of "words of art" that might injure any party's rights and thereby violate due process of law.

> *(1) [8:4993] Conclusive presumptions affecting protected interests:*
>
> *A conclusive presumption may be defeated where its application would impair a party's constitutionally-protected liberty or property interests. In such cases, conclusive __presumptions have been held to violate a party's due process and equal protection rights.__ [Vlandis v. Kline (1973) 412 U.S. 441, 449, 93 S.Ct 2230, 2235; Cleveland Bed. of Ed. v. LaFleur (1974) 414 US 632, 639-640, 94 S.Ct. 1208, 1215-presumption under Illinois law that unmarried fathers are unfit violates process]*
> *[Federal Civil Trials and Evidence, Rutter Group, paragraph 8:4993, p. 8K-34]*

5. To prevent turning this proceeding into a state-sponsored religion or church, where:
   5.1. Presumption serves as a substitute for religious faith. The entire Internal Revenue Code, according to 1 U.S.C. §204, is "prima facie evidence", meaning that it is nothing more than a "presumption" and not evidence. Neither are judges statutorily delegated the authority to convert such a presumption to evidence without violating due process of law:

> *"Prima facie. Lat. At first sight on the first appearance; on the face of it; so far as can be judged from the first disclosure; __presumably; a fact presumed to be true unless disproved by some evidence to the contrary.__ State ex rel. Herbert v. Whims, 68 Ohio App. 39, 38 N.E.2d 596, 499, 22 O.O. 110. See also Presumption."*
> *[Black's Law Dictionary, Sixth Edition, p. 1189]*

> *"This court has never treated a presumption as any form of evidence. See, e.g., A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d. 1020, 1037 (Fed.Cir.1992) ("[A] presumption is not evidence."); see also Del Vecchio v. Bowers, 296 U.S. 280, 286, 56 S.Ct. 190, 193, 80 L.Ed. 229 (1935) ("[A presumption] cannot acquire the attribute of evidence in the claimant's favor."); New York Life Ins. Co. v. Gamer, 303 U.S. 161, 171, 58 S.Ct. 500, 503, 82 L.Ed. 726 (1938) ("[A] presumption is not evidence and may not be given weight as evidence."). Although a decision of this court, Jensen v. Brown, 19 F.3d. 1413, 1415 (Fed.Cir.1994), dealing with presumptions in VA law is cited for the contrary proposition, the Jensen court did not so decide."*
> *[Routen v. West, 142 F.3d. 1434 C.A.Fed.,1998]*

   5.2. The government becomes the superior being to be worshipped, because the presumptions made by the government/court and omission in dealing with violations of law by the government convey superhuman powers to the government not possessed by either me or any other man or woman, thus destroying equal protection and making government on the same footing as God. What makes such a being "divine" is that they are not equal to others, but MORE equal and greater than others, thus violating the basis for our republic, which is that we are all EQUAL.

> *"worship 1. chiefly Brit: a person of importance—used as a title for various officials (as magistrates and some mayors) 2: __reverence offered a divine being or supernatural power;__ also: an act of expressing such reverence 3: a form of religious practice with its creed and ritual 4: extravagant respect or admiration for or devotion to an object of esteem <~ the dollar>."*
> *[Websters Ninth New Collegiate Dictionary, 1983, ISBN 0-87779-510-X, p. 1361]*

*The Fall of Lucifer*

> *" How you are fallen from heaven,*
> *O Lucifer,¹ son of the morning!*
> *How you are cut down to the ground,*
> *You who weakened the nations!*
> *For you have said in your heart:*

> '**I will ascend into heaven [using PRESUMPTION and OMISSION],**
> **I will exalt my throne [on the bench] above the stars of God;**
> *I will also sit on the mount of the congregation*
> *On the farthest sides of the north;*
> *I will ascend above the heights of the clouds,*
> **I will be like the Most High.'**
> *[Isaiah 14:12-14, Bible, NKJV]*
> *A "code" not enacted into positive law becomes the "bible" of the state-sponsored bible.*

5.3. The "judge" becomes the "priest" of a "civil religion".

5.4. The court becomes a "church".

5.5. The jury becomes the 12 disciples of the priest instead of the law, because they are forbidden from reading or hearing or seeing the law by the "priest", not unlike the early Catholic church before the printing press in 1550.

5.6. The licensed attorneys become deacons ordained by the Chief Priests of the Supreme Court, and who conduct "worship services" directed at the pagan deity called "government".

5.7. "Worship" amounts to obedience to the dictates of priests who reveal "god's will", which is nothing more than the will of the amoral collective majority unrestrained by enacted positive law (REAL law and REAL evidence) being read to them in the courtroom.

5.8. People appear at "church" and before the "priest" to buy "indulgences", which is advanced permission to violate the law for a fee. These indulgences are what paid for the HUGE and extravagant Catholic church buildings scattered throughout Europe built before about 1550. The Catholic church in essence sold "insurance" to indemnify wealthy parishioners from the consequences of their deliberate sin, not unlike what the current government calls "social insurance". The EVIL represented by these indulgences was the very thing, in fact, that gave birth to the Protestant Reformation starting with Martin Luther. When the printing press made the "law" (bible) accessible to the masses in 1550  and people found out that the priests were sinning by offering indulgences, the Protestant reformation was born and the Catholic "social insurance" program had to come to an end.

5.9. Inquisitions are used to discipline those who refuse to participate in or "tithe" or "pay tribute" to the church. Today, these "tithes" are called "taxes" and tax trials are conducted exactly the same as religious inquisitions. The judge plays "Pilate" and creates a dark room ripe for a mugging by an angry mob of "taxpayers" who don't want to pay more than their "fair share" by keeping the law out of evidence and then letting bias and prejudice and superstition rather than law rule the proceeding.

> *"For the very idea that one man may be compelled to hold his life, or the means of living, or any material right essential to the enjoyment of life, at the mere will of another [man, or group of men], seems to be intolerable in any country where freedom prevails, as being the essence of slavery itself."*
> *[Yick Wo v. Hopkins, 118 US 356 (1885)]*

We define "religion" here as any system of belief that is not supported or is *not required to be supported* by evidence, which is based on a system of written or moral codes of conduct (laws), which is based on faith, belief, or "presumption", and which renders any being or party *superior* (e.g. "supernatural powers) in relation to another and the object of worship or obedience. That object of obedience can and often does unconstitutionally include government and/or judges. The essence of "worship" in a religious sense is "obedience" and the essence of the law is "obedience". Therefore, religion and law are, in fact, twin sisters:

> *"You shall have no other gods [or rulers or governments] before Me.*
>
> *You shall not make for yourself a carved image—any likeness of anything that is in heaven above, or that is in the earth beneath, or that is in the water under the earth; you shall not bow down to them nor serve [obey] them [rulers or governments]. For I, the LORD your God, am a jealous God, visiting the iniquity of the fathers upon the children to the third and fourth generations of those who hate Me, but showing mercy to thousands, to those who love Me and keep My commandments.*
> *[Exodus 20:3-6, Bible, NKJV]*

---

*Worship.* *Any form of religious service showing reverence for Divine Being, or exhortation to obedience to or following the mandates of such Being. Religious exercises participated in by a number of persons assembled for that purpose, the disturbance of which is a statutory offense in many states.*

*English law.* *A title of honor or dignity used in addresses to certain magistrates [judges] and other persons of rank or office.*
*[Black's Law Dictionary, Sixth Edition, pp. 1606-1607]*

*"Obedience is the essence of the law. 11 Co. 100."*
*[Bouvier's Maxims of Law, 1856;*
*SOURCE: http://famguardian.org/Publications/BouvierMaximsOfLaw/BouviersMaxims.htm]*

*"Law is in every culture religious in origin. Because law governs man and society, because it establishes and declares the meaning of justice and righteousness, law is inescapably religious, in that it establishes in practical fashion the ultimate concerns of a culture. Accordingly, a fundamental and necessary premise in any and every study of law must be, first, a recognition of this religious nature of law.*

*Second, it must be recognized that in any culture the source of law is the god of that society. If law has its source in man's reason, then reason is the god of that society. If the source is an oligarchy, or in a court, senate, or ruler, then that source is the god of that system. Thus, in Greek culture law was essentially a religiously humanistic concept,"*
*[The Institutes of Biblical Law, Rousas John Rushdoony, 1973, The Craig Press, Library of Congress Catalog Card Number 72-79485, pp. 4-5, Emphasis added]*

For information on item 5 above, please see the following fascinating analysis:

*Socialism: The New American Civil Religion*, Form #05.016
http://sedm.org/Forms/FormIndex.htm

This document hereby conclusively establishes the rules for construction and interpretation of legal "terms" and definitions, and the meaning of such terms when the *specific* and inclusive definition is NOT provided by the speaker. These presumptions shall apply to ALL FUTURE PLEADINGS throughout this action involving a government opponent or a government court. The intent and spirit of these prescriptions is motivated by the Founding Fathers themselves and other famous personalities, who said of this MOST IMPORTANT subject the following:

