ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF _Texas state_

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 1 2 2014
CLERK, U.S. DISTRICT COURT
By _____
     Deputy

| | |
|---|---|
| United States, | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| v | ) No 4:14-CR-00023-A |
| | ) |
| Christopher Robert Weast, sui juris | ) |
| ~~Any Citizen~~, | ) |
| ~~Defendant~~ wrongfully accused | ) |

MOTION TO DISMISS FOR LACK OF TERRITORIAL JURISDICTION

COMES NOW Christopher Robert Weast ~~(Any Citizen)~~, the accused, who hereby demands of this legislative tribunal and judicial assembly the dismissal of this cause because of the lack of exclusive jurisdictional authority over the exact geographical location where the alleged criminal activity mentioned in the indictment took place; and hereby files this formal Motion to Dismiss for Lack of Territorial Jurisdiction.

A recent Supreme Court decision, decided April 26, 1995, addresses the issues of exclusive legislative jurisdiction of the Congress, the powers of the Federal government, and the subsequent subject matter of a Federal District Court. Supreme Court Justice Thomas in the concurring majority opinion in the case of United States v. Lopez, No. 93-1260, 115 S. Ct. 1624, 131 L. Ed. 2d 626, states very clearly:

Indeed, on this crucial point, the majority and Justice Breyer [the Justice writing the dissenting opinion] agree in principle: the Federal Government has nothing approaching a police power."

1

(pg 64.)

Then Justice Thomas went on to discuss a regulation of police (pg. 86), wherein he stated:

United States v. Dewitt, 76 US 41 9 Wall 4, 19 L. Ed 593 (870), marked the first time the court struck down as exceeding the power conveyed by the commerce clause. In a 2 page opinion, the court invalidated a nation-wide law prohibiting all sales of naphtha, and illuminating oils. In so doing, the court remarked that the commerce clause has always been understood as limited by its terms; and as a virtual denial of any power to interfere with the internal trade and business of the separate states."

Further support for this understanding is readily available from the courts:

Special provision is made in the Constitution for the cession of jurisdiction from the states over places where the federal government shall establish forts or other military works. And it is only in these places, or in territories of the United States, where it can exercise a general jurisdiction [New Orleans v. United States, 35 U.S. (10 Pet.) 662 (1836)]

All legislation is prima facie territorial

[American Banana Co. v. U.S. Fruit, 213, U.S. 347 at 357-358]

There is a canon of legislative construction which teaches Congress that, unless a contrary intent appears [legislation] is meant to apply only within territorial jurisdiction of the United States.

[U.S. v. Spelar, 338 U.S. 217 at 222]

the United States never held any municipal sovereignty, jurisdiction, or right of soil in Alabama or any of the new states which were formed ... The United States has no Constitutional

2

capacity to exercise municipal jurisdiction, sovereignty or eminent domain, within the limits of a state or elsewhere, except in the cases in which it is expressly granted ...

[Pollard v. Hagan, 44 U.S.C. 213, 221, 223]

... the states are separate sovereigns with respect to the federal government

[Heath v. Alabama, 474 U.S. 187]

No sanction can be imposed absent proof of jurisdiction [Stanard v. Olesen, 74 S. Ct.768]

Once challenged, jurisdiction cannot be 'assumed', it must be proved to exist. [Stuck v. Medical Examiners, 94 Ca2d 751.211 P2s 389]

Jurisdiction, once challenged, cannot be assumed and must be decided.

[Maine v. Thiboutot, 100 S. Ct. 250]

... Federal jurisdiction cannot be assumed, but must be clearly shown.

[Brooks v. Yawkey, 200 F. 2d 633]

The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings

[Hagans v. Lavine, 415 U.S. 533]

If any tribunal finds absence of proof of jurisdiction over person and subject matter, the case must be dismissed.

[Louisville R.R. v. Motley, 211 U.S. 149, 29 S. Ct. 42]

3

Other cases also such as McNutt v. G.M., 56 S. Ct. 789,80 L. Ed. 1135, Griffin v. Mathews, 310 Supp. 341, 423 F. 2d 272, Basso v. U.P.L., 495 F 2d. 906, Thomson v. Gaskiel, 62 S. Ct. 673, 83 L. Ed. 111, and Albrecht v U.S., 273 U.S. 1, also all confirm, that, when challenged, jurisdiction must be documented, shown, and proven, to lawfully exist before a cause may lawfully proceed in the courts..

Title 18 U.S.C. § 7 specifies that the territorial jurisdiction of the United States extends only outside the boundaries of lands belonging to any of the 50 states, and Title 40 U.S.C. §~~255~~ 3112 specifies the legal conditions that must be fulfilled for the United States government to have exclusive or shared jurisdiction within the area of lands belonging to the States of the Union.

THEREFORE, the accused would demand of this court to establish the required exclusive Federal jurisdiction that has been merely assumed in this matter, consisting of:

1. Documentation showing ownership of each and every geographical location mentioned in the instant indictment wherein the alleged criminal activity took place.

2. Documentation from the legislature of the Commonwealth of Virginia surrendering jurisdiction to the Federal government over the same geographical location as in #1.

3. Documentation pursuant to Title 40 U.S.C. § 255, wherein the United States accepted jurisdiction to the same geographical location as specified in #1, OR, documentation showing concurrent jurisdiction with the Commonwealth of Virginia over the geographical location in #1;

OR, absent the production of such required documentation showing lawful Federal jurisdiction over this geographical location; dismiss the action entirely, immediately.

Respectfully submitted this _10th_ day of _November_, _2014_.

/s/ *Christopher Robert Weast*, Agent
CHRISTOPHER ROBERT WEAST
Printed Name

~~Address~~ Christopher Robert
temporary post location
C/o 833 Hallvale Drive
    Fort Worth (zip code exempt)
    Texas state
    USA
    Non Domestic, Non Federal

Christopher Robert
47797-177
Federal Corrections Institution
P.O Box 15330
Fort Worth (zip code exempt)
Texas state
USA
Non Domestic, Non Federal

House of West Estate Dignity - Member

⇔47797-177⇔
CLERK OF COURT
Eldon B Mahon
Judge Mcbryde
501 W 10TH ST
Room 310
FORT Worth, ⟶ (zip code exempt)
Texas state
USA
Non Domestic, Non Federal

7810323641 0024