# United States District Court
### Northern District of Texas
### Fort Worth Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | Case Number: 4:14-CR-023-A(01) |
| CHRISTOPHER ROBERT WEAST | § | |

## JUDGMENT IN A CRIMINAL CASE

The government was represented by Assistant United States Attorney Aisha Saleem. The defendant, CHRISTOPHER ROBERT WEAST, was represented by Federal Public Defender through Assistant Federal Public Defender Christopher Curtis.

The defendant was found guilty during a jury trial on counts 1 and 2 of the third superseding indictment on July 29, 2014 after a plea of not guilty. Accordingly, the court ORDERS that the defendant be, and is hereby, adjudged guilty of such counts involving the following offenses:

| Title & Section / Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) Possession Of Child Pornography | 07/10/2012 | 1 |
| 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1) Receipt Of Child Pornography | 06/28/2012 | 2 |

On motion of the United States, the court ORDERS as to this defendant that the original indictment, first superseding indictment, second superseding indictment be, and are hereby, dismissed.

As pronounced and imposed on November 14, 2014, the defendant is sentenced as provided in the judgment.

The court ORDERS that the defendant immediately pay to the United States, through the Clerk of this Court, a special assessment of $200.00.

The court further ORDERS that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence address, or mailing address, as set forth below, until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court, through the clerk of this court, and the Attorney General, through the United States Attorney for this district, of any material change in the defendant's economic circumstances.

## IMPRISONMENT

The court further ORDERS that the defendant be, and is hereby, committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 months as to count 1 of the third superseding indictment and 240 months as to count 2 of the third superseding indictment to run consecutively, for a total sentence of 360 months.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

The court further ORDERS that, upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years, on each of counts 1 and 2 of the third superseding indictment, to run concurrently and that while on supervised release, the defendant shall comply with the following conditions:

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not possess illegal controlled substances.

3. The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004.

4. The defendant shall refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill.

5. The defendant shall participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered at the rate of at least $50 per month.

6. The defendant shall neither possess nor have under his control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use.

7. The defendant shall have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer.

8.     The defendant shall register as a sex offender with state and local law enforcement as directed by the probation officer in each jurisdiction where the defendant resides, is employed, and is a student, providing all information required in accordance with state registration guidelines, with initial registration being completed within three business days after release from confinement. The defendant shall provide written verification of registration to the probation officer within three business days following registration and renew registration as required by his probation officer. The defendant shall, no later than three business days after each change of name, residence, employment, or student status, appear in person in at least one jurisdiction and inform that jurisdiction of all changes in the information required in the sex-offender registry.

9.     The defendant shall also comply with the Standard Conditions of Supervision as hereinafter set forth.

## Standard Conditions of Supervision

1.     The defendant shall report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

2.     The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

3.     The defendant shall provide to the U.S. Probation Officer any requested financial information.

4.     The defendant shall not leave the judicial district without the permission of the Court or U.S. Probation Officer.

5.     The defendant shall report to the U.S. Probation Officer as directed by the court or U.S. Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month.

6.     The defendant shall answer truthfully all inquiries by the U.S. Probation Officer and follow the instructions of the U.S. Probation Officer.

7.     The defendant shall support his or her dependents and meet other family responsibilities.

8.     The defendant shall work regularly at a lawful occupation unless excused by the U.S. Probation Officer for schooling, training, or other acceptable reasons.

9.     The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.

10.     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

11.     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the U.S. Probation Officer.

13. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the U.S. Probation Officer.

14. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

15. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The court hereby directs the probation officer to provide defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, as contemplated and required by 18 U.S.C. § 3583(f).

## FINE

The court did not order a fine because the defendant does not have the financial resource or future earning capacity to pay a fine.

## FORFEITURE

Pursuant to 18 U.S.C. § 2253 (a) and Rule 32.2(b)(4)(B), it is hereby ordered that defendant's interest in the following property is condemned and forfeited to the United States: One HP laptop computer, serial number CNF8234HX7; and One Western Digital external drive, serial number WCAV5C309672.

## STATEMENT OF REASONS

The "Statement of Reasons" and personal information about the defendant are set forth on the attachment to this judgment.

Signed this the 14th day of November, 2014.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

RETURN

I have executed the imprisonment part of this Judgment as follows:

_____
_____
_____

Defendant delivered on _____, 2014 to _____
at _____, with a certified copy of this Judgment.

United States Marshal for the
Northern District of Texas

By _____
  Deputy United States Marshal