Case 4:14-cr-00023-A   Document 286   Filed 11/17/14   Page 1 of 25   PageID 2051

Case: 14-11223   Document: 00512854898   Page: 1   Date Filed: 12/12/2014

(T J

ORIGINAL

Fifth Circuit Court of Appeals
For the United States of America


U. S. COURT OF APPEALS
RECEIVED
NOV 1 0 2014
FIFTH CIRCUIT

UNITED STATES OF AMERICA )
                          )
v.                        ) No. 4:14-CR-00023-A
                          )
CHRISTOPHER ROBERT WEAST )

RECEIVED
NOV 1 7 2014
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Emergency Writ of Prohibition
And Automatic Stay

COMES NOW CHRISTOPHER ROBERT WEAST by and through
Christopher Robert, (Hereinafter "Relator") a living soul
manifest known as Man, and bearing witness with
my own eyes and attest through my own hand,
this notice and free will writing by Christopher
Robert Demanding a Writ of Prohibition Issue out
of necessity and an Automatic Stay, peacefully and
respectfully on this 4th day of November in the
Year Two Thousand and Fourteen.

## FACTS

1. There exists on the record, multiple due process violations
under the Constitution for the united states of
America, starting with the most obvious and most
important one, wherein John McBryde refused to allow
Relator and/or "Defendant" into any part of the alleged trial
which was held on July 28th and 29th, 2014. Relator
was forced into a room with a TV monitor which
was on mute, in ankle shackles,

handcuffs and waiste chain, which Relator objected to countless times.

2. Relator was prevented from participating in the alleged voir dire and therefore was prevented the opportunity and equal protection to question the potential jurors to see if they were indeed a jury of "Defendant's" peers.

3. John McBryde has been acting under "color of Law" by acting as though the court is operating under Article 111 of the Constitution for the united states of America, when in fact, the court is operating under Article IV of the Constitution of the United States which is the same United States defined in 28 U.S.C. 3002(15)(a) as a corporation.

4. If Relator were to file a lawsuit against the United States corporation, the court would convene in an Article III capacity and petition to have the case dismissed for lack of Article III standing by an injured party yet the corporate United States brings an action against Relator and does not have to prove Article III standing which tells me that McBryde is operating under some secret jurisdiction which equivalent to acting under color of law.

5. Relator repeatedly informed the judge that he did not understand the nature and cause of the charge(s) yet McBryde arbitrarily and capriciously entered a

plea of "not guilty" for "defendant" when Relator clearly did not refuse to enter a plea on May 28, 2014 nor was Relator given the opportunity to understand the nature and cause of the charge, as prescribed by the Constitution for the United states of America, Sixth Amendment, and again at the July 8, 2014 and July 11, 2014 "arraignment hearings." At each and every "arraignment" accept the February 21, 2014 arraignment, ~~Relator~~ wherein Relator thought he understood due to a Mistake of fact and Mistake of Law, Relator repeatedly sought to understand the nature and cause of the charge(s) and McBryde repeatedly violated Relator's Sixth Amendment Right to understand the nature and cause of the charge(s) by arbitrarily and capriciously entering a plea of not guilty on the "defendants" behalf without even attempting to help Relator to understand the nature and cause. "A violation of the 6th Amendment Right is not subject to harmless error review, but requires automatic reversal." United States v. Starusko, 729 F.2d 256 (3d. Cir. 1984)

6. McBryde further violated Relator's Sixth Amendment Right by preventing Relator from representing the "defendant" in the instant case. It is well settled that People have the Right to defend themselves under the Sixth Amendment to the Constitution for the United States of America. ~~Farletta~~ Faretta v. California McBryde did not allow Relator in the courtroom at any point during the sham McBryde referred to as a trial therefore Relator's Sixth Amendment Right to

represent the defendant was denied by McBryde who
refers to people asking questions and attempting to
understand, "disruptive." Before taking action against
a disruptive [defendant], the court should warn the
[defendant] of the consequences of his or her continued
disruptive behavior," [Illinois v. Allen, 397 U.S. 337 (1970)]
yet McBryde did not allow Relator into any of the
trial, from start to finish. McBryde, as the record
will show, never warned Relator that the court
would deny him the Right to proceed "Sui Juris" if
he continued to ask questions and "if a [defendant]
who is appearing pro se disrupts the proceedings, the
court should first warn the [defendant] that if there
is any further disruption the court will deny him or
her the Right to proceed pro se (Sui Juris) and will
direct standby counsel.

