Vol. 10:   1

1        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF TEXAS
2            FORT WORTH DIVISION

3  UNITED STATES OF AMERICA      .   CRIMINAL ACTION NO.
                                 .   4:14-CR-023-A-1
4  V.                            .
                                 .   Fort Worth, Texas
5  CHRISTOPHER ROBERT WEAST      .   July 28, 2014
     . . . . . . . . . . . . . . . . . .

6

7

8                    VOLUME 10 OF 16
              TRANSCRIPT OF THE TRIAL
9                    (Docket Call)
           BEFORE THE HONORABLE JOHN MCBRYDE
10             UNITED STATES DISTRICT JUDGE

11

12

13  APPEARANCES:

14  For the Government:          MS. AISHA SALEEM
                                 MR. DANIEL P. COLE
15                               United States Attorney's Office
                                 801 Cherry Street, Suite 1700
16                               Fort Worth, Texas  76102-6897
                                 (817) 252-5200
17
    For the Defendant:           MS. ANGELA R. SAAD
18                               MR. CHRISTOPHER A. CURTIS
                                 Federal Public Defender
19                               819 Taylor Street, Room 9A10
                                 Fort Worth, Texas  76102
20                               (817) 978-2753

21  Court Reporter:              MS. ANA P. WARREN
                                 U.S. District Court Reporter
22                               501 W. 10th Street, Room 502
                                 Fort Worth, Texas  76102-3637
23                               (817) 850-6681

24
    Proceedings recorded by mechanical stenography; transcript
25  produced by computer-aided transcription.

Vol. 10:   2

### P R O C E E D I N G S

1

2 (Commencing, 8:35 a.m.)

3  THE COURT:  Good morning.

4  MS. SALEEM:  Good morning.

5  MR. CURTIS:  Good morning, Your Honor.

6  THE COURT:  Okay.  We're here for the jury trial in

7 Number 4:14-CR-023.  It's United States of America versus

8 Christopher Robert Weast.  And Ms. Saleem and Mr. Cole are

9 here for the government, and Ms. Saad and Mr. Curtis are here

10 for the defendant.

11 My understanding is the defendant has not been brought to

12 the courthouse yet, and I haven't been able to determine what

13 the problem is.  I know -- I guess it was last Friday they had

14 a difficult time getting him to cooperate in coming, and maybe

15 they are having that problem.  I don't know.  But we're going

16 to go ahead and handle some legal matters before we start the

17 jury selection, and we can go forward with that without him

18 being here.

19 One of the things that was mentioned last Friday was what

20 would be the instruction to the jury panel as opposed to the

21 jury itself concerning the absence of Mr. Weast during jury

22 selection -- by the way, before I do that, is the government

23 ready for trial?

24  MS. SALEEM:  Yes, Your Honor, the government is

25 ready.

Vol. 10:  3

1          THE COURT:  Is the defendant ready for trial?

2          MS. SAAD:  Yes, Your Honor, other than the defendant

3   not being here.

4          THE COURT:  What?

5          MS. SAAD:  Yes, Your Honor, except that our client is

6   not even in the courthouse.

7          THE COURT:  Well, I don't think he needs to be here

8   during legal matters.  Do you have some feel that he does?

9          MS. SAAD:  No, Your Honor.

10          THE COURT:  Okay.  I have prepared a proposed

11   instruction, and let me hand down four copies of it.  I think

12   it's appropriate to give to the jury panel.  I'll read it into

13   the record.

14      The defendant, Christopher Robert Weast, is not present in

15   the courtroom during the jury selection process.  You're

16   instructed that you should not speculate why he is not present

17   nor should you even discuss that matter amongst yourselves.

18   He will be represented in the courtroom during the jury

19   selection process by the attorneys.  However, the defendant

20   will be participating in the jury selection process by the

21   following procedures:

22      The Court has arranged through closed circuit video for

23   the defendant to see during the jury selection process the

24   panel from which the jury is to be selected and through a

25   remote audio system to hear the things that are said in the

Vol. 10:  4

1   courtroom during the jury selection process.  If he wishes to

2   communicate with his attorneys during the process, he has the

3   ability to do so by wireless internet computer arrangement.

4       More than likely, the defendant will not be present from

5   the courtroom during the trial itself.  However, during the

6   trial, he will have the procedures I just described available

7   to see the witnesses as they testify, hear the things that are

8   said in the courtroom, and communicate with his attorney.

