File Copy

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 5 2015
12:56 pm
CLERK, U.S. DISTRICT COURT
By _____ Deputy

RECEIVED
NOV - 5 2015
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Document Prepared By - Return to:
Christopher Robert Weast
833 Hallvale Drive
Fort Worth, Texas 76108

In re Christopher Robert Weast    File no. 4:14-CR-00023-A
Exclusive Equity Jurisdiction

## Affidavit of Fact

1. I admit upon evidence Exhibit "A1", Certificate of Interested Persons, which lists John McBryde, Christopher Robert Weast, Jason D. Hawkins, Christopher Curtis, Jerry V. Beard, John Parker, J Stevenson Weimar, and Wes Hendrix as having an interest in this "case".

2. I admit upon evidence that Black's Law Dictionary, Fifth Edition, Page 729, defines the word interest as follows:

<u>Interest</u>. The most general term that can be employed to denote a <u>right, claim, title, or legal share in something</u>. In its application to lands or things real, it is frequently used in connection with the terms <u>"estate", "right," and "title."</u> More particularly it means a right to have the advantage accruing from anything; any right in the nature of property, but less than title.

The word "interest" is used throughout the Restatement of Torts, 2d, to denote the object of any human desire. Sec. 1.

The word "interest" is used in the Restatement of Property both generically to include varying aggregates of rights, privileges, powers and immunities and distributively to mean any one of them. Sec. 5.

Intervention. Word "interest" as used in provision of Federal Rule of Civil Procedure that on timely application anyone shall be permitted to intervene in an action when representation of his "interest" by existing parties is or may be inadequate and he is or may be bound by judgment in action means specific legal or equitable interest in <u>chose</u>. (i.e. A thing, personal property or chattel).

Interest sufficient to support intervention as of right must be significant, must be direct rather than contingent, and must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit. [Vazman, S.A. v. Fidelity Intern. Bank., D.C.N.Y., 418 F.Supp. 1084, 1085.] An "interest" in the subject of an action so as to render the holder thereof a necessary party or a proper intervenor does not include a mere, consequential, remote or conjectural possibility of being in some manner affected by the result

of the action but must be such a direct claim upon the subject matter of the action that the <u>holder will either gain or lose by direct operation of the judgment to be rendered.</u> [Bunting v. McDonnell Aircraft Corp., Mo., 522 S.W.2d 161, 169.].

3. I admit upon evidence that John McBryde, Jason D. Hawkins, Christopher Curtis, Jerry V. Beard, John Parker, J. Stevenson Weimar, and Wes Hendrix are all admitting that they have an "interest" in the outcome of this alleged "case" by and through their admissions on the several "Certificate of Interested Persons" which list each of the foregoing individuals as having an "interest" in this "case."

4. I admit upon evidence that if <u>John McBryde has an "interest" in the outcome of this "case" then he necessarily had bias and prejudice against defendant's "interest"</u> and could not pass the "average man test." As the well settled maxim "judex non potest esse testis in propria causa.' states, "A judge cannot be a witness in his own cause."

5. I admit upon evidence that John McBryde's 'interest" in this case is of a monetary nature and is based on his claim upon the bonds in this case which were obtained in the real Party in Interest in the Private's name, who is the equitable interest holder and beneficiary of the natural title of Christopher Robert Weast, and said bonds were deposited in the Court Registry Investment System which is better known as the C.R.I.S., by John McBryde and said bonds were obtained under the guise of covering damages, costs upon loss of a "civil" action by defendant, and then secretly and fraudulently tricking the Real Party in Interest in the Private into allegedly becoming surety on said bonds.

6. I admit upon evidence that each of the alleged interested persons except Christopher Robert Weast, claim an interest in in this alleged case which allows them to extort money from the Real Party in Interest in the Private as well as the defendant's estate which is then used to supplement their pay and retirement plans equally.