*"It has been frequently remarked, with great propriety, that a voluminous code of laws is one of the inconveniences necessarily connected with the advantages of a free government.* *To avoid an arbitrary discretion in the courts, it is indispensable that they should be bound down by strict rules [of statutory construction and interpretation] and precedents, which serve to define and point out their duty in every particular case that comes before them;* *and it will readily be conceived from the variety of controversies which grow out of the folly and wickedness of mankind, that the records of those precedents must unavoidably swell to a very considerable bulk, and must demand long and laborious study to acquire a competent knowledge of them."*
*[Federalist Paper No. 78, Alexander Hamilton]*

*"Judicial verbicide is calculated to convert the Constitution into a worthless scrap of paper and to replace our government of laws with a judicial oligarchy."*
*[Senator Sam Ervin, during Watergate hearing]*

*"When words lose their meaning, people will lose their liberty."*
*[Confucius, 500 B.C.]*

*"Every nation, consequently, whose affairs betray a want of wisdom and stability, may calculate on every loss which can be sustained from the more systematic policy of their wiser neighbors. But the best instruction on this subject is unhappily conveyed to America by the example of her own situation.* *She finds that she is held in no respect by her friends; that she is the derision of her enemies; and that she is a prey to every nation which has an interest in speculating on her fluctuating councils and embarrassed affairs.*

*The internal effects of a mutable policy are still more calamitous.* *It poisons the blessing of liberty itself. It will be of little avail to the people, that the laws are made by men of their own choice, if the laws be so voluminous that they cannot be read, or so incoherent that they cannot be understood; if they be repealed or revised before they are promulgated, or undergo such incessant changes that no man, who knows what the law is to-day, can*

1 *guess what it will be to-morrow. Law is defined to be a rule of action; but how can that be a rule, which is little*
2 *known, and less fixed?*

3 *Another effect of public instability is the unreasonable advantage it gives to the sagacious, the enterprising,*
4 *and the moneyed few over the industrious and uninformed mass of the people. Every new regulation concerning*
5 *commerce or revenue, or in any way affecting the value of the different species of property, presents a new harvest*
6 *to those who watch the change, and can trace its consequences; a harvest, reared not by themselves, but by the*
7 *toils and cares of the great body of their fellow-citizens. This is a state of things in which it may be said with*
8 *some truth that laws are made for [benefit of] the FEW, not for the MANY."*
9 *[Federalist Paper No. 62, James Madison]*

## 10   2   Rules of Statutory Construction and Interpretation

11 For the purpose of all "terms" used by government opponent "United States", myself, and the Court, the following rules of
12 statutory construction and interpretation MUST apply.

13   1.   The law should be given it's plain meaning wherever possible.
14   2.   Statutes must be interpreted so as to be entirely harmonious with all law as a whole.  The pursuit of this harmony is often
15       the best method of determining the meaning of specific words or provisions which might otherwise appear ambiguous:

16 *It is, of course, true that statutory construction "is a holistic endeavor" and that the meaning of a provision is*
17 *"clarified by the remainder of the statutory scheme ... [when] only one of the permissible meanings produces a*
18 *substantive effect that is compatible with the rest of the law." United Sav. Assn. of Tex. v. Timbers of Inwood*
19 *Forest Associates, Ltd., 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d. 740 (1988).*
20 *[U.S. v. Cleveland Indians Baseball Co., 532 U.S. 200, 121 S.Ct. 1433 (2001)]*

21   3.   Every word within a statute is there for a purpose and should be given its due significance.

22 *"This fact only underscores our duty to refrain from reading a phrase into the statute when Congress has left it*
23 *out. " [W]here Congress includes particular language in one section of a statute but omits it in another ..., it is*
24 *generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.' "*
25 *[Russello v. United States, 464 U.S. 16, 23, 78 L.Ed.2d. 17, 104 S.Ct. 296 (1983)]*

26   4.   All laws are to be interpreted consistent with the legislative intent for which they were *originally* enacted, as revealed in
27       the Congressional Record prior to the passage.  The passage of no amount of time can change the original legislative
28       intent of a law.

29 *"Courts should construe laws in Harmony with the legislative intent and seek to carry out legislative*
30 *purpose.  With respect to the tax provisions under consideration, there is no uncertainty as to the legislative*
31 *purpose to tax post-1913 corporate earnings.  We must not give effect to any contrivance which would defeat a*
32 *tax Congress plainly intended to impose."*
33 *[Foster v. U.S., 303 U.S. 118 (1938)]*

34 *"We are bound to interpret the Constitution in the light of the law as it existed at the time it was adopted."*
35 *[Mattox v. U.S., 156 U.S. 237 (1938)]*

36   5.   The regulation which implements a specific statute may not add anything to the statute or add anything to the meaning
37       of terms in a statute:

38 *Finally, the Government points to the fact that the Treasury Regulations relating to the statute purport to include*
39 *the pick-up man among those subject to the s 3290 tax,[FN11] and argues (a) that this constitutes an administrative*
40 *interpretation to which we should give weight in construing the statute, particularly because (b) section 3290 was*
41 *carried over in haec verba into s 4411 of the Internal Revenue Code of 1954, 26 U.S.C.A. s 4411. We find neither*
42 *argument persuasive. In light of the above discussion, *359 we cannot but regard this Treasury Regulation as*
43 *no more than an attempted addition to the statute of something which is not there. [FN12] As such the regulation*
44 *can furnish no sustenance to the statute. Koshland v. Helvering, 298 U.S. 441, 446-447, 56 S.Ct. 767, 769-770,*
45 *80 L.Ed. 1268. Nor is the Government helped by its argument as to the 1954 Code. The regulation had been in*
46 *effect for only three years,[FN13] and there is nothing to indicate that it was ever called to the attention **1144 of*
47 *Congress. The re-enactment of s 3290 in the 1954 Code was not accompanied by any congressional discussion*
48 *which throws light on its intended scope. In such circumstances we consider the 1954 re-enactment to be*
49 *without significance. Commissioner of Internal Revenue v. Glenshaw Glass Co., 348 U.S. 426, 431, 75 S.Ct.*
50 *473, 476, 99 L.Ed. 483.*



*FN11. Treas.Reg. 132, s 325.41, Example 2 (26 CFR, 1957 Cum. Pocket Supp.), which was issued on November 1, 1951 (16 Fed.Reg. 11211, 11222), provides as follows:*

*'B operates a numbers game. He has an arrangement with ten persons, who are employed in various capacities, such as bootblacks, elevator operators, newsdealers, etc., to receive wagers from the public on his behalf. B also employs a person to collect from his agents the wagers received on his behalf.*

*'B, his ten agents, and the employee who collects the wagers received on his behalf are each liable for the special tax.'*

*FN12. Apart from this, the force of this Treasury Regulations as an aid to the interpretation of the statute is impaired by its own internal inconsistency. Thus, while Example 2 of that regulation purports to make the pick-up man liable for the s 3290 occupational tax, Example 1 of the same regulation provides that 'a secretary and bookkeeper' of one 'engaged in the business of accepting horse race bets' are not liable for the occupational tax 'unless they also receive wagers' for the person so engaged in business, although those who 'receive wagers by telephone' are so liable. Thus in this instance a distinction seems to be drawn between the 'acceptance' of the wager, and its 'receipt' for recording purposes. But if this be proper, it is not apparent why the same distinction is not also valid between a writer, who 'accepts' or 'receives' a bet from a numbers player, and a pick-up man, who simply 'receives' a copy of the slips on which the writer has recorded the bet, and passes it along to the banker.*

*FN13. See note 11, supra.*
*[U.S. v. Calamaro, 354 U.S. 351, 77 S.Ct. 1138 (U.S. 1957)]*

6. Presumption may not be used in determining the meaning of a statute. Doing otherwise is a violation of due process and a religious sin under Numbers 15:30 (Bible). A person reading a statute cannot be required by statute or by "judge made law" to read anything into a Title of the U.S. Code that is not expressly spelled out. See:

*Presumption: Chief Weapon for Unlawfully Enlarging Federal Jurisdiction*, Form #05.017
http://sedm.org/Forms/FormIndex.htm

7. The proper audience to turn to in order to deduce the meaning of a statute are the persons who are the subject of the law, and not a judge. Laws are supposed to be understandable by the common man because the common man is the proper subject of most laws. Judges are NOT common men.

*"It is a basic principle of due process that an enactment [435 U.S. 982 , 986] is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application."*
*[Grayned v. City of Rockford, 408 U.S. 104, 108 (1972)]*

*". . .whether right or wrong, the premise underlying the constitutional method for determining guilt or innocence in federal courts is that laymen are better than specialists to perform this task."*
*[United States ex rel. Toth v. Quarles, 350 U.S. 11, 18 (1955)]*

8. If a word is not statutorily defined, then the courts are bound to start with the common law meaning of the term.

*"Absent contrary direction from Congress, we begin our interpretation of statutory language with the general presumption that a statutory term has its common law meaning. See Taylor v. United States, 495 U.S. 575, 592 (1990); Morissette v. United States, 342 U.S. 246, 263 (1952)."*
*[Scheidler v. National Organization for Women, 537 U.S. 393 (2003)]*

9. The purpose for defining a word within a statute is so that its ordinary (dictionary) meaning is *not* implied or assumed by the reader. A "definition" by its terms excludes non-essential elements by mentioning only those things to which it shall apply.