Furthermore, not only was Relator's Sixth Amendment
Right violated by preventing him from representing the
"defendant", but Relator's Rights were also violated,
mainly As Relator's First Amendment Right to speak
[Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)] each
time McBryde had Relator forcibly removed for asking
questions which McBryde either could not answer or
was protecting the alleged government prosecutor from
having to answer. When the government prosecutor
wished to speak, McBryde did NOT attempt to speak
over her and then accuse her of being disruptive yet
when Relator tried to speak and ask questions, McBryde
would interrupt repeatedly which is a violation of

Relator's Right to equal protection, [Gulf C. & S.F.R. Co. v. Ellis, 165 U.S. 150 (1897) as well as Relator's Sixth Amendment Right to understand the nature and cause of the charge(s).

7. "The Right of a [defendant] to engage in a searching and wide-ranging cross-examination of any government witness is an essential requirement for a fair trial," [United States v. Jones, 557 F.2d 1237 (8th Cir. 1977)] and "the authority of the court to limit cross-examinations comes into play only after the [defendant] has been permitted to exercise sufficient cross-examination to satisfy the Sixth Amendment [United States v. Tolliver, 665 F.2d 1005 (11th Cir. 1982); United States v. Haimowitz, 706 F.2d 1549 (11th Cir. 1983)] yet McBryde clearly showed his bias against Relator by preventing him to have his opportunity to face his accuser(s), and question them on the witness stand and furthermore, by extremely limiting the questions which were asked at all by the attorneys who were forced upon Relator in violation of the Sixth Amendment to the Constitution for the united states of America (without the United States), which states "In all criminal prosecutions, the accused shall enjoy the Right to a speedy and public trial, and to have the Assistance of Counsel for his defense. (Emphasis added)

It does not say he shall have counsel. It only says he shall have the Right to have the assistance

of Counsel for his defense, and the Right to have counsel does not justify a court forcing a lawyer upon an accused who does not want one. See [State v. Penderville, 2 Utah 2d 281, 272 P.2d 195; Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed. 2d 167], also see [Dyett v. Turner, 266, 439 P.2d 266, 20 Utah 2d 403 (1968).]

8. During the alleged trial, Aisha Saleem, the government attorney, made repeated remarks implying that Relator's silence after receiving a Miranda warning indicated his guilt yet "it is reversible error for the prosecutor to imply that the [defendant's] silence after receiving a Miranda warning indicates guilt." [United States v. Baker, 999 F.2d 412 (9th Cir. 1993)]. During Aisha Saleem's closing statements, she made a direct reference to the fact that Relator chose to maintain his silence after receiving a Miranda warning, claiming Relator must be guilty because he chose to remain silent.

9. During the prosecutor's opening statement, she was allowed by McBryde, to communicate her own personal evaluation of the "case" to the jury which is reflected in the transcripts Relator has been denied repeatedly although [Griffin v. Illinois, 351 U.S. 12 (1956)] provides that the Right of an indigent [defendant] to a free transcript is fundamental in aiding of appealing his conviction.

10. McBryde committed reversible error by preventing alleged "defense" attorneys from fully cross-examining witnesses wherein McBryde acted as though he was the only one allowed to cross-examine the governments witness, and although "a trial judge may interrogate a witness to clarify the witness's testimony or to ensure that a case is fairly tried. However, when the attorneys are competently conducting their cases, it is improper for the trial judge to question the witnesses. By doing so, the judge places the opposing counsel in a disadvantageous position. The attorney may hesitate to object to the judge's examination for fear of creating, or giving the appearance of creating, a conflict with the judge." [United States v. Welliver, 601 F.2d 203 (5th Cir. 1979), overruled on other grounds by United States v. Adamson, 700 F.2d 953 (5th Cir. 1983)].