9       The defendant's absence from the courtroom has no

10   relevance to any decision the jury is to make in this case and

11   has no bearing whatever on whether the government has

12   satisfied its burden to establish beyond a reasonable doubt

13   the defendant's guilt of one or both of the offenses charged

14   against the defendant in this case.

15       Therefore, the jury, which participates in this case, is

16   not to consider the defendant's absence from the courtroom for

17   any purpose, either for or against the defendant, during the

18   trial or the jury's deliberations.

19       Then I'll ask, is there anyone on the panel who has any

20   thought that the defendant's absence from the courtroom would

21   be a factor in your decision in this case bearing in mind that

22   this case must be decided on the basis of the evidence

23   received during the trial and the legal instructions given to

24   you by the Court and nothing else?

25       And then I'll ask if there is anybody who has a "yes"

Vol. 10:   5

1    answer to that question to raise their hand.

2        Ms. Saleem, does the government have any concern with that

3    proposed instruction?

4              MS. SALEEM:  No, Your Honor.

5              THE COURT:  Does the defendant, Ms. Saad?

6              MS. SAAD:  No, Your Honor.

7              THE COURT:  Okay.  And on the instruction to give to

8    the jury panel itself, I'll use the one that I gave you

9    Friday, but I'm going to supplement it.  I think the jury

10   needs to understand a little bit more, and I'll add, as I

11   inform the panel from which you were selected -- let me give

12   each of you have a copy of this one, too, so you can follow

13   along with it as I read it.

14       This is simply an add-on to what I've already -- simply an

15   add-on to what I've already -- we discussed Friday.

16       By the way, I've just been handed a note that the

17   defendant now is in the room on the third floor where he has

18   audio and visual access to what we're doing here.

19       What is the person's name with him again, Ms. Saad?

20             MS. SAAD:  Patricia Tovar.

21             THE COURT:  Spell that last name again.

22             MS. SAAD:  T-O-V-A-R.

23       Your Honor, we've also received a message that Mr. Weast

24   would like to speak with both Mr. Curtis and I, if there could

25   be a moment where we could go meet with him briefly.

Vol. 10:   6

1          THE COURT:  You mean he wants to speak to you in

2    person --

3          MS. SAAD:  Yes, Your Honor.

4          THE COURT:  -- as opposed to over the internet?

5          MS. SAAD:  Yes, Your Honor.

6          THE COURT:  Okay.  Why don't we find out over the

7    internet what he wants to speak to you about and then you

8    decide whether it's worth the time to take a recess.

9          MS. SAAD:  Your Honor, there seems to be an

10   indication that there might be a possible plea as opposed to a

11   trial, and he would like to meet with us to talk about that.

12         THE COURT:  Okay.  We'll take a -- let's assume there

13   was a plea.  It would have to be without a plea agreement.  It

14   would be to all counts of the indictment.

15      Let's assume there was.  How long would it take to prepare

16   a factual resume?

17         MS. SALEEM:  Approximately 30 minutes we should be

18   able to do that.

19         THE COURT:  Okay.  We've got a jury panel waiting.

20   So let's don't waste time.  I'll give you ten minutes to go

21   down and talk to him.

22         MS. SAAD:  Yes, Your Honor.

23         THE COURT:  We'll take a recess for ten minutes.  Why

24   don't you put in motion getting a factual resume prepared in

25   case that is what he decides to do.

Vol. 10:   7

1          MS. SALEEM:  Yes, Your Honor.

2      (Trial recesses, 8:40 - 9:05 a.m.)

3          THE COURT:  We need to move on.  Ms. Saleem, does the

4  defendant have anything to report to the Court through you?

5          MS. SAAD:  Your Honor, Angela Saad for Mr. Weast.  I

6  have some information from Mr. Weast.  He's appointed both

7  Mr. Curtis and I as fiduciary trustees.

8          THE COURT:  As who?

9          MS. SAAD:  As fiduciary trustees.  And he would like

10  to accept charges for value in consideration and return a post

11  settlement and closure and autotris and CUSIP Account Number

12  636031074.  And he asked to please use my exemption for full

13  settlement and closure of this account as this account is

14  prepaid and exempt from levy.  Under Rule 8 of the Federal

15  Rules of Civil Procedure, I accept the charges for value in

16  consideration of currency, use my exemption as principal for

17  post settlement and closure of 4:14-CR-23-A and CUSIP and

18  autotris Account Number 636031074, as this account is prepaid

19  and exempt from levy.

20      I have both a letter of rogatory.  The document I just

21  read, that will be filed and a plea to jurisdiction and a

22  motion to dismiss, Your Honor.