7. I admit upon evidence that <u>failure of the alleged interested persons to respond to this affidavit, acts as acceptance and admission of the facts as they are laid out in this Affidavit of Fact.</u>

8. I admit upon evidence that John McBryde knew all along that he had and continues to have a "conflict of interest" in this alleged case.

9. I admit upon evidence that the words or phrase "conflict of interest" means and is defined in Black's Law Dictionary, Fifth Edition, Page 271, as follows:

Conflict of Interest. Term used in connection with public officials and fiduciaries and their relationship to matters of private interest or gain to them. Ethical problems connected therewith are covered by statutes in most jurisdictions and by federal statutes on the federal level. Generally, when used to suggest disqualification of a public official from performing his sworn duty, <u>term "conflict of interest" refers to a clash between public interest and the private pecuniary interest of the individual concerned.</u>[Gardner v. Nashville Housing Authority of Metropolitan Government of Nashville and Davison County, Tenn., C.A. Tenn., 514 F.2d 38, 41].

10. I admit upon evidence that <u>the Real Party in Interest in the Private is the only one who possesses the "private pecuniary interest</u> which is mentioned in the above definition of "conflict of interest."

11. I admit upon evidence that Black's Law Dictionary, Fifth Edition, Page 1018, defines "pecuniary interest" as follows:

<u>Pecuniary Interest.</u> A <u>direct interest related to money in an action or case as would, for example, require a judge to disqualify himself</u> from sitting on a case if he owned stock in corporate party.

12. I admit upon evidence that Black's Law Dictionary, Fifth Edition, Page 1106, defines "public interest" as follows:

<u>Public Interest.</u> Something in which the <u>public, the community at large, has some "pecuniary interest"</u>, or some interest by which their legal rights or liabilities are affected. It does not mean anything so narrow as mere curiosity, or as the interests of the particular localities, which may be affected by the matters in question. Interest shared by citizens generally in affairs of local, state, or national government. [Russell v. Wheeler, 165 Colo. 296, 439 P.2d 43, 46.]

If by public permission one is making use of public property and he chances to be the only one with whom the public can deal with respect to the use of that property, his business is affected with a public interest which requires him to deal with the public on reasonable

terms. The circumstances which clothe a particular kind of business with a "public interest", as to be subject to regulation, must be such as to create a peculiarly close relation between the public and those engaged in it and raise implications of an affirmative obligation on their part to be reasonable in dealing with the public. One does not devote his property or business to a public use, or clothe it with a "public interest", merely because he makes commodities for and sells to the public in common callings such as those of the butcher, baker, tailor, ect. [Chas. Wolff Packing Co. v. Court of Industrial Relations of State of Kansas, 262 U.S. 522, 43 S.Ct. 630, 633, 67 L.Ed. 1103.] A business is not affected with a "public interest" merely because it is large, or because the public has concern in respect of its maintenance, or derives benefit, accomodation, ease, or enjoyment from it. [Tyson & Bro.-United Theatre Ticket Offices v. Banton, 273 U.S. 418, 47 S.Ct. 426, 71 L.Ed. 718.]

13. I admit upon evidence that Black's Law Dictionary, Fifth Edition, Page 807, defines "legal right" as follows:

<u>Legal Right.</u> Natural rights, rights existing as result of contract, and rights created or recognized by law. [Fine v. Pratt, Tex.Civ.App., 150 S.W.2d 308, 311.]

14. I admit upon evidence that <u>the Real Party in Interest in the Private possesses only Natural Rights</u> which are also known as unalienable Rights which He was endowed with by the Supreme Creator, whom created all of nature.

15. I admit upon evidence that Black's Law Dictionary, Fifth Edition, Page 925, defines "Natural RIghts" as follows:

<u>Natural RIghts.</u> Those which grow out of nature of man and depend upon his personality and are distinguished from those which are created by positive laws enacted by a duly constituted government to create an orderly civilized society. [In re Gogabashvele's Estate, 195 Cal. App.2d 503, 16 Cal.Rptr. 77, 91.]