*"Define. To explain or state the exact meaning of words and phrases; to state explicitly; to limit; to determine essential qualities of; to determine the precise signification of; to settle; to establish or prescribe authoritatively; to make clear. (Cite omitted)"*

*"To "define" with respect to space, means to set or establish its boundaries authoritatively; to mark the limits of; to determine with precision or exhibit clearly the boundaries of; to determine the end or limit; to fix or establish the limits. It is the equivalent to declare, fix or establish.*

1      *[Black's Law Dictionary, Sixth Edition, p. 422]*

2

3      *"Definition. A description of a thing by its properties; an explanation of the meaning of a word or term. The process*
4      *of stating the exact meaning of a word by means of other words. Such a description of the thing defined, including all essential*
5      *elements and excluding all nonessential, as to distinguish it from all other things and classes."*
6      *[Black's Law Dictionary, Sixth Edition, p. 423]*

7    10. When a term is defined within a statute, that definition is provided to <u>*supersede*</u> and not <u>*enlarge*</u> other definitions of the
8        word found elsewhere, such as in other Titles or Codes.

9      *<u>"When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's</u>*
10     *<u>ordinary meaning.</u> Meese v. Keene, 481 U.S. 465, 484-485 (1987) ("It is axiomatic that the statutory definition*
11     *of the term excludes unstated meanings of that term"); Colautti v. Franklin, 439 U.S. at 392-393, n. 10 ("As a*
12     *rule, 'a definition which declares what a term "means" . . . excludes any meaning that is not stated'"); Western*
13     *Union Telegraph Co. v. Lenroot, 323 U.S. 490, 502 (1945); Fox v. Standard Oil Co. of N.J., 294 U.S. 87, 95-96*
14     *(1935) (Cardozo, J.); see also 2A N. Singer, Sutherland on Statutes and Statutory Construction § 47.07, p. 152,*
15     *and n. 10 (5th ed. 1992) (collecting cases). That is to say, the statute, read "as a whole," post at 998 [530 U.S.*
16     *943] (THOMAS, J., dissenting), leads the reader to a definition. That definition does not include the Attorney*
17     *General's restriction -- "the child up to the head." Its words, "substantial portion," indicate the contrary."*
18     *<u>[Stenberg v. Carhart, 530 U.S. 914 (2000)]</u>*

19    11. It is a violation of due process of law to employ a "statutory presumption", whereby the reader is compelled to guess
20        about precisely what is included in the definition of a word, or whereby all that is included within the meaning of a term
21        defined is not described SOMEWHERE within the body of law or Title in question.

22      *The Schlesinger Case has since been applied many times by the lower federal courts, by the Board of Tax Appeals,*
23     *and by state courts;[1] and <u>none of them seem to have been **361 at any loss to understand the basis of the</u>*
24     *<u>decision, namely, that a statute which imposes a tax upon an assumption of fact which the taxpayer is forbidden</u>*
25     *<u>to controvert is so arbitrary and unreasonable that it cannot stand under the Fourteenth Amendment.</u>*

26      *[. . .]*

27      *A rebuttable presumption clearly is a rule of evidence which has the effect of shifting the burden of proof,*
28     *Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U.S. 35, 43 , 31 S.Ct. 136, 32 L. R. A. (N. S.) 226, Ann.Cas. 1912A,*
29     *463; and <u>it is hard to seen how a statutory rebuttable presumptions is turned from a rule of evidence into a rule</u>*
30     *<u>of substantive law as the result of a later statute making it conclusive. In both cases it is a substitute for proof;</u>*
31     *<u>in the one open to challenge and disproof, and in the other conclusive. However, whether the latter</u>*
32     *<u>presumption be treated as a rule of evidence or of substantive law, it constitutes an attempt, by legislative fiat,</u>*
33     *<u>to enact into existence a fact which here does not, and cannot be made to, exist in actuality, and the result is</u>*
34     *the same, unless we are ready to overrule the Schlesinger Case, as we are not; for that case dealt with a conclusive*
35     *presumption, and the court held it invalid without regard to the question of its technical characterization. **This***
36     *<u>court has held more than once that a statute creating a presumption which operates to deny a fair opportunity</u>*
37     *<u>to rebut it violates the due process clause of the Fourteenth Amendment.</u> For example, Bailey v. Alabama, 219*
38     *U.S. 219 , 238, et seq., 31 S.Ct. 145; Manley v. Georgia, 279 U.S. 1, 5-6, 49 S.Ct. 215.*

39      *'It is apparent,' this court said in the Bailey Case ( 219 U.S. 239 , 31 S.Ct. 145, 151) 'that a constitutional*
40     *prohibition cannot be transgressed indirectly by the creation of a statutory presumption any more than it can*
41     *be violated by direct enactment. The power to create presumptions is not a means of escape from constitutional*
42     *restrictions.'*
43     *[Heiner v. Donnan, 285 U.S. 312 (1932) ]*

44        The implications of this rule are that the following definition cannot imply the common definition of a term IN
45        ADDITION TO the statutory definition, or else it is compelling a presumption, engaging in statutory presumptions, and
46        violating due process of law:

47      *<u>26 U.S.C. Sec. 7701(c) INCLUDES AND INCLUDING.</u>*

48      *The terms 'include' and 'including' when used in a definition contained in this title <u>shall not be deemed to exclude</u>*
49     *<u>other things otherwise within the meaning of the term defined."</u>*

---

[1] See, for example, Hall v. White (D. C.) 48 F.(2d) 1060; Donnan v. Heiner (D. C.) 48 F.(2d) 1058 (the present case); Guinzburg v. Anderson (D. C.) F. (2d) 592; American Security & Trust Co. et al., Executors, 24 B. T. A. 334; State Tax Commission v. Robinson's Executor, 234 Ky. 415, 28 S.W.(2d) 491 (involving a three-year period).

12. **Expressio Unius est Exclusio Alterius Rule**: The term "includes" is a term of *limitation* and not enlargement in most cases. Where it is used, it prescribes *all* of the things or classes of things to which the statute pertains. All other possible objects of the statute are thereby *excluded*, by implication.

> *"expressio unius, exclusio alterius"—if one or more items is specifically listed, omitted items are purposely excluded. Becker v. United States, 451 U.S. 1306 (1981)*

> *"Expressio unius est exclusio alterius. A maxim of statutory interpretation meaning that __the expression of one thing is the exclusion of another.__ Burgin v. Forbes, 293 Ky. 456, 169 S.W.2d. 321, 325; Newblock v. Bowles, 170 Okl. 487, 40 P.2d. 1097, 1100. Mention of one thing implies exclusion of another. __When certain persons or things are specified in a law, contract, or will, an intention to exclude all others from its operation may be inferred.__ Under this maxim, if statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded."*
> *[Black's Law Dictionary, Sixth Edition, p. 581]*

13. When the term "includes" is used as implying enlargement or "in addition to", it only fulfills that sense when the definitions to which it pertains are scattered across multiple definitions or statutes within an overall body of law. In each instance, such "scattered definitions" must be considered AS A WHOLE to describe all things which are included. The U.S. Supreme Court confirmed this when it said:

> *"__That is to say, the statute, read "as a whole," post at 998 [530 U.S. 943] (THOMAS, J., dissenting), leads the reader to a definition.__ That definition does not include the Attorney General's restriction -- "the child up to the head." Its words, "substantial portion," indicate the contrary."*
> *[Stenberg v. Carhart, 530 U.S. 914 (2000)]*

An example of the "enlargement" or "in addition to" context of the use of the word "includes" might be as follows, where the numbers on the left are a fictitious statute number :

13.1. "110 The term "state" includes a territory or possession of the United States."
13.2. "121 In addition to the definition found in section 110 earlier, the term "state" includes a state of the Union."

14. Statutes that do not specifically identify ALL of the things or classes of things or persons to whom they apply are considered "void for vagueness" because they fail to give "reasonable notice" to the reader of all the behaviors that are prohibited and compel readers to make presumptions or to guess at their meaning.

> *"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, __we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.__ Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. __A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.__" (Footnotes omitted).*

> *See al Papachristou v. City of Jacksonville, 405 U.S. 156 (1972); Cline v. Frink Dairy Co., 274 U.S. 445, 47 S. Ct. 681 (1927); Connally v. General Construction Co., 269 U.S. 385 (1926).*
> *[Sewell v. Georgia, 435 U.S. 982 (1978)]*

15. Judges may not extend the meaning of words used within a statute, but must resort ONLY to the meaning clearly indicated in the statute itself. That means they may not imply or infer the common definition of a term IN ADDITION to the statutory definition, but must rely ONLY on the things clearly included in the statute itself *and nothing else*.