11. McBryde committed reversible error when he prevented Relator and defendant from being present during selection of the jury wherein, neither Relator nor defendant had given personal on-the-record waiver of his Right to be present. "It is reversible error for the trial court to impanel the jury in the [defendant's] absence without a personal on-the-record waiver of his or her right to be present. A representation by defense counsel is not sufficient." [United States v. Gordon, 829 F.2d 119 (D.C. Cir. 1987)].

12. These proceedings have failed to produce competent evidence of an injured party as required in an Article III court. These proceedings have failed to produce a single affidavit of verified complaint, or the existence of a real complaining party. These proceedings have failed to produce an injured party as plaintiff onto the witness stand for testimony. The real party of interest is being concealed–not identified. The alleged plaintiff/libellant appear fictious. The U.S. attorney demonstrates no evidence of delegated authority to prosecute and therefore appears to be acting without authority. See U.S. Attorney Manual Section 6-4.270 for proof. There appears no contract or franchise agreement or license in evidence compelling performance or connecting Relator to the "trade or business" franchise codified in I.R.C. Subtitle A.

13. The U.S. Attorney has withheld and is continuing to withhold material evidence. The U.S. Attorney offers nothing of substance to this court. The plaintiff has not produced any evidence of a legal liability or duty under any of Title 18 nor proven that any part of Title 18 even constitutes evidence of such a duty.

Duty. A thing due; that which is due from a person; that which a person owes to another. An obligation to do a thing. A word of more extensive signification than "debt," although both are expressed by the same Latin word "debitum." Sometimes, however, the

term is used synonymously with debts.

Those obligations of performance, care, or observance which rest upon a person in an official or fiduciary capacity; as the duty of an executor, trustee, manager, etc.
[(Blacks Law Dictionary, Fifth Edition, page 453)]

14. I have read 1 U.S.C. §204 of your church bible and I have found it to say that the entire Criminal Code is nothing more than "prima facie evidence". The term "prima facie" is legally defined as simply a presumption. Therefore, it appears to Relator that McBryde's own court is practicing something akin to religion, rather than law, where presumption serves as the equivalent of religious faith and unsubstantiated hearsay evidence. This appears to be a violation of the establishment clause of the First Amendment. YOU KNOW that you can't establish a religion or force me to participate in your state sponsored church using a majority vote of "electors" on a jury. In Relator's mind this proceeding is an act of witchcraft by a satanic cabal.

"Has the LORD as great delight in burnt offerings and sacrifices,
As in obeying the voice of the LORD?
Behold, to obey is better than sacrifice,
And to heed than the fat of rams.
For rebellion [of either the Constitution for the united

states of America or the Bible] is as the sin of witchcraft,
And stubbornness is as iniquity and idolatry
Because you have rejected the word [and laws] of the
[Sovereign] LORD [or "We the People" in the Constitution
for the united States of America],
He also has rejected you from being king [and a sovereign
over your government as a private citizen, or a public
servant].
[1 Sam. 15:22-23, Bible, NKJV]

15. Through this unlawful proceeding, I have found that
McBryde is attempting to criminalize non-payment
of tithes to a state sponsored church.

"The "establishment of religion" clause of the First
Amendment means at least this: neither a state nor
the Federal Government can set up a church. Neither
can pass laws which aid one [state-sponsored
political] religion, aid all religions, or prefer one
religion over another. Neither can force or influence
a person to go to or to remain away from church
against his will, or force him to profess a belief
or disbelief in any religion. No person can be punished
for entertaining or professing religious beliefs or
disbeliefs, for church attendance or non-attendance.
No tax in any amount, large or small, can be levied
to support any religious activities or institutions,
whatever they may be called, or whatever form
they may adopt to teach or practice religion. Neither
a state nor the Federal Government can, openly or

or secretly, participate in the affairs of any religious
organizations or groups and vice versa."
[Everson v. Bd. of Ed., 330 U.S. 1, 15 (1947)]