23          THE COURT:  Okay.  That's fine.  You can be seated.

24      Okay.  I am going to supplement the statement I gave you

25  Friday on the instruction to the jury concerning his absence

1    in the courtroom.  We've lost so much time.  I don't think

2    there is any need to read it because it doesn't significantly

3    change what I would tell the panel as a whole.

4        I'm denying the motion request by the defendant for the

5    Court to take judicial notice of congressional findings and

6    supporting memorandum.

7        I'm admitting -- or granting the defendant's motion to

8    file a supplemental exhibit list, which apparently it has to

9    do with the possibility that the defendant, McGregor, will

10   testify.

11       I'm granting that motion.  I still haven't made a decision

12   as to whether he will be permitted to testify.

13       This is referred to as a supplemental trial exhibit list.

14   I don't believe there was ever one filed before.

15            MS. SAAD:  Your Honor, we did submit an exhibit list

16   that indicated no exhibits.  We just filed a supplement, and

17   we now have six exhibits.

18            THE COURT:  Okay.  I'll consider that this is

19   filed.

20       As far as the testimony of McGregor, I haven't had a

21   chance to finish my study of the things I want to study on

22   that.  So that's still an open question as to whether he will

23   be permitted to testify.

24       We need to at this time swear the witnesses, and if the

25   government would have its witnesses come forward and,

Vol. 10:   9

1    hopefully, line up in the sequence in which they will testify,

2    that would be helpful.

3        Ms. Tovar, are you all being able to hear us clearly?

4            MR. CURTIS:  She's typing, Your Honor.

5        (Brief pause in proceedings)

6            MR. CURTIS:  She said, we are.  We are here.

7            THE COURT:  Well, I don't know if they are being able

8    to hear us clearly.

9            MR. CURTIS:  Can you hear us clearly?

10       She's typing, Your Honor.

11       (Brief pause in proceedings)

12           MR. CURTIS:  Yes.

13       And, Your Honor, we did need to request -- Mr. Weast did

14   request to be allowed to come to the Court and address the

15   Court this morning.  I did want to inform the Court that

16   before we got started.

17           THE COURT:  Okay.  At some point in time, we'll see

18   if we can arrange that.  He's put us way behind over this

19   business that we've dealt with.

20       That's close enough.  If you can help me find them when we

21   call their names.

22       What is your name?

23           MR. WATKINS:  Randy Watkins.

24           THE COURT:  Okay.  Hold on just a minute.

25       Next one?

Vol. 10:   10

1          MR. MURRY:  Shawn Murry.

2          THE COURT:  Next one?

3          MR. THOMSON:  James Thomson.

4          THE COURT:  Next one?

5          MR. WILLINGHAM:  James Willingham.

6          THE COURT:  Next one?

7          MS. WILKINSON:  Denise Wilkinson.

8          THE COURT:  Next one?

9          MR. CARLON:  Pablo Carlon.

10         THE COURT:  Next one?

11         MR. GARZA:  Armando Garza.

12         THE COURT:  Next one?

13         MR. THOMPSON:  Scott Thompson.

14         THE COURT:  Next one?

15         MR. BAGGOTT:  Michael Baggott.

16         THE COURT:  Next?

17         MR. WINES:  James Wines.

18         MS. SALEEM:  He's the last one on the list, Your

19    Honor, Number 18.

20         THE COURT:  Next one?

21         MR. GRANT:  Edmund Grant.

22         THE COURT:  Next one?

23         MR. SIMMONS:  Richard Simmons.

24         MS. SALEEM:  Number 15, Your Honor.

25         THE COURT:  Next one.

Vol. 10:   11

1          MS. PIERSON:  Quenia Pierson.

2          THE COURT:  Number 13?

3          MS. SALEEM:  Yes, Your Honor.

4          THE COURT:  Next one?

5          MS. LINDSEY:  Kaela Lindsey.

6          THE COURT:  Number 12.

7     Next one?

8          MR. WOMBLE:  Matt Womble.

9          MS. SALEEM:  He's the case agent, Your Honor, Number

10    2.

11         THE COURT:  Matthew Womble.

12    Okay.  Next?

13         MR. WEAST:  Bobby Weast.

14         THE COURT:  That's Number 17.

15    And Larry Weast is 16.

16    Okay.  Does that get all of them?

17         MS. SALEEM:  Yes, Your Honor.

18         THE COURT:  Everyone who has been identified as a

19    witness for the government, raise your right hands to be

20    sworn.