15. I admit upon evidence that the defendant possesses only those rights which are created by and recognized by law.

16. I admit upon evidence that the Real Party in Interest in the Private did not, at any point, intentionally and knowingly contract with the government or the alleged "interested persons" in this alleged "case."

17. I admit upon evidence that the Real Party in Interest in the Private is the cestui que of this "case" and has the sole superior equitable interest in all property connected with this "In Rem" action.

18. I admit upon evidence that this court has been treating the Real Party in Interest in the Private as an <u>enemy alien, enemy belligerent and public enemy under the Trading with the Enemy Act</u> and has stolen private property from the Real Party in Interest in the Private or taken it without just compensation by claiming it was forfeited, in consequence of breach of contract yet the Real Party in Interest in the Private did not, nor has He ever, contracted with the government or the alleged "interested persons."

19. I admit upon evidence that the Attorney General is the Alien Property Custodian as described and defined in the Trading with the Enemy Act which is the equivalent of trading with a country or with a subject of a nation with whom the U.S. is at war.

20. I admit upon evidence that the Real Party in Interest in the Private is a private Citizen of the United States and is not, nor has He ever been, at war with the U.S.

21. I admit upon evidence that the Real Party in Interest in the Private is hereby released from all duties and obligations of suretyship in regards to or connection with, the defendant in this alleged "case."

22. I admit upon evidence that <u>I hereby DEMAND a full accounting and extinguishment of this alleged case as kept under file no./account no. 4:14-CR-00023-A</u>.

23. I admit upon evidence <u>that I hereby Enroll this Affidavit of Fact into the Rolls of the Court and Register the same with the clerk of the court.</u>

I hereby declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Executed on: 10/22/2015          By *Christopher Robert Weast*

State of Oklahoma

County of Canadian

Before the undersigned, an officer duly commissioned by law to administer oaths, on this 22 day of October 2015, personally appeared Christopher RObert Weast.

Sworn and subscribed before me this 22 day of October A.D. 2015

_____  
Notary's signature

_____  
Notary's Printed Name: DAVID D. BARR cc/c

_09/05/2016_____  
My Commission Expires on:

_10/22/2015_____  
Todays Date

```
DAVID D BARR
Notary Public
State of Oklahoma
Commission # 12008378
My Commission Expires Sep 5, 2016
```

## CERTIFICATE OF INTERESTED PERSONS

The following individuals have an interest in this case. I identify them for the Court to evaluate possible disqualifications or recusals.

| | |
|---|---|
| **District Judge:** | The Honorable John McBryde |
| **Appellant:** | Christopher Robert Weast |
| **Trial & Appellate Counsel** | |
| Federal Public Defender Northern District of Texas | Jason D. Hawkins |
| Ass't Federal Public Defenders: | Christopher Curtis (trial & sentence) Jerry V. Beard (appeal) Christopher Curtis (appeal) |
| Acting United States Attorney The Northern District of Texas | John Parker |
| Assistant U.S. Attorneys: | J Stevenson Weimar (district court) Wes Hendrix (appeal) |

Jason D. Hawkins
Federal Public Defender
Northern District of Texas

/s/ Jerry V. Beard
**JERRY V. BEARD**
Assistant Federal Defender

ii

Exhibit "A1"

Document Prepared by - Return to:
christopher-robert: weast
833 Hallvale Drive
fort worth, Texas 76108

Julie Harwell,

Enclosed are six copies of this Affidavit of Fact and four pre-addressed and stamped envelopes. Stamp each copy and then mail the corresponding copy to each individual. Two copies are marked as follows, one for the file and one for John McBryde.

Thank You,

*[signature: Chris Weast]*

RECEIVED
NOV - 5 2015
12:56 pm
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



CLERK OF CO[URT]

By christopher-robert: weast
47797177
c/o Federal Correctional Institution
P.O. Box 1500
El Reno, Oklahoma 73036

Deputy Clerk

⇔47797-177⇔
Julie Harwell
501 W 10TH ST
Special and Private
FORT Worth, TX 76102
United States

Special and Private Legal Mail