> *"It is axiomatic that the statutory definition of the term excludes unstated meanings of that term. Colautti v. Franklin, 439 U.S. 379, 392, and n. 10 (1979). Congress' use of the term "propaganda" in this statute, as indeed in other legislation, has no pejorative connotation.{19} As judges, it is our duty to [481 U.S. 485] construe legislation as it is written, not as it might be read by a layman, or as it might be understood by someone who has not even read it."*
> *[Meese v. Keene, 481 U.S. 465, 484 (1987)]*

16. Citizens [not "taxpayers", but "citizens"] are presumed to be exempt from taxation unless a clear intent to the contrary is clearly manifested in a positive law taxing statute.

> *"In the interpretation of __statutes levying taxes__ it is the established rule __not to extend__ their provisions by implication beyond the clear import of the language used, or to enlarge their operations so as to embrace matters*

---



*not specifically underlined out. In case of doubt they are construed most strongly against the government and in favor of the citizen.*"
[*Gould v. Gould, 245 U.S. 151, at 153 (1917)*]

For additional authorities similar to those above, see: *Spreckles Sugar Refining Co. v. McClain, 192 U.S. 397, 416 (1904); Smietanka v. First Trust & Savings Bank, 257 U.S. 602, 606 (1922); Lucas v. Alexander, 279 U.S. 573, 577 (1929); Crooks v. Harrelson, 282 U.S. 55 (1930); Burnet v. Niagra Falls Brewing Co., 282 U.S. 648, 654 (1931); Miller v. Standard Nut Margarine Co., 284 U.S. 498, 508 (1932); Gregory v. Helvering, 293 U.S. 465, 469 (1935); Hassett v. Welch, 303 U.S. 303, 314 (1938); U.S. v. Batchelder, 442 U.S. 114, 123 (1978); Security Bank of Minnesota v. CIA, 994 F.2d. 432, 436 (CA8 1993).*

17. <u>Ejusdem Generis Rule</u>:  Where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned

"[w]here general words [such as the provisions of 26 U.S.C. §7701(c)] follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words."
[*Circuit City Stores v. Adams, 532 U.S. 105, 114-115 (2001)* ]

"Under the principle of ejusdem generis, when a general term follows a specific one, the general term should be understood as a reference to subjects akin to the one with specific enumeration."
[*Norfolk & Western R. Co. v. Train Dispatchers, 499 U.S. 117 (1991)*]

"*Ejusdem generis. Of the same kind, class, or nature. In the construction of laws, wills, and other instruments, the "ejusdem generis rule" is, that where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned. U.S. v. LaBrecque, D.C. N.J., 419 F.Supp. 430, 432. The rule, however, does not necessarily require that the general provision be limited in its scope to the identical things specifically named.  Nor does it apply when the context manifests a contrary intention.*

*Under "ejusdem generis" cannon of statutory construction, where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated.  Campbell v. Board of Dental Examiners, 53 Cal.App.3d. 283, 125 Cal.Rptr. 694, 696.*"
[*Black's Law Dictionary, Sixth Edition, p. 517*]

18. In all criminal cases, the "Rule of Lenity" requires that where the interpretation of a criminal statute is ambiguous, the ambiguity should be resolved in favor of the human being and against the government.  An ambiguous statute fails to give "reasonable notice" to the reader what conduct is prohibited, and therefore renders the statute unenforceable.  The Rule of Lenity may only be applied when there is ambiguity in the meaning of a statute:

*This expansive construction of § 666(b) is, at the very least, <u>inconsistent with the rule of lenity -- which the Court does not discuss. This principle requires that, to the extent that there is any ambiguity in the term "benefits," we should resolve that ambiguity in favor of the defendant. See United States v. Bass, 404 U.S. 336, 347 (1971) ("In various ways over the years, we have stated that, when choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite" (internal quotation marks omitted)).</u>*
[*Fischer v. United States, 529 U.S. 667 (2000)*]

"*It is not to be denied that argumentative skill, as was shown at the Bar, could persuasively and not unreasonably reach either of the conflicting constructions. About only one aspect of the problem can one be dogmatic. <u>When Congress has the will it has no difficulty in expressing it - when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or antisocial conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment.</u>*

*This in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read. Nor does it assume that offenders against the law carefully read the penal [349 U.S. 81, 84] code before they embark on crime. It merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses, when we have no more to go on than the present case furnishes."*
*[Bell v. United States, 349 U.S. 81 (1955)]*

19. When Congress intends, by one of its Acts, to supersede the police powers of a state of the Union, it must do so *very clearly.*

> *"If Congress is authorized to act in a field, it should manifest its intention clearly. It will not be presumed that a federal statute was intended to supersede the exercise of the power of the state unless there is a clear manifestation of intention to do so. The exercise of federal supremacy is not lightly to be presumed."*
> *[Schwartz v. Texas, 344 U.S. 199, 202-203 (1952)]*

20. There are no exceptions to the above rules. However, there are cases where the "common definition" or "ordinary definition" of a term *can* and *should* be applied, but ONLY where a statutory definition is NOT provided that might supersede the ordinary definition. See:

20.1. Crane v. Commissioner of Internal Revenue, 331 U.S. 1, 6 (1947) , Malat v. Riddell, 383 U.S. 569, 571 (1966);

> *"[T]he words of statutes--including revenue acts--should be interpreted where possible in their ordinary, everyday senses."*
> *[Crane v. Commissioner of Internal Revenue, 331 U.S. 1, 6 (1947), Malat v. Riddell, 383 U.S. 569, 571 (1966)]*

20.2. Commissioner v. Soliman, 506 U.S. 168, 174 (1993) ;

> *"In interpreting the meaning of the words in a revenue Act, we look to the 'ordinary, everyday senses' of the words."*
> *[Commissioner v. Soliman, 506 U.S. 168, 174 (1993)]*

20.3. Helvering v. Horst, 311 U.S. 112, 118 (1940) ; Old Colony R. Co. v. Commissioner of Internal Revenue, 248 U.S. 552, 560 (1932)

> *"Common understanding and experience are the touchstones for the interpretation of the revenue laws."*
> *[Helvering v. Horst, 311 U.S. 112, 118 (1940); Old Colony R. Co. v. Commissioner of Internal Revenue, 248 U.S. 552, 560 (1932)]*

21. We must ALWAYS remember that the fundamental purpose of law is "the definition and *limitation* of power":

> *"When we consider the nature and theory of our institutions of government, the principles upon which they are supposed to rest, and review the history of their development, we are constrained to conclude that they do not mean to leave room for the play and action of purely personal and arbitrary power. Sovereignty itself is, of course, not subject to law, for it is the author and source of law; but in our system, while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts. And the law is the definition and limitation of power."*
>
> *From Marbury v. Madison to the present day, no utterance of this Court has intimated a doubt that in its operation on the people, by whom and for whom it was established, the national government is a government of enumerated powers, the exercise of which is restricted to the use of powers appropriate and plainly adapted to constitutional ends, and which are "not prohibited, but consist with the letter and spirit of the Constitution."*
>
> *The powers delegated by the people to their agents are not enlarged by the expansion of the domain within which they are exercised. When the restriction on the exercise of a particular power by a particular agent is ascertained, that is an end of the question.*
>
> *To hold otherwise is to overthrow the basis of our constitutional law, and moreover, in effect, to reassert the proposition that the states, and not the people, created the government.*
>
> *It is again to antagonize Chief Justice Marshall, when he said:*

*The government of the Union, then (whatever may be the influence of this fact on the case),*
*is emphatically and truly a government of the people. In form and in substance, it emanates*
*from them. Its powers are granted by them, and are to be exercised directly on them and for*
*their benefit. This government is acknowledged by all to be one of enumerated powers.*

*[Downes v. Bidwell, 182 U.S. 244 (1901) ]*

# 3   Presumptions about the Meaning of Terms

My religious beliefs do NOT allow me to "presume" anything, or to encourage or allow others to make presumptions.

*"But the person who does anything presumptuously, whether he is native-born or a stranger, that one brings*
*reproach on the Lord, and he shall be cut off from among his people."*
*[Numbers 15:30, Bible, NKJV]*

Consonant with the above, I have a mandate from my God to define all the words that he uses and that anyone else might use against me. The following table provides default definitions for all key "words of art" that both the Government opponent and the Court are likely to use in order to destroy and undermine his rights throughout this proceeding.

## 3.1   Geographical and political terms

This section describes the meaning of various geographical and political terms used throughout this proceeding.