"[The Establishment Clause is infringed when the
government makes adherence to [a STATE-SPONSORED
PAGAN LEGAL] religion relevant to a person's
standing in the political community. Direct government
action endorsing religion or a particular religious
practice is invalid under this approach, because it
sends a message to nonadherents that they are
outsiders, not full members of the political
community, and an accompanying message to adherents
that they are insiders, favored members of the
political community".
[Wallace v. Jaffree, 472 U.S. 69 (1985)]

16. McBryde is NOT exercising his only affirmative
responsibility -- a duty to protect Relator, but rather
appears to be protecting the retirement and paycheck
of himself and the officers of the court, including
the U.S. Attorney, Angela Saad, Christopher A.
Curtis, Peter Fleury and Megan Fahey. It is
abusing even the color of law to elevate its own
importance and effect involuntary servitude.

17. There appears no consent to this matter by Relator
in evidence.

18. Relator has not knowingly, willingly and voluntarily contracted away his Sovereignty. If Relator had, it would be deemed an unconscionable contract and not enforceable by an honorable court. When Relator wants to sue you, Relator must produce statutory evidence that you consented or waived sovereign immunity. The same EQUAL requirement applies to you in respect to Relator. There is no evidence on the record of these proceedings that I ever expressly waived sovereign immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. §1605, and therefore, I am immune from your jurisdiction since said alleged crime consummated in Fort Worth, Texas State Non Domestic, Non Federal and involving alleged commerce only in places outside of the United States, so that the actions alleged does NOT involve "commercial activity carried on in the United States" within the meaning of 28 U.S.C. §1605(a)(2), nor does the complaint involve a tortious act that resulted in personal injury, death, or loss of property "occuring in the United States," within the meaning of 28 U.S.C. §1605(a)(5).

"An appearance by a Foreign state does not confer personal jurisdiction when it does not otherwise exist under 28 U.S.C. §§ 1605-1607. 28 U.S.C. §1330(c)."

"The words 'people of the United States' and 'Citizens' are synonymous terms, and mean the same thing.

They both describe the political body who, according to
our republican institutions, form the sovereignty, and who
hold the power and conduct the government through
their representatives. They are what we familiarly
call the "sovereign people," and every Citizen is one
of this people, and a constituent member of this
sovereignty..."
[Boyd v. State of Nebraska, 143 U.S. 135 (1892)]

19. In essence these proceedings have failed to produce
and to state a claim upon which relief can be
granted.

By willful omission and silence of the Plaintiff and
the court in dealing with the above issues, you have
agreed with everything Relator has said and is
now saying, and that this is an unlawful persecution
of an innocent Man. Calling such issues "frivolous"
simply confirms that this is a state sponsored
church, that Relator is a heretic, and that McBryde,
the court and the Plaintiff agree with everything
that Relator has said. The term "frivolous" is
defined in the Federal Pleading Attachment attached
to some of my pleadings in the court as
"truthful, accurate, and consistent with
prevailing law." Relator thanks the court and
Plaintiff for agreeing with him by remaining
silent. If McBryde, the court, or the Plaintiff
want to be known as, or even referred to as,
honorable, then they should know and be

fully aware that silence equates with fraud where
there is a moral or legal duty to act, or where
such an omission would cause a violation of Rights
and of the constitutional oaths of the officers
of this federal church.

20. Overwhelming evidence suggests that the court,
McBryde, and the Plaintiff, and this establishment
are a private, for profit corporation, not a government,
and the only product or service they may have
lawful authority to deliver is "protection". Relator
has a Right to NOT procure your corporate "product"
or services and to reserve, back to himself, the
powers he may have erroneously delegated to
the court or Plaintiff by lawfully and timely
withdrawing my domicile, allegiance, and support
and becoming a nonresident and a transient
foreigner. The Declaration of Independence makes
this my DUTY. To wit:

"But when a long train of abuses and usurpations,
pursuing invariably the same Object evinces a design
to reduce them under absolute Despotism, it is
their Right, it is their duty, to throw off such
Government, and to provide new Guards for their
future security."
[Declaration of Independence, 1776]