21    (Witnesses sworn by the Court)

22         THE COURT:  Okay.  You all can be seated.  Go back to

23    the other side of the room, but don't leave the courtroom

24    because I may have some further instructions for you.  So stay

25    in the courtroom for the time being.

Vol. 10:   12

1      Okay.  Let's have -- I notice that the defendant has on

2   its list a number of the people who are on the government's

3   list.  Have any of the persons who will testify for the

4   defendant who have not already been sworn as government

5   witnesses, have all of them come on this side of the rail.

6          MR. CURTIS:  Your Honor, the only other witness we

7   have other than Mr. McGregor is Tony Pagan.

8          THE COURT:  Okay.  Have him come up.

9          MR. CURTIS:  Brett Weilaj is also on the witness

10   list, Your Honor.

11          THE COURT:  Have him come up.

12          MR. CURTIS:  We don't expect him to testify, but we

13   can go ahead and have him sworn.

14          THE COURT:  Where is Mr. Pagan?

15          MS. SAAD:  Your Honor, I believe he's in the

16   building.  We sent someone to locate him.  He should be here

17   shortly.  I apologize, Your Honor, for that delay.  That was

18   my oversight.

19          THE COURT:  Is this him?

20          MR. CURTIS:  It's our investigator Tony, Pagan Your,

21   Honor.

22          THE COURT:  Well, we need to swear him as a witness.

23   Where is he?

24      (Brief pause in proceedings)

25          THE COURT:  We're running out of time.  We'll go

Vol. 10:   13

1    ahead and swear these two.  This is -- I'm trying to find the

2    names.

3            MS. SAAD:  Yes, Your Honor.  I have Witness 23 on our

4    first exhibit list, and in the supplemental witness list it's

5    Bill McGregor.

6            THE COURT:  I'm not sure I have the supplemental

7    witness list.

8            MS. SAAD:  That was the witness list that was

9    approved on Friday, July 25.

10           THE COURT:  Okay.  What number is McGregor on the

11   most current list?

12           MS. SAAD:  I'm locating that, Your Honor.

13       (Brief pause in proceedings)

14           MS. SAAD:  Your Honor, we have defendant's motion for

15   leave of designation of expert.  I do believe I overlooked,

16   after that motion was granted, including a supplemental

17   witness list --

18           THE COURT:  Okay.  I have the one that was filed July

19   14, and I'll add to it Mr. McGregor.  Should he be Number 24?

20           MS. SAAD:  Yes, Your Honor.  Thank you.

21           THE COURT:  Who is this other witness?

22           MS. SAAD:  It's Number 23, Brett Weilaj.

23           THE COURT:  Okay.  Has Mr. Pagan come into the

24   courtroom yet?

25           MS. SAAD:  No, Your Honor.

Vol. 10:   14

1      THE COURT:  Okay.  The two witnesses in front of me,

2   pronounce your name, Mr. Weilaj.  Is that how you pronounce

3   it?

4           MR. WEILAJ:  Weilaj.

5           THE COURT:  And then Mr. McGregor, what was your

6   first name?

7           MR. MCGREGOR:  James.

8           THE COURT:  Okay.  The two of you raise your right

9   hands to be sworn.

10     (Witnesses sworn by the Court)

11          THE COURT:  Okay.  You all can go back on the other

12   side of the rail.  Does anybody want to invoke the rule?

13          MS. SALEEM:  Yes, Your Honor.

14     There is some clarification.  I just needed to -- I

15   apologize, but it appears that Mr. Weast, Larry Weast may not

16   have actually taken the oath.  He did not acknowledge that he

17   was sworn in.  We just ask for confirmation about that.

18          THE COURT:  You're concerned that he did not --

19          MS. SALEEM:  Take the oath, Your Honor.

20          THE COURT:  Let's have Mr. Weast come on this side of

21   the rail a moment.

22     Your name is Larry Weast?

23          MR. WEAST:  Yes, sir.

24          THE COURT:  Raise your right hand to be sworn.

25     (Witness sworn by the Court)

Vol. 10:   15

1          THE COURT:  Okay.  You can go back and be seated.

2          MS. SALEEM:  Thank you, Your Honor.

3          THE COURT:  Okay.  All of witnesses who have been

4    sworn are in the courtroom.  The rule has been invoked, which

5    means that none of you can be in the courtroom while another

6    witness is testifying.  So be very careful.  If you were to

7    come in the courtroom while another witness was testifying,

8    you would be in contempt of court, and there would also be a

9    risk that you would disqualify yourself as a witness.