Table 1: Summary of meaning of various terms and the contexts in which they are used

| Law | Federal constitution | Federal statutes | Federal regulations | State constitutions | State statutes | State regulations |
|---|---|---|---|---|---|---|
| Author | Union States/ "We The People" | Federal Government | | "We The People" | State Government | |
| "state" | Foreign country | Union state or foreign country | Union state or foreign country | Other Union state or federal government | Other Union state or federal government | Other Union state or federal government |
| "State" | Union state | Federal state | Federal state | Union state | Union state | Union state |
| "in this State" or "in the State"[2] | NA | NA | NA | NA | Federal enclave within state | Federal enclave within state |
| "State"[3] (State Revenue and taxation code only) | NA | NA | NA | NA | Federal enclave within state | Federal enclave within state |
| "several States" | Union states collectively[4] | Federal "States" collectively | Federal "States" collectively | Federal "States" collectively | Federal "States" collectively | Federal "States" collectively |
| "United States" | states of the Union collectively | Federal United States** | Federal United States** | United States* the country | Federal United States** | Federal United States** |

What the above table clearly shows is that the word "State" in the context of federal statutes and regulations means (not includes!) federal States only under <u>Title 48 of the U.S. Code</u>[5], and these areas do not include any of the 50 Union States. This is true in <u><i>most cases and especially in the Internal Revenue Code.</i></u>  In the context of the above, a "Union State" means one of the 50 Union states of the United States* (the country, not the federal United States**), which are sovereign and foreign with respect to federal legislative jurisdiction.

I will interpret each and every use of any one of the words of art or geographical terms defined above and used in any pleading filed in this matter as having the default meanings provided if no specific statutory definition is provided by the government opponent or the court.

All geographical terms appearing in Table 1 describe <u>six</u> different and unique <u><i>contexts</i></u> in which legal "terms" can be used, and each implies a DIFFERENT meaning.  Government opponent and the court are demanded to describe which context they intend for each use of a geographical term in order to prevent any ambiguity.  For instance, if they use the term "United States", they MUST follow the term with a parenthesis and the context such as "United States (Federal constitution)".  The contexts are:

1. Federal constitution
2. Federal statutes

---

[2] See California Revenue and Taxation Code, section 6017 at http://www.leginfo.ca.gov/cgi-bin/displaycode?section=rtc&group=06001-07000&file=6001-6024

[3] See California Revenue and Taxation Code, section 17018 at http://www.leginfo.ca.gov/cgi-bin/displaycode?section=rtc&group=17001-18000&file=17001-17039.1

[4] See, for instance, U.S. Constitution Article IV, Section 2.

[5] See http://www4.law.cornell.edu/uscode/48/

3.  Federal regulations
4.  State constitution
5.  State statutes
6.  State regulations

If the context is "Federal statutes", the specific statutory definition from the I.R.C. MUST be specified after that phrase to prevent any ambiguity.  For instance:

   *"United States (Federal statutes, 26 U.S.C. §7701(a)(9) and (a)(10)).*

If the context is "Federal regulations", the specific regulation to which is referred to or assume must be provided if there is one.  For instance:

   *"United States (Federal regulations, 26 C.F.R. §31.3121(e)-1)".*

Every unique use of a geographical term may ONLY have ONE context.  If multiple contexts are implicated, then a new sentence and a new statement relevant to that context only must be made.  For instance:

1.  "Defendant is a citizen of the United States (Federal constitution)."
2.  "Defendant is NOT a citizen of the United States (Federal statutes or 8 U.S.C. §1401)."

If a geographical term is used and the context is not specified by the speaker and the speaker is talking about jurisdiction, it shall imply the statutory context only.

I welcome a rebuttal on the record of anything appearing in the this memorandum within 30 days, including an answer to all the admissions at the end.  If no rebuttal is provided, government opponent admits it all pursuant to Federal Rule of Civil Procedure 8(b)(6).  Silence is an admission, because injustice and prejudicial presumptions about the status of the litigants will result if the government opponent does not speak on the record about this MOST PIVOTAL subject.  Government opponent is using this proceeding to enforce "club dues" called taxes, and Defendant simply seeks to establish that he chooses not to join the club and cannot be compelled to join without violating the First Amendment prohibition against compelled association.

> *"The Supreme Court, though rarely called upon to examine this aspect of the right to freedom of association, has nevertheless established certain basic rules which will cover many situations involving forced or prohibited associations.  Thus, where a sufficiently compelling state interest, outside the political spectrum, can be accomplished only by requiring individuals to associate together for the common good, then such forced association is constitutional.  [6] But the Supreme Court has made it clear that compelling an individual to become a member of an organization with political aspects [such as a "citizen"], or compelling an individual to become a member of an organization which financially supports [through payment of club membership dues called "taxes"], in more than an insignificant way, political personages or goals which the individual does not wish to support, is an infringement of the individual's constitutional right to freedom of association.*
> *[7] The First Amendment prevents the government, except in the most compelling circumstances, from wielding its power to interfere with its employees' freedom to believe and associate, or to not believe and not associate; it is*

---

[6] Lathrop v. Donohue, 367 U.S. 820, 81 S.Ct. 1826, 6 L.Ed.2d. 1191 (1961), reh'g denied, 368 U.S. 871, 82 S.Ct. 23, 7 L.Ed.2d. 72 (1961) (a state supreme court may order integration of the state bar); Railway Emp. Dept. v. Hanson, 351 U.S. 225, 76 S.Ct. 714, 100 L.Ed. 1112 (1956), motion denied, 351 U.S. 979, 76 S.Ct. 1044, 100 L.Ed. 1494 (1956) and reh'g denied, 352 U.S. 859, 77 S.Ct. 22, 1 L.Ed.2d. 69 (1956) (upholding the validity of the union shop provision of the Railway Labor Act).

The First Amendment right to freedom of association of teachers was not violated by enforcement of a rule that white teachers whose children did not attend public schools would not be rehired. Cook v. Hudson, 511 F.2d. 744, 9 Empl.Prac.Dec. (CCH) ¶ 10134 (5th Cir. 1975), reh'g denied, 515 F.2d. 762 (5th Cir. 1975) and cert. granted, 424 U.S. 941, 96 S.Ct. 1408, 47 L.Ed.2d. 347 (1976) and cert. dismissed, 429 U.S. 165, 97 S.Ct. 543, 50 L.Ed.2d. 373, 12 Empl.Prac.Dec. (CCH) ¶ 11246 (1976).

Annotation: Supreme Court's views regarding Federal Constitution's First Amendment right of association as applied to elections and other political activities, 116 L.Ed.2d. 997 , § 10.

[7] Rutan v. Republican Party of Illinois, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d. 52, 5 I.E.R. Cas. (BNA) 673 (1990), reh'g denied, 497 U.S. 1050, 111 S.Ct. 13, 111 L.Ed.2d. 828 (1990) and reh'g denied, 497 U.S. 1050, 111 S.Ct. 13, 111 L.Ed.2d. 828 (1990) (conditioning public employment hiring decisions on political belief and association violates the First Amendment rights of applicants in the absence of some vital governmental interest).

---

1  *not merely a tenure provision that protects public employees from actual or constructive discharge.* [8] *Thus, First*
2  *Amendment principles prohibit a state from compelling any individual to associate with a political party, as a*
3  *condition of retaining public employment.* [9] *The First Amendment protects nonpolicymaking public employees*
4  *from discrimination based on their political beliefs or affiliation.* [10] *But the First Amendment protects the right*
5  *of political party members to advocate that a specific person be elected or appointed to a particular office and*
6  *that a specific person be hired to perform a governmental function.* [11] *In the First Amendment context, the political*
7  *patronage exception to the First Amendment protection for public employees is to be construed broadly, so as*
8  *presumptively to encompass positions placed by legislature outside of "merit" civil service. Positions specifically*
9  *named in relevant federal, state, county, or municipal laws to which discretionary authority with respect to*
10 *enforcement of that law or carrying out of some other policy of political concern is granted, such as a secretary*
11 *of state given statutory authority over various state corporation law practices, fall within the political patronage*
12 *exception to First Amendment protection of public employees.* [12] *However, a supposed interest in ensuring*
13 *effective government and efficient government employees, political affiliation or loyalty, or high salaries paid to*
14 *the employees in question should not be counted as indicative of positions that require a particular party*
15 *affiliation.* [13]"
16 *[American Jurisprudence 2d, Constitutional law, §546: Forced and Prohibited Associations (1999)]*

17 If the "Federal constitution" and the "Federal statutes" meanings of a geographical term are said by the speaker to be
18 equivalent, some authority MUST be provided. The reason is that this is VERY seldom the case. For instance:

19 1.  The term "United States" in the context of the Federal constitution implies ONLY the states of the Union and *excludes*
20     federal territory.. . .WHEREAS
21 2.  The term "United States" in the statutory sense includes only federal territory and excludes states of the Union.

22 Example proofs for the above consists of the following:

23  *"The earliest case is that of Hepburn v. Ellzey, 2 Cranch, 445, 2 L.Ed. 332, in which this court held that, under*
24  *that clause of the Constitution limiting the jurisdiction of the courts of the United States to controversies between*
25  *citizens of different states, a citizen of the District of Columbia could not maintain an action in the circuit court*
26  *of the United States. It was argued that the word 'state.' in that connection, was used simply to denote a distinct*
27  *political society. 'But,' said the Chief Justice, 'as the act of Congress obviously used the word 'state' in reference*
28  *to that term as used in the Constitution, it becomes necessary to inquire whether Columbia is a state in the sense*
29  *of that instrument.*   ***The result of that examination is a conviction that the***

---

[8] Rutan v. Republican Party of Illinois, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d. 52, 5 I.E.R. Cas. (BNA) 673 (1990), reh'g denied, 497 U.S. 1050, 111 S.Ct. 13, 111 L.Ed.2d. 828 (1990) and reh'g denied, 497 U.S. 1050, 111 S.Ct. 13, 111 L.Ed.2d. 828 (1990).