Who is the court, McBryde, or the Plaintiff to
interfere with that duty of organic law? Any

effort to compel me to procure your only product or service is a usurpation and is unlawful under the Sherman Antitrust Act. It also constitutes what this court has called a RICO protection racket which is engaging in systematic acts of racketeering. If the court, McBryde, or the Plaintiff were a real government, they would provide ALL the services they offer to everyone and treat them ALL equally, including those who don't have government numbers and those who don't participate in your voluntary franchises — franchises carefully disguised to look mandatory. Equal treatment is the foundation of all free governments:

"No duty rests more imperatively upon the courts than the enforcement of those constitutional provisions intended to secure that equality of Rights which is the foundation of free government."
[Gulf, C.& S.F.R. Co. v. Ellis, 165 U.S. 150 (1897)]

Relator is a Sovereign free-man on the land. There is NO "consent of the governed" involved in any aspect of this unlawful proceeding. And further, as to consent — McBryde knows, or should know, that consent is the origin of all lawful authority on this planet and all of the courts delegated and lawful authority. In our republican form of government, the requirement of consent in all human interaction is the essence and foundation of all sovereignty as individuals. The consent

requirement is also the foundation of our system of
law beginning with the unanimous Declaration of
the thirteen <u>united</u> States of America — also known
as the Declaration of Independence in the year
1776.

"That to secure these rights, governments are
instituted among men, deriving their just powers
from the consent of the governed."
[Declaration of Independence, 1776]

Consensus facit legem.
Consent makes the law. A contract is a law
between the parties, which can acquire force
only by consent.
[Bouvier's Maxims of Law, 1856;
Source: http://famguardian.org/Publications/
BouvierMaximsOfLaw/BouviersMaxims.htm]

Relator never knowingly nominated the court,
McBryde, or the Plaintiff as his protector by
unwittingly choosing a domicile or residence on
federal territory within the courts, or the
Plaintiffs ~~jurisdiction~~ alleged jurisdiction or by
knowingly, willfully and voluntarily and with
full disclosure participating in any alleged government
~~activities~~ franchise. McBryde, the courts, and
the Plaintiff have been officially and formally
fired as my protector because Relator has found
that the only thing the courts or Plaintiff

protect is their own vain selves — <s>as</s> their retirement checks, office, and importance. The court and U.S. attorney as private individuals have clearly operated outside the bounds of their supposed jurisdiction and delegated authority and are mere trespassers who have surrendered judicial, official, and sovereign immunity and are simply acting as private individuals managing a sham trust for their own personal benefit.

"An affirmance results, when a judge acts in the clear absence of all jurisdiction, i.e., of authority to act officially over the subject-matter in hand, the proceeding is coram non judice. In such a case the judge has lost his judicial function, has become a mere private ~~citizen~~ person, and is liable as a trespasser for the damages resulting from his unauthorized acts. Such has been the law from the days of the case of The Marshalsea, 10 Coke 68. It was recognized as such in Bradley v. Fisher, 13 Wall. (80 U.S.) 335, 351, 20 L. Ed. 646. In State ex rel. Egan v. Wolever, 127 Ind. 306, 26 N. E. 762, 763, the court said: 'The converse statement of ito is also ancient. Where there is no jurisdiction at all there is no judge; the proceeding is as nothing.'

Honesty of purpose and sincere belief that appellant was acting in the discharge of his official duty under his oath of office and for the public

welfare is not available as a defense further than in mitigation of damages. See Glazar v. Hubbard, 102 Ky. 68, 69, 42 S.W. 1114, 39 L.R.A. 210, 80 Am. St. Rep. 340; Prell v. McDonald, 7 Kan. 266, 283, 12 Am. Rep. 423; DeCourcey v. Cox, 94 Cal. 665, 669, 30 P. 95; Truesdell v. Combs, 33 Ohio St. 186, 194. [Manning v. Ketcham, 58 F.2d 948 (1932)]

I won't indemnify the clearly illegal, unlawful, and injurous conduct Relator has suffered at the hands of officers of McBrydes court by offering my consent. That would cause me to lose standing to sue the usurping trespassers for clear violation of my protected rights because he who consents cannot claim an injury from what he consents to. As I see it, the only criminals in McBrydes courtroom are the officiers of McBrydes de facto court.