10        It also means, until you're excused as a witness, the

11   first rule I mentioned applies only before you're excused as a

12   witness.  Once you're excused as a witness, you can come into

13   the courtroom if you would like.

14        The second rule applies only as long as you haven't been

15   excused as a witness, and that is you won't discuss your

16   testimony or proposed testimony with anyone other than an

17   attorney or attorneys in the case, and even then, that

18   discussion will always have to be outside the hearing of any

19   non-attorney other than the ones -- one of the ones you're

20   having the discussion with.  So be very careful on that

21   subject.

22        You're now subject to the Court's jurisdiction by virtue

23   of having been sworn as a witness.  That means you will have

24   to be available to come to the witness stand whenever the

25   attorney who has arranged for you to be here makes known to

Vol. 10:   16

1    you, either directly or through someone else, that it's time

2    for you to come to the witness stand.  So you will need to

3    comply with the directions of the attorney who told you to be

4    here so that you will be available to take the witness stand

5    immediately when that attorney needs you on the witness stand.

6    Failure to comply with that would cause you to be in contempt

7    of court.

8        Okay.  With that instruction, all of the witnesses will

9    leave the courtroom now.  Clear the audience section because

10   we're going to have the panel come up here in just a minute

11   and we'll need the audience section for that, but do remember

12   the instructions I've given you.

13       Now, I'm going to invite Mr. Weast to tell me whatever he

14   wants to tell me.

15            MR. CURTIS:  Yes, sir.

16            THE COURT:  Mr. Weast, I'm sure you can hear me.  So

17   I'm advising you at this time to tell me whatever it is that

18   you indicated to your attorney or attorneys that you want to

19   tell me.

20       All of you leave the courtroom so we'll have room for the

21   jury selection.

22            THE MARSHAL:  All of you need to get up and leave the

23   courtroom.

24       (Brief pause in proceedings)

25            THE COURT:  Okay.  Mr. Weast, you can tell me

Vol. 10:  17

1   whatever it is you wanted to tell me before we bring the jury

2   panel into the courtroom.

3          MR. CURTIS:  She's typing right now, Your Honor.

4       Your Honor, do you want me to just read it as it comes out

5   over the --

6          THE COURT:  Yes.  Why don't you just read it.

7          MR. CURTIS:  The Court has invited Mr. Weast to tell

8   the Court whatever he wants to tell him before the jury panel

9   is brought in.

10      Apparently, it was muted, Your Honor.  I don't know why.

11         THE COURT:  What do you mean it was muted?

12         MR. CURTIS:  Apparently, the video was muted, the

13  audio, I would imagine from the recess the Court took.

14      No, you have to type what Mr. Weast said.

15         THE COURT:  Is there a problem with the sound system?

16         TECHNICAL SUPPORT:  Did you want to see Mr. Weast?

17         THE COURT:  No, I don't want to see him.  I just want

18  to hear what he's got to say, but he can do it through the

19  computer.  Can you fix it where he can speak?

20         TECHNICAL SUPPORT:  I can turn it on, yes.

21         THE COURT:  You can do what?

22         TECHNICAL SUPPORT:  I can turn on the unit and you

23  would be able to hear him, but you wouldn't be able to see

24  him.

25         THE COURT:  I don't want to see him -- I don't need

Vol. 10:  18

1   to see him.  That's a better way to put it but if you can fix

2   it where I can hear it.

3          MR. CURTIS:  Pat, Ms. Tovar, they are setting the

4   audio to where the Court can hear Mr. Weast speak.  So if you

5   will give him just a few minutes until the Court says it's

6   okay to proceed, then Mr. Weast can speak to the Court.

7          THE COURT:  Mr. Weast, at this time you can speak to

8   the Court.

9          DEFENDANT WEAST:  Can you hear me?  I think we're

10  getting a lot of feedback here.

11         MR. CURTIS:  We can hear you, Mr. Weast.

12         DEFENDANT WEAST:  Can you hear me?

13         MR. CURTIS:  Yes, Mr. Weast we can hear you.

14         DEFENDANT WEAST:  Okay.  My name is not Mr. Weast.

15  My lawful name is James Joseph Smith.  I am not a resident of

16  the United States nor the state of Texas.  I am not a ward nor

17  a minor official of any government, and I am a natural man, a

18  child of the living God, and this Court is proceeding

19  unlawfully and contrary to the law considering there are open

20  motions on the record admitting countless pleas to

21  jurisdiction.  And I want the Court to know that I've recently

22  posted bail, and I'm holding all officers and officials

23  accountable, because this kangaroo court that's happening

24  right now is happening outside of any law.