Annotation: Public employee's right of free speech under Federal Constitution's First Amendment–Supreme Court cases, 97 L.Ed.2d. 903.

First Amendment protection for law enforcement employees subjected to discharge, transfer, or discipline because of speech, 109 A.L.R. Fed. 9.

First Amendment protection for judges or government attorneys subjected to discharge, transfer, or discipline because of speech, 108 A.L.R. Fed. 117.

First Amendment protection for public hospital or health employees subjected to discharge, transfer, or discipline because of speech, 107 A.L.R. Fed. 21.

First Amendment protection for publicly employed firefighters subjected to discharge, transfer, or discipline because of speech, 106 A.L.R. Fed. 396.

[9] Abood v. Detroit Bd. of Ed., 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d. 261, 95 L.R.R.M. (BNA) 2411, 81 Lab.Cas. (CCH) ¶ 55041 (1977), reh'g denied, 433 U.S. 915, 97 S.Ct. 2989, 53 L.Ed.2d. 1102 (1977); Parrish v. Nikolits, 86 F.3d. 1088 (11th Cir. 1996), cert. denied, 117 S.Ct. 1818, 137 L.Ed.2d. 1027 (U.S. 1997).

[10] LaRou v. Ridlon, 98 F.3d. 659 (1st Cir. 1996); Parrish v. Nikolits, 86 F.3d. 1088 (11th Cir. 1996), cert. denied, 117 S.Ct. 1818, 137 L.Ed.2d. 1027 (U.S. 1997).

[11] Vickery v. Jones, 100 F.3d. 1334 (7th Cir. 1996), cert. denied, 117 S.Ct. 1553, 137 L.Ed.2d. 701 (U.S. 1997).

Responsibilities of the position of director of a municipality's office of federal programs resembled those of a policymaker, privy to confidential information, a communicator, or some other office holder whose function was such that party affiliation was an equally important requirement for continued tenure. Ortiz-Pinero v. Rivera-Arroyo, 84 F.3d. 7 (1st Cir. 1996).

[12] McCloud v. Testa, 97 F.3d. 1536, 12 I.E.R. Cas. (BNA) 1833, 1996 Fed.App. 335P (6th Cir. 1996), reh'g and suggestion for reh'g en banc denied, (Feb. 13, 1997).

Law Reviews: Stokes, When Freedoms Conflict: Party Discipline and the First Amendment. 11 JL &Pol 751, Fall, 1995.

Pave, Public Employees and the First Amendment Petition Clause: Protecting the Rights of Citizen-Employees Who File Legitimate Grievances and Lawsuits Against Their Government Employers. 90 NW U LR 304, Fall, 1995.

Singer, Conduct and Belief: Public Employees' First Amendment Rights to Free Expression and Political Affiliation. 59 U Chi LR 897, Spring, 1992.

As to political patronage jobs, see  § 472.

[13] Parrish v. Nikolits, 86 F.3d. 1088 (11th Cir. 1996), cert. denied, 117 S.Ct. 1818, 137 L.Ed.2d. 1027 (U.S. 1997).

---

*members of the American confederacy only are the states contemplated in the Constitution , . . . and excludes from the term the signification attached to it by writers on the law of nations.' This case was followed in Barney v. Baltimore, 6 Wall. 280, 18 L.Ed. 825, and quite recently in Hooe v. Jamieson, 166 U.S. 395 , 41 L.Ed. 1049, 17 Sup.Ct.Rep. 596. The same rule was applied to citizens of territories in New Orleans v. Winter, 1 Wheat. 91, 4 L.Ed. 44, in which an attempt was made to distinguish a territory from the District of Columbia. But it was said that 'neither of them is a state in the sense in which that term is used in the Constitution.'*

*In Scott v. Jones, 5 How. 343, 12 L.Ed. 181, and in Miners' Bank v. Iowa ex rel. District Prosecuting Attorney, 12 How. 1, 13 L.Ed. 867, it was held that under the judiciary act, permitting writs of error to the supreme court of a state in cases where the validity of a state statute is drawn in question, an act of a territorial legislature was not within the contemplation of Congress."*
[Downes v. Bidwell, 182 U.S. 244 (1901) ]

*"As the only judicial power vested in Congress is to create courts whose judges shall hold their offices during good behavior, it necessarily follows that, if Congress authorizes the creation of courts and the appointment of judges for limited time, it must act independently of the Constitution upon territory which is not part of the United States within the meaning of the Constitution."*
[O'Donoghue v. United States, 289 U.S. 516, 53 S.Ct. 740 (1933)]

Notice that last quote "not part of the United States within THE meaning of the Constitution", which implies that there is ONLY ONE meaning and that meaning does not include the "territory" of the United States, which is the community property of the states mentioned in ONLY ONE place in the constitution, which is Article 1, Section 8, Clause 17 and nowhere else.

The most likely words to be subjected to "deliberate and malicious and self-serving verbicide" and deceit by the government opponent and the Court are "United States", "State", and "trade or business".  The rules of statutory construction indicated in section 2 shall be VERY STRICTLY applied to these terms:

1. Since the terms are statutorily defined, the statutory definition shall SUPERSEDE the common meaning or the constitutional meaning of the term.

2. Only that which is *expressly* specified SOMEWHERE within the statutes cited as authority may be "included" within the meaning.

3. That which is NOT expressly specified shall be presumed to be purposefully excluded by implication:

*"Expressio unius est exclusio alterius.  A maxim of statutory interpretation meaning that the expression of one thing is the exclusion of another. Burgin v. Forbes, 293 Ky. 456, 169 S.W.2d. 321, 325; Newblock v. Bowles, 170 Okl. 487, 40 P.2d. 1097, 1100.  Mention of one thing implies exclusion of another.  When certain persons or things are specified in a law, contract, or will, an intention to exclude all others from its operation may be inferred.  Under this maxim, if statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded."*
[Black's Law Dictionary, Sixth Edition, p. 581]

*"When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning. Meese v. Keene, 481 U.S. 465, 484-485 (1987) ("It is axiomatic that the statutory definition of the term excludes unstated meanings of that term"); Colautti v. Franklin, 439 U.S. at 392-393, n. 10 ("As a rule, 'a definition which declares what a term "means" . . . excludes any meaning that is not stated'"); Western Union Telegraph Co. v. Lenroot, 323 U.S. 490, 502 (1945); Fox v. Standard Oil Co. of N.J., 294 U.S. 87, 95-96 (1935) (Cardozo, J.); see also 2A N. Singer, Sutherland on Statutory Construction § 47.07, p. 152, and n. 10 (5th ed. 1992) (collecting cases). That is to say, the statute, read "as a whole," post at 998 [530 U.S. 943] (THOMAS, J., dissenting), leads the reader to a definition. That definition does not include the Attorney General's restriction -- "the child up to the head." Its words, "substantial portion," indicate the contrary."*
[Stenberg v. Carhart, 530 U.S. 914 (2000)]

*"It is axiomatic that the statutory definition of the term excludes unstated meanings of that term.  Colautti v. Franklin, 439 U.S. 379, 392, and n. 10 (1979). Congress' use of the term "propaganda" in this statute, as indeed in other legislation, has no pejorative connotation.{19}  As judges, it is our duty to [481 U.S. 485] construe legislation as it is written, not as it might be read by a layman, or as it might be understood by someone who has not even read it."*
[Meese v. Keene, 481 U.S. 465, 484 (1987)]

1  **3.2   The Three Definitions of "United States"**

2  The U.S. Supreme Court provided three definitions of the term "United States" in Hooven and Allison v. Evatt.

3  *"The term 'United States' may be used in any one of several senses. It may be merely the name of a sovereign*
4  *occupying the position analogous to that of other sovereigns in the family of nations. It may designate the territory*
5  *over which the sovereignty of the United States extends, or it may be the collective name of the states which are*
6  *united by and under the Constitution."*
7  *[Hooven & Allison Co. v. Evatt, 324 U.S. 652 (1945)]*