McBryde has repeatedly had Relator forcibly dragged out of proceedings while Relator was attempting to speak to the Record in violation of Relator's First Amendment Right to speak. [Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)]

Not only was it a violation of Relators First Amendment Rights to have him forcibly removed from each and every hearing had in McBrydes courtroom, and forcibly prevented from being present at the SHAM Trial held on July 28, and 29th,

2014, but it was also a violation of Relators Sixth Amendment Right to an impartial jury in the district where crime shall have been committed, as well as Relator's Sixth Amendment Right to confront witnesses, and the Relator's Sixth Amendment Right to compel witnesses to testify in Relator's defense. [Washington v. Texas, 388 U.S. 14 (1967)]

Relators Fifth Amendment Right to life, liberty, and property have been deprived since February 21, 2014 without due process of law.

During the alleged trial, Relator was forcibly compelled to sit in a room with a TV monitor with less than par sound quality, preventing Relator from hearing most everything being said in the alleged trial. Relator was prevented from objecting by use of an officer of the court who kept the mic muted on the TV conference so that noone in the court could see or hear Relator, again, in violation of Relator's First Amendment Right to Speak.

Relator's First Amendment Right to obtain meaningful access to the courts by (BOP) Bureau of Prisons employees who have prevented Relator's legal mail from going out in the mail, stopped Relator's mail coming from Relator's Sixth Amendment Counsel of choice which the BOP claims they do not recognize, as well as keeping letters which

were sent from the Fifth Circuit Court of Appeals
to Relator regarding his appeals, and causing said
appeals to be denied. BOP employees also kept
responses from the U.S. Attorney that were in
response to motions that Relator had filed, until
after Relator's alleged SHAM Trial. In fact, the
BOP and its employees have systematically done
everything in their power to deny Relator access
to the courts and/or any materials Relator's family
has attempted to send him via the mail. BOP
employees have denied Relator's postal mail, including
legal mail, confidential communications, and
special mail which were petitions, affidavits, and
motions Relator was attempting to file into the
court.

The BOP employees took Relator's access to email
after Relator started using his email account to
draft pleadings in a less time consuming manner
than by hand. After taking Relator's access to
email, BOP employees then took Relator's access
to his phone so that Relator could not easily
communicate with his chosen Assistance of
Counsel, which is clearly on the record under
Appointment by Relator of Constitutional Counsel.

McBryde violated the Federal Rules of Criminal
procedure when he held an alleged trial without
first ruling on Relator's open motions before
trial was had. This further evidences McBryde's

Bias and prejudice against Relator.

Both McBryde and the U.S. attorney knew that
Relator had filed a lawsuit against them prior
to the alleged trial yet neither McBryde nor
Aisha Saleem recused themself. Instead, McBryde
chose to violate the maxim that "No man can
be judge in his own case.

In Calder v. Bull, which was here in 1798, Mr. Justice
Chase said, that there were acts which the
Federal and State legislatures could not do without
exceeding their authority, and among them he
mentioned a law which punished a citizen for an
innocent act; a law that destroyed or impaired
the lawful private contracts of citizens; a law
that made a man judge in his own case; and
a law that took the property from A. and gave
it to B. 'It is against all reason and justice,' he
added, 'For a people to intrust a legislature with
such powers, and therefore it cannot be presumed
that they have done it. They may command what
is right and prohibit what is wrong; but they
change innocence into guilt, or punish innocence as
a crime, or violate the Right of an antecedent
lawful private contract, or the Right of private property.
To maintain that a Federal or State legislature
possesses such powers if they had not been expressly
restrained, would, in my opinion, be a political heresy

altogether inadmissible in all free republican government.'
3 Dall. 388.
[Sinking Fund Cases, 99 U.S. 700, (1878)]

McBryde has an illegal contract, called a W4, with
the IRS, who can dimish his salary and/or retirement
if he does not ensure that Relator and others
similarly situated, will be found guilty in order to
maintain the contract between the federal government
and the BOP in order to keep the BOP's prisons full.