25      And I have tried to accept the charges and discharge them,

Vol. 10:   19

1   and this Court has refused to make Aisha Saleem, the

2   government, produce the bid bond and the performance bond and

3   the payment bond so they can be discharged.

4        And under Rule 1 or 2 -- I don't remember which one it is,

5   but it says -- it's direct.  It does not even leave room for

6   question, that there is no other law than the civil action.

7   There is only one form of action, the civil action, and this

8   is a civil action being tried as a criminal action through

9   lack of acceptance and honor inside of court.

10       So as far as the charges go, I expect the charges to be

11  discharged under CUSIP and autotris 636031074, which belong to

12  the government already.  They do not belong to me, they are

13  not property of mine.

14       And I want to report a felony that is in progress right

15  now.  One of them is named Christopher A. Curtis and the other

16  is Angela Saleem -- I'm sorry, Angela Saad, and Aisha Saleem

17  and I want to report misprision of felony, which is treason

18  against this country, the actual union or the states, because

19  they are committing misprision of a felony as four court

20  officers.

21       If we don't address this today, I've already filed a

22  lawsuit against everybody that's sitting in this courtroom

23  right now, and I don't know why everybody -- maybe it's

24  because everybody is pissed off at me is the reason why this

25  Court is operating unlawfully against me is because they all

1    know that I have got a lawsuit against every one of you.  So

2    why we're here is beyond me, and I don't have any clue as to

3    why we're here.  I don't understand why we're here.  It has

4    not been explained to me.  The Court has not taken one moment

5    of its time to explain why we're here and why the Court has

6    ignored countless times the pleas to jurisdiction and why the

7    Court is not forcing Aisha Saleem to put the evidence on the

8    record that the United States has jurisdiction of every single

9    place it alleges a crime happened and the acceptance of said

10   jurisdiction.

11       This is all in the rules that the government -- in order

12   to have jurisdiction over any area in the state of Texas or

13   the Republic of Texas, which is what it really is, is for

14   them, the United States, to exceed jurisdiction by the

15   legislature of the Republic of Texas and then for the United

16   States to come in and do an acceptance of that jurisdiction

17   over said lands.  And right now, there are only about 60

18   places in all of Texas where the government has even done

19   that.  So why are we here and why is this Court proceeding

20   unlawfully?

21            THE COURT:  Okay.  That's fine.  Let's proceed.  You

22   can turn the sound off.

23       I see Mr. Pagan is here.  Why don't you come on this side

24   of the rail and raise your right hand to be sworn as a

25   witness.

Vol. 10:   21

1          (Witness sworn by the Court)

2              THE COURT:  Okay.  That takes care of all of the

3     defendant's witnesses.  Is that correct, Ms. Saad?

4              MS. SAAD:  Yes, Your Honor.

5              THE COURT:  Okay.  I've granted the defendant's

6     motion to file an exhibit list.  I've noticed the one that's

7     been tendered doesn't have a column when they were identified

8     or when they were offered or when they were sworn.  So I'm

9     going to hand back what's been tendered.  If you all want to

10    file an appropriate list, you can.

11             MR. CURTIS:  Thank you, Your Honor.

12             THE COURT:  Okay.  You can move your chairs on this

13    side of the tables if you would like, and we'll have the jury

14    panel come in.

15             MS. SALEEM:  And, Your Honor, also for clarification,

16    Special Agent Womble is the case agent.  So we're asking that,

17    even though he is under the rule, that he would be permitted

18    to be in the courtroom.

19             THE COURT:  I excuse him from the rule.

20             MS. SALEEM:  Thank you.

21             MR. CURTIS:  Your Honor, Erin Brennan, an attorney

22    from our office, would like to observe selection.  Is that

23    possible?

24             THE COURT:  That's fine.  Does she want to come sit

25    up here on this side?

Vol. 10:   22

1        MR. CURTIS:  Thank you, Your Honor.

2        THE COURT:  She can.

3     (Trial recesses, 9:30 a.m.)

4

5                           -oOo-

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20                      CERTIFICATE

21       I certify that the foregoing is a correct transcript from
      the record of proceedings in the above-entitled matter, and
22    that the transcript was prepared by me and under my
      supervision.

23

24    s/  Ana P. Warren                    January 16, 2015
      Ana P. Warren, CSR #2302                    Date
25    U.S. District Court Reporter

                      U.S. DISTRICT COURT