8  We will now break the above definition into it's three contexts and show what each means.

9  **Table 2:  Meanings assigned to "United States" by the U.S. Supreme Court in Hooven &  Allison v. Evatt**

| # | U.S. Supreme Court Definition of "United States" in Hooven | Context in which usually used | Referred to in this article as | Interpretation |
|---|---|---|---|---|
| 1 | "It may be merely the name of a sovereign occupying the position analogous to that of other sovereigns in the family of nations." | International law | "United States*" | "These <u>united states</u>," when traveling abroad, you come under the jurisdiction of the President through his agents in the U.S. State Department, where "U.S." refers to the sovereign society. You are a "Citizen of the United States" like someone is a Citizen of France, or England.  We identify this version of "United States" with a single asterisk after its name:  "United States*" throughout this article. |
| 2 | "It may designate the territory over which the sovereignty of the United States extends, or" | "National government" Federal law Federal forms Federal territory ONLY and no part of any state of the Union | "United States**" | "The United States (the District of Columbia, possessions and territories)".  Here Congress has exclusive legislative jurisdiction. In this sense, the term "United States" is a singular noun.  You are a person residing in the District of Columbia, one of its Territories or Federal areas (enclaves).  Hence, even a person living in the one of the sovereign States could still be a member of the Federal area and therefore a "citizen of the United States."  This is the definition used in most "Acts of Congress" and federal statutes.  We identify this version of "United States" with two asterisks after its name:  "United States**" throughout this article.  This definition is also synonymous with the "United States" corporation found in 28 U.S.C. §3002(15)(A). |
| 3 | "...as the collective name for the states which are united by and under the Constitution." | "Federal government" States of the Union and NO PART of federal territory Constitution of the United States | "United States***" | "The <u>several States</u> which is the <u>united States of America</u>." Referring to the <u>50 sovereign States</u>, which are united under the <u>Constitution of the United States of America</u>. The federal areas within these states are not included in this definition because the <u>Congress does not</u> have exclusive legislative authority over any of the <u>50 sovereign States within the Union of States</u>. Rights are retained by the <u>States</u> in the 9th and 10th Amendments, and you are a "<u>Citizen of these united States</u>." This is the definition used in the Constitution for the United States of America.  We identify this version of "United States" with a three asterisks after its name:  "United States***" throughout this article. |

10  The U.S. Supreme Court helped to clarify which of the three definitions above is the one used in the U.S. Constitution, when
11  it ruled the following.  Note they are implying the THIRD definition above and *not* the other two:

12  *"The earliest case is that of Hepburn v. Ellzey, 2 Cranch, 445, 2 L.Ed. 332, in which this court held that, under*
13  *that clause of the Constitution limiting the jurisdiction of the courts of the United States to controversies between*
14  *citizens of different states, a citizen of the District of Columbia could not maintain an action in the circuit court*
15  *of the United States. It was argued that the word 'state.' in that connection, was used only to denote a distinct*
16  *political society. 'But,' said the Chief Justice, 'as the act of Congress obviously used the word 'state' in reference*
17  *to that term as used in the Constitution, it becomes necessary to inquire whether Columbia is a state in the sense*
18  *of that instrument. <u>The result of that examination is a conviction that the members of the American confederacy</u>*
19  *<u>only are the states contemplated in the Constitution . . . . and excludes from the term the signification attached</u>*
20  *<u>to it by writers on the law of nations.' This case was followed in Barney v. Baltimore, 6 Wall. 280, 18 L.Ed.</u>*
21  *<u>825, and quite recently in Hooe v. Jamieson, 166 U.S. 395 , 41 L.Ed. 1049, 17 Sup.Ct.Rep. 596. The same rule</u>*
22  *<u>was applied to citizens of territories in New Orleans v. Winter, 1 Wheat. 91, 4 L.Ed. 44, in which an attempt</u>*
23  *<u>was made to distinguish a territory from the District of Columbia. But it was said that 'neither of them is a</u>*
24  *<u>state in the sense in which that term is used in the Constitution.'</u> In Scott v. Jones, 5 How. 343, 12 L.Ed. 181,*
25  *and in Miners' Bank v. Iowa ex rel. District Prosecuting Attorney, 12 How. 1, 13 L.Ed. 867, it was held that under*
26  *the judiciary act, permitting writs of error to the supreme court of a state in cases where the validity of a state*
27  *statute is drawn in question, an act of a territorial legislature was not within the contemplation of Congress."*
28  *[Downes v. Bidwell, 182 U.S. 244 (1901) ]*

The Supreme Court further clarified that the Constitution implies the third definition above, which is the United States***
when they ruled the following. Notice that they say "not part of the United States within the meaning of the Constitution"
and that the word "the" implies only ONE rather than multiple meanings:

> "As the only judicial power vested in Congress is to create courts whose judges shall hold their offices during
> good behavior, it necessarily follows that, *if Congress authorizes the creation of courts and the appointment of*
> *judges for limited time, it must act independently of the Constitution upon territory which is not part of the*
> *United States within the meaning of the Constitution."*
> [O'Donoghue v. United States, 289 U.S. 516, 53 S.Ct. 740 (1933)]

Another important distinction needs to be made. Definition 1 above refers to the country "United States", but this country is
*not* a "nation", in the sense of international law. This very important point was made clear by the U.S. Supreme Court in
1794 in the case of *Chisholm v. Georgia*, 2 Dall. (U.S.) 419, 1 L.Ed. 440 (1793), when it said:

> This is a case of uncommon magnitude. One of the parties to it is a State; certainly respectable, claiming to be
> sovereign. *The question to be determined is, whether this State, so respectable, and whose claim soars so high,*
> *is amenable to the jurisdiction of the Supreme Court of the United States? This question, important in itself,*
> *will depend on others, more important still; and, may, perhaps, be ultimately resolved into one, no less radical*
> *than this 'do the people of the United States form a Nation?'*
>
> A cause so conspicuous and interesting, should be carefully and accurately viewed from every possible point of
> sight. I shall examine it; 1st. By the principles of general jurisprudence. 2nd. By the laws and practice of
> particular States and Kingdoms. **From the law of nations little or no**
> **illustration of this subject can be expected. By that law the**
> **several States and Governments spread over our globe, are**
> **considered as forming a society, not a NATION.** It has only been by a very
> few uncommon minds, such as those of Elizabeth and the Fourth Henry, that this last great idea has been
> even contemplated. 3rdly. and chiefly, I shall examine the important question before us, by the Constitution of the
> United States, and the legitimate result of that valuable instrument.
> [Chisholm v. Georgia, 2 Dall. (U.S.) 419, 1 L.Ed. 440 (1793)]

Black's Law Dictionary further clarifies the distinction between a "nation" and a "society" by clarifying the differences
between a **national** government and a **federal** government, and keep in mind that our government is called "federal
government":

> "*NATIONAL GOVERNMENT*. The government of a whole nation, as distinguished from that of a local or
> territorial division of the nation, and also as distinguished from that of a league or confederation.
>
> "A national government is a government of the people of a single state or nation, united as a community by what
> is termed the 'social compact,' and possessing complete and perfect supremacy over persons and things, so far
> as they can be made the lawful objects of civil government. *A federal government is distinguished from a*
> *national government by its being the government of a community of independent and sovereign states, united*
> *by compact.*" Piqua Branch Bank v. Knoup, 6 Ohio.St. 393."
> [Black's Law Dictionary, Revised Fourth Edition, 1968, p. 1176]
>
> _____
>
> "*FEDERAL GOVERNMENT*. The system of government administered in a state formed by the union or
> confederation of *several independent or quasi independent states*; also the composite state so formed.
>
> In strict usage, there is a distinction between a confederation and a federal government. *The former term denotes*
> *a league or permanent alliance between several states, each of which is fully sovereign and independent, and*
> *each of which retains its full dignity, organization, and sovereignty, though yielding to the central authority a*
> *controlling power for a few limited purposes, such as external and diplomatic relations. In this case, the*
> *component states are the units, with respect to the confederation, and the central government acts upon them,*
> *not upon the individual citizens. In a federal government, on the other hand, the allied states form a union,-*
> *not, indeed, to such an extent as to destroy their separate organization or deprive them of quasi sovereignty*
> *with respect to the administration of their purely local concerns, but so that the central power is erected into a*
> *true state or nation, possessing sovereignty both external and internal,-while the administration of national*
> *affairs is directed, and its effects felt, not by the separate states deliberating as units, but by the people of all,*
> *in their collective capacity, as citizens of the nation.* The distinction is expressed, by the German writers, by the
> use of the two words "Staatenbund" and "Bundesstaat;" the former denoting a league or confederation of states,
> and the latter a federal government, or state formed by means of a league or confederation."
> [Black's Law Dictionary, Revised Fourth Edition, 1968, p. 740]

So the "United States*" the country is a "society" and a "sovereignty" but not a "nation" under the law of nations, by the Supreme Court's own admission. Because the Supreme Court has ruled on this matter, it is now incumbent upon each of us to always remember it and to apply it in all of our dealings with the Federal Government. If not, we lose our individual Sovereignty by default and the Federal Government assumes jurisdiction over us. So, while a sovereign Citizen will want to be the third type of Citizen, which is a "Citizen of the United States***" and on occasion a "citizen of the United States*", he would never want to be the second, which is a "citizen of the United States**". A person who is a "citizen" of the second is called a *statutory* "U.S. citizen" under 8 U.S.C. §1401, and he is treated in law as occupying a place not protected by the Bill of Rights, which is the first ten amendments of the United States Constitution. Below is how the U.S. Supreme Court, described this "other" United States, which we call the "federal zone":