Therefore, for the reasons state herein, Relator seeks
and Demands a that a Writ of Prohibition issue
to McBryde preventing him from usurping his
jurisdictional authority even further and injuring
Relator even more.

Respectfully Submitted,
All Rights Reserved
/s/ Chris Roberts (Pro Hac Vice)

# Certificate of Service

The undersigned hereby certifies that the foregoing EMERGENCY PETITION FOR
WRIT OF MANDAMUS / AUTOMATIC STAY DOCKET NO. 14-11223 was
served upon the parties named listed below by placing a copy of same in the U.S.
Mail, Priority First Class Postage Paid, addressed to:

**Judge John H. McBryde**
c/o 510 West 10th Street
Room 310
Fort Worth, Non Domestic
Texas [zip code exempt DMM 602 1.3 e. (2)]

**Aisha Saleem-DOJ**
US Attorney's Office
c/o 801 Cherry Street Unit 4
Suite 1700
Fort Worth, Non Domestic
Texas [zip code exempt DMM 602 1.3 e. (2)]

**Daniel Preston Cole-DOJ**
United States Attorney's Office
c/o 801 Cherry Street
Suite 1700
Fort Worth, Non Domestic
Texas [[zip code exempt DMM 602 1.3 e. (2)]

**Megan J Fahey-DOJ**
US Attorney's Office
c/o 801 Cherry Street Unit 4
Suite 1700
Fort Worth, Non Domestic
Texas [zip code exempt DMM 602 1.3 e. (2)]

**Christopher A Curtis-FPD**
Federal Public Defender - Fort Worth
c/o 819 Taylor Street
Room 9A10
Fort Worth, Non Domestic
Texas [zip code exempt DMM 602 1.3 e. (2)]

**Peter Michael Fleury-FPD**
Federal Public Defender - Fort Worth
c/o 819 Taylor Street
Room 9A10
Fort Worth, Non Domestic
Texas [zip code exempt DMM 602 1.3 e. (2)]

**Angela R Saad-FPD**
Federal Public Defender
c/o 819 Taylor Street
Room 9A10
Fort Worth, Non Domestic
Texas [zip code exempt DMM 602 1.3 e. (2)]

This the 14th day of November, 2014.

All Rights Reserved

/s/ *Chris Robert*

Chris Robert (Pro Hac Vice)

2

PRIORITY MAIL
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

UNITED STATES
POSTAL SERVICE ®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

Electronic Rate Approved #038555749

9405 9036 9930 0289 0934 17

USPS TRACKING #

SHIP
TO:
JUDGE JOHN H MCBRYDE
USDC NORTHERN TEXAS - FORT WORTH DIVISION
510 W 10TH ST
RM 310
FORT WORTH TX 76102

C024

BOBBIE WEAST
833 HALLVALE DR
Ref#: 14-11223
Expected Delivery Date: 11/15/2014

0022
FORT WORTH TX 76108-1016

11/14/14
Mailed from 76108    062S0000000310

PRIORITY MAIL 1-DAY™

Commercial Base Pricing

$5.05
US POSTAGE
Flat Rate Env
INSURED

usps.com
9405 9036 9930 0289 0934 17 0050 5000 0007 6102

P

UNITED STATES
POSTAL SERVICE ®

Click-N-Ship®

EP14F July 2013
OD: 12.5 x 9.5

PRIORI·
★ MAIL

DATE OF DELIVERY S

USPS TRACKING™ IN

INSURANCE INCLUDE

PICKUP AVAILABLE

* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

CLERK, U.S. DISTRICT COURT

2014 NOV 17   12:03

FT. WORTH DIVISION

P S 0 0 0 0 0 1 0 0 0 0 1 4

This envelope is made from post-consumer waste. Please recycle - again.