> *"Indeed, the practical interpretation put by Congress upon the Constitution has been long continued and uniform to the effect [182 U.S. 244, 279] that* **the Constitution is applicable to territories acquired by purchase or conquest, only when and so far as Congress shall so direct. Notwithstanding its duty to 'guarantee to every state in this Union a republican form of government' (art. 4, 4), by which we understand, according to the definition of Webster, 'a government in which the supreme power resides in the whole body of the people, and is exercised by representatives elected by them,' Congress did not hesitate, in the original organization of the territories of Louisiana, Florida, the Northwest Territory, and its subdivisions of Ohio, Indiana, Michigan, Illinois, and Wisconsin and still more recently in the case of Alaska, to establish a form of government bearing a much greater analogy to a British Crown colony than a republican state of America,** *and to vest the legislative power either in a governor and council, or a governor and judges, to be appointed by the President. It was not until they had attained a certain population that power was given them to organize a legislature by vote of the people. In all these cases, as well as in territories subsequently organized west of the Mississippi, Congress thought it necessary either to extend to Constitution and laws of the United States over them, or to declare that the inhabitants should be entitled to enjoy the right of trial by jury, of bail, and of the privilege of the writ of habeas corpus, as well as other privileges of the bill of rights."*
> *[Downes v. Bidwell, 182 U.S. 244 (1901)]*

### 3.3   Citizenship and nationality

If the speaker is talking about the citizenship:

1. Any reference to the citizenship of a litigant MUST specify one and only one definition of "United States" identified in the preceding section and follow the term "United States" with the asterisk symbology shown in Table 2 therein. For instance, the following would define a person who is a citizen of a state of the Union who has a domicile within that state on other than federal territory within:

   *"citizen of the United States*** (Federal Constitution)"*

2. If one of the six contexts for a geographical term is not specified when describing citizenship or if the term 'United States" is not followed by the correct number of asterisks to identify WHICH "United States" is intended from within section 3.2, then the context shall imply the "Federal constitution" and exclude the "Federal statutes" and imply THREE asterisks.
3. If the context is the "Federal Constitution", the following citizenship status shall be imputed to the person described.
   3.1. Constitutional citizen within the meaning of the Fourteenth Amendment.
   3.2. Not a statutory citizen pursuant to 8 U.S.C. §1401 or 26 C.F.R. §1.1-1(c) or 26 U.S.C. §911.
   3.3. "non-citizen national" pursuant to 8 U.S.C. §1101(a)(21) and 8 U.S.C. §1452.
   3.4. NOT a "U.S. national" pursuant to 8 U.S.C. §1408 and 8 U.S.C. §1101(a)(22)(B).
4. If the term "United States" is used in describing citizenship, it shall imply the "Federal Constitution" and exclude the "Federal Statutes" contexts.
5. The only method for imputing a citizenship status within the "Federal Statutes" context is to invoke one of the following terms, and to specify WHICH SINGLE definition of "United States" is implied within the list of three definitions defined by the U.S. Supreme Court in Hooven & Allison Co. v. Evatt, 324 U.S. 652 (1945).
   5.1. "statutory citizen of the United States pursuant to 8 U.S.C. §1401".
   5.2. "citizen pursuant to 26 C.F.R. §1.1-1(c)".

The implication of all the above is that the person being described by default:

1. Is not domiciled or resident on federal territory of the "United States**" and is therefore protected by the United States Constitution.
2. Is not domiciled or resident within any United States judicial district.

3. Is not domiciled or resident within any internal revenue district described in Treasury Order 150-02. The only remaining internal revenue district is the District of Columbia.

4. May not lawfully have his or her or its legal identity kidnapped and transported to the District of Columbia involuntarily pursuant to 26 U.S.C. §7701(a)(39) or 26 U.S.C. §7408(d).

5. Is a "stateless person" within the meaning of 28 U.S.C. §1332 because not domiciled in the "States" described in 28 U.S.C. §1332(e). See Newman-Green v. Alfonso Larrain, 490 U.S. 826 (1989) for the meaning of the term "stateless person".

6. Is a nonresident to the exclusive jurisdiction of the United States government described in Article 1, Section 8, Clause 17 of the United States Constitution.

7. Is a "nonresident alien" for the purposes of federal taxation pursuant to 26 U.S.C. §7701(b)(1)(B) but is NOT a "nonresident alien individual" as defined in 26 C.F.R. §1.1441-1(c )(3)(ii).

8. Is protected by the separation of legislative powers between the states and the federal government:

> "The people of the United States, by their Constitution, have affirmed a division of internal governmental powers between the federal government and the governments of the several states-committing to the first its powers by express grant and necessary implication; to the latter, or [301 U.S. 548, 611] to the people, by reservation, 'the powers not delegated to the United States by the Constitution, nor prohibited by it to the States.' The Constitution thus affirms the complete supremacy and independence of the state within the field of its powers. Carter v. Carter Coal Co., 298 U.S. 238, 295 , 56 S.Ct. 855, 865. The federal government has no more authority to invade that field than the state has to invade the exclusive field of national governmental powers; for, in the oft-repeated words of this court in Texas v. White, 7 Wall. 700, 725, 'the preservation of the States, and the maintenance of their governments, are as much within the design and care of the Constitution as the preservation of the Union and the maintenance of the National government.' The necessity of preserving each from every form of illegitimate intrusion or interference on the part of the other is so imperative as to require this court, when its judicial power is properly invoked, to view with a careful and discriminating eye any legislation challenged as constituting such an intrusion or interference. See South Carolina v. United States, 199 U.S. 437, 448 , 26 S.Ct. 110, 4 Ann.Cas. 737."
> [Steward Machine Co. v. Davis, 301 U.S. 548 (1937)]

> "We start with first principles. The Constitution creates a Federal Government of enumerated powers. See U.S. Const., Art. I, 8. As James Madison wrote, "[t]he powers delegated by the proposed Constitution to the federal government are few and defined. Those which are to remain in the State governments are numerous and indefinite." The Federalist No. 45, pp. 292-293 (C. Rossiter ed. 1961). **_This constitutionally mandated division of authority "was adopted by the Framers to ensure protection of our fundamental liberties." Gregory v. Ashcroft, 501 U.S. 452, 458 (1991) (internal quotation marks omitted). "Just as the separation and independence of the coordinate branches of the Federal Government serves to prevent the accumulation of excessive power in any one branch, a healthy balance of power between the States and the Federal Government will reduce the risk of tyranny and abuse from either front." Ibid._**"
> [U.S. v. Lopez, 514 U.S. 549 (1995)]

9. Is protected by the Foreign Sovereign Immunities Act, 28 U.S.C. Chapt. 97 because an instrumentality of a foreign state, meaning a state of the Union, as a jurist, voter, or domiciliary.

> Foreign States:  "Nations outside of the United States...Term may also refer to another state; i.e. a sister state. The term 'foreign nations', ...should be construed to mean all nations and states other than that in which the action is brought; and hence, one state of the Union is foreign to another, in that sense."
> [Black's Law Dictionary, Sixth Edition, p. 648]

> Foreign Laws:  "The laws of a foreign country or sister state.  In conflicts of law, the legal principles of jurisprudence which are part of the law of a sister state or nation.  Foreign laws are additions to our own laws, and in that respect are called 'jus receptum'."
> [Black's Law Dictionary, Sixth Edition, p. 647]

If you want to know why the above rules are established for citizenship, please refer to:

> Why You are a "national", "state national", and Constitutional but not Statutory Citizen, Form #05.006
> http://sedm.org/Forms/FormIndex.htm

# 4   Resources for Further Study and Rebuttal

If you would like to study the subjects covered in this short memorandum in further detail, may we recommend the following authoritative sources, and also welcome you to rebut any part of this pamphlet after your have read it and studied the subject carefully yourself just as we have:

1. *Citizenship, Domicile, and Tax Status Options*, Form #10.003-summary of my citizenship, domicile, and tax status.
   http://sedm.org/Forms/FormIndex.htm
2. *Meaning of the Words "includes" and "including"*, Form #05.014
   http://sedm.org/Forms/FormIndex.htm
3. *Statutes and Statutory Construction*, Second edition. Jabez Sutherland, 1904.
   3.1. Volume 1:  http://books.google.com/books?id=Jw49AAAAIAAJ&printsec=titlepage
   3.2. Volume 2:  http://books.google.com/books?id=4xA9AAAAIAAJ&printsec=titlepage
4. *Sovereignty Forms and Instructions Online*, Form #10.004, Cites by Topic-Meaning several common "words of art"
   http://famguardian.org/TaxFreedom/FormsInstr-Cites.htm



Christopher
47491177
Federal Correctional Institute  Jail
P.O. Box 15330
Texas State, Fort Worth
USA
Non Domestic, Non Federal

Legal Mail

47797-177
Eldon B Mahon
Judge Mcbryde
501 W 10TH ST
Room 310
FORT Worth, TX Texas State
USA
Non Domestic, Non Federal

2014 OCT 31 PM 